1   NOSSAMAN LLP
    PAUL S. WEILAND (SBN 237058)
2   pweiland@nossaman.com
    BENJAMIN Z. RUBIN (SBN 249630)
3   brubin@nossaman.com
    ELIZABETH KLEBANER (SBN 261735)
4   lklebaner@nossaman.com
    DEREK J. KLIEWER (SBN 345855)
5   dkliewer@nossaman.com
    18101 Von Karman Avenue, Suite 1800
6   Irvine, CA 92612
    Telephone:  949.833.7800
7   Facsimile:   949.833.7878
8
9   Attorneys for Defendant
    COUNTY OF SAN LUIS OBISPO
10

11

12

13                   UNITED STATES DISTRICT COURT

14        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

| | |
|---|---|
| SAN LUIS OBISPO COASTKEEPER, LOS PADRES FORESTWATCH, CALIFORNIA COASTKEEPER ALLIANCE, and THE ECOLOGICAL RIGHTS FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN LUIS OBISPO,<br><br>Defendant. | Case No:  2:24-cv-06854 SPG (ASx)<br><br>**DEFENDANT COUNTY OF SAN LUIS OBISPO'S FIRST AMENDED ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Date Action Filed: August 13, 2024<br>Date Answer Filed: October 15, 2024 |

Defendant County of San Luis Obispo ("County"), by and through its undersigned counsel, submits the following Amended Answer to the Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint") (Doc. No. 1).

The paragraph numbers, headings, and subheadings in this Amended Answer correspond to the paragraph numbers, headings, and subheadings in Plaintiffs' Complaint. The paragraph numbers, headings, and subheadings in this Amended Answer are neither admissions nor denials of any allegations contained therein; rather, the paragraph numbers, headings, and subheadings in this Amended Answer are merely intended to assist the reader in matching portions of this Amended Answer to the corresponding portions of the Complaint.

## INTRODUCTION

1.    The County denies every allegation in the first sentence of paragraph 1, except that the County admits that Plaintiffs have filed suit against the County and included an Endangered Species Act ("ESA") claim relating to Steelhead in the Complaint. The County admits in the second sentence of paragraph 1 only that it or the San Luis Obispo Flood Control and Water Conservation District ("District") operates and maintains Lopez Dam, a three-mile buried steel transmission line that conveys water to Lopez Terminal Reservoir, and the Lopez Water Treatment Plant. The County denies it operates and maintains certain unidentified "various in-stream infrastructure downstream from Lopez Dam." On this basis, the County further denies all allegations contained in the Complaint that refer to "the Project" as Plaintiffs define it in paragraph 1. The County denies all remaining allegations in Paragraph 1.

2.    The County denies each and every allegation in paragraph 2, except that the County admits that: the Lopez Dam is a barrier to Steelhead migration to the extent that Steelhead would migrate further up Arroyo Grande Creek but are precluded from doing so owing to the Dam's existence, the South-Central California Coast Steelhead ("Steelhead") is a distinct population segment and is listed as

threatened under the Endangered Species Act ("ESA"), the California red-legged frog ("CRLF") is listed as threatened under the ESA, the tidewater goby is listed as endangered under the ESA, the least Bell's vireo ("Vireo") is listed as endangered under the ESA, and the southwestern pond turtle is proposed for listing under the ESA.

3.     The allegations in paragraph 3 contain legal conclusions to which no response is required. To the extent that a response is required, the County denies the allegations contained in paragraph 3, including that Plaintiffs are entitled to any of the relief which they seek.

4.     The allegations contained in paragraph 4 contain legal conclusions to which no response is required. To the extent a response is required, the County admits only that Plaintiffs have included claims under California Fish and Game Code sections 5937 and 5901, the California public trust doctrine, and article X, section 2 of the California constitution in the Complaint. The County denies each and every remaining allegation contained in paragraph 4.

5.     The allegations in paragraph 5 are legal conclusions and/or Plaintiffs' demands for relief, to which no response from the County is required. To the extent a response is required, the County denies each and every allegation in paragraph 5, and specifically denies that Plaintiffs are entitled to any relief from the County in this action, including that which is enumerated in paragraph 5.

**JURISDICTION**

6.     The County admits that this Court has jurisdiction over Plaintiffs' ESA claim under 28 U.S.C. § 1331 to the extent the facilities in the Complaint were specifically identified in the 60-day Notice of Intent required under the ESA and the County is responsible for operating and/or maintaining the facilities. The remainder of Plaintiffs' allegations are legal conclusions related to this Court's jurisdiction, to which no response is required. To the extent a response is required, the County admits that to the extent that federal question jurisdiction exists and that Plaintiffs

1  have standing to pursue the claims, supplemental jurisdiction exists over the state

2  law claims. The County denies the remainder of the allegations in paragraph 6.

3      7.    The allegations in the first sentence of paragraph 7 are legal conclusions

4  related to this Court's jurisdiction, to which no response by the County is required.

5  To the extent a response is required, the County denies each and every allegation in

6  paragraph 7, except the County admits Plaintiffs provided notice of intent to file suit

7  under the ESA on June 6, 2024 to the County, that the notice of intent is attached as

8  Exhibit A to Plaintiffs' Complaint, and that more than sixty days have passed since

9  Plaintiffs' served this notice and neither the Secretary of Commerce nor the

10  Secretary of the Interior has initiated any enforcement action against the County for

11  alleged ESA violations. For the purposes of preserving its affirmative defenses, the

12  County denies that Plaintiffs' June 6, 2024 notice of intent to file suit under the ESA

13  was adequate under 16 U.S.C. § 1540(g)(2).

14      8.    The allegations in paragraph 8 are legal conclusions relating to this

15  Court's jurisdiction over Plaintiffs' state law claims, to which no response by the

16  County is required. To the extent any response is required, the County denies each

17  and every allegation in paragraph 8.

18      9.    The County admits the allegations in paragraph 9.

19      10.   The allegations in paragraph 10 are legal conclusions related to

20  Plaintiffs' standing to bring this suit, to which no response by the County is required.

21  To the extent any response is required, the County denies the allegations in the first

22  sentence of paragraph 10. The County lacks information sufficient to form a belief

23  as to the truth or accuracy of Plaintiffs' allegations in the second sentence of

24  paragraph 10, and therefore denies the allegations. The County denies each and

25  every remaining allegation in paragraph 10, and denies that Plaintiffs are entitled to

26  any of the relief sought.

27      11.   Paragraph 11 consists entirely of legal conclusions, and therefore no

28  response by the County is required. To the extent any response is required, the

County denies each and every allegation in paragraph 11, and denies that Plaintiffs are entitled to any relief whatsoever.

**VENUE**

12.    The allegations in the first two sentences of paragraph 12 consist entirely of legal conclusions related to venue, to which no response is required. To the extent any response is required, the County denies each and every allegation in the first two sentences of paragraph 12. With respect to the third sentence of paragraph 12, the County admits only that its offices are located in San Luis Obispo County. The County lacks sufficient information to form a belief as to the truth or accuracy of the remaining allegations in the third sentence of paragraph 12, and therefore denies the remaining allegations in that sentence.

**THE PARTIES**

**A.    Plaintiffs**

13.    The County lacks sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 13, and therefore denies them on that basis.

14.    The County lacks sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 14, and therefore denies them on that basis.

15.    The County lacks sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 15, and therefore denies them on that basis.

16.    The County lacks sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 16, and therefore denies them on that basis.

17.    The County denies all allegations in paragraph 17 that it has caused harm to any species. The County lacks sufficient information to form a belief as to

the truth or accuracy of the remaining allegations in paragraph 17, and therefore denies them on that basis.

18.    The County denies all allegations in paragraph 18 that it has caused harm to any species. The County lacks sufficient information to form a belief as to the truth or accuracy of the remaining allegations in the first two sentences in paragraph 18, and therefore denies them on that basis. To the extent that the allegations in the third sentence of paragraph 18 are legal conclusions, no response by the County is required. If any response is required, the County denies all allegations in the third sentence of paragraph 18. The County lacks sufficient information to form a belief as to the truth or accuracy of the allegations in the fourth sentence in paragraph 18, and therefore denies them on that basis. The County denies the allegations in the fifth sentence in paragraph 18 and denies that Plaintiffs are entitled to any relief whatsoever.

**B.    Defendant**

19.    The County admits the allegations in the first and third sentences of paragraph 19. The allegations in the second and fourth sentence in paragraph 19 contain legal conclusions to which no response is required. To the extent that a response is required, the County denies the allegations contained in the second and fourth sentences in paragraph 19, except that it admits that it or the District operates and maintains Lopez Dam, a three-mile buried steel transmission line that conveys water to Lopez Terminal Reservoir, and the Lopez Water Treatment Plant, and that it is responsible for complying with the ESA to the extent it applies.

**LEGAL BACKGROUND**

**A.    The Federal Endangered Species Act**

20.    The allegations contained in the first sentence of paragraph 20 contain legal conclusions and 16 U.S.C. § 1531(b) is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admits the first sentence of paragraph 20 only to the extent the

paragraph is consistent with the language of 16 U.S.C. § 1531(b). The remainder of paragraph 20 consists, in its entirety, of legal argument and citations, to which no response by the County is required. To the extent a response by the County is required, the County admits only that the quoted language in the third and fifth sentences of paragraph 20 appears in *Tennessee Valley Authority v. Hill*, 437 U.S. 153 (1978).

21.    The allegations in paragraph 21 and footnote 1 contain legal conclusions and 16 U.S.C. §§ 1532(5), (6), (20) and 1533(a)(1), (a)(3) contain the best evidence of their contents. Therefore, no response by the County is required. To the extent a response from the County is required, the County admits the allegations in paragraph 21 and footnote 1 only to the extent it is consistent with the language of 16 U.S.C. §§ 1532(5), (6), (20) and 1533(a)(1), (a)(3). The County denies all other allegations contained in paragraph 21.

22.    The allegations in paragraph 22 contain legal conclusions and 16 U.S.C. § 1538(a)(1)(B) and 50 C.F.R. §§ 17.31, 223.203 contain the best evidence of their contents. Therefore, no response by the County is required. To the extent a response from the County is required, the County admits the allegations in paragraph 22 only to the extent it is consistent with the language of 16 U.S.C. § 1538(a)(1)(B) and 50 C.F.R. §§ 17.31, 223.203. The County denies all other allegations contained in paragraph 22.

23.    The allegations in paragraph 23 contain legal conclusions and 16 U.S.C. §§ 1532(13) and 1538(g) contain the best evidence of their contents. Therefore, no response by the County is required. To the extent a response from the County is required, the County admits the allegations in paragraph 23 only to the extent it is consistent with the language of 16 U.S.C. §§ 1532(13) and 1538(g). The County denies all other allegations contained in paragraph 23.

24.    The allegations in the first two sentences of paragraph 24 contain legal conclusions and 16 U.S.C. § 1532(19) contains the best evidence of its contents.

Therefore, no response by the County is required. To the extent a response from the County is required, the County admits only that the quoted language in the first sentence of paragraph 24 appears in 16 U.S.C. § 1532(19). The allegations in the third and fourth sentences consist of legal conclusions and citations, to which no response by the County is required. To the extent a response is required, the County denies the allegations contained in the third and fourth sentences of paragraph 24. The County denies all other allegations contained in paragraph 24.

25.     The allegations in paragraph 25 contain legal conclusions and 50 C.F.R. §§ 17.3 and 222.102 and 64 Fed. Reg. 60,727 (Nov. 8, 1999) contain the best evidence of their contents. Therefore, no response by the County is required. To the extent a response by the County is required, the County admits only that the quoted language in the first sentence of paragraph 25 appears in 50 C.F.R. §§ 17.3 and 222.102, and that the quoted language in the third sentence of paragraph 25 appears in 50 C.F.R. § 222.102. The County also admits that the quoted language in the fifth and seventh sentences of paragraph 25 appears in 64 Fed. Reg. 60,727 (Nov. 8, 1999). The County denies all other allegations contained in paragraph 25.

26.     The allegations in paragraph 26 contain legal conclusions and 50 C.F.R. § 17.3 contains the best evidence of its contents. Therefore, no response by the County is required. To the extent a response by the County is required, the County admits only that the quoted language in paragraph 26 appears in 50 C.F.R. § 17.3 and that NMFS has not issued a formal rule defining "harass." The County denies all other allegations contained in paragraph 26.

27.     The allegations in paragraph 27 contain legal conclusions and 16 U.S.C. § 1536 contains the best evidence of its contents. Therefore, no response by the County is required. To the extent a response by the County is required, the County admits the allegations in paragraph 27 only to the extent it is consistent with the language of 16 U.S.C. § 1536. The County denies all other allegations contained in paragraph 27.

28.    The allegations in paragraph 28 contain legal argument and conclusions and 16 U.S.C. § 1540(g)(1) and the case law cited contain the best evidence of their contents. Therefore, no response by the County is required. To the extent a response by the County is required, the County admits only that the quoted language in the first sentence of paragraph 28 appears in 16 U.S.C. § 1540(g)(1), and that the court in *Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1068 (9th Cir. 1996) affirmed the district court's permanent injunction ruling in that case under 16 U.S.C. § 1540(g)(1). The County denies all other allegations in paragraph 28 including that *Marbled Murrelet* supports Plaintiffs' assertion that a court may grant preliminary injunctive relief in this case pursuant to that provision.

**B.    California Fish and Game Code Section 5937**

29.    The allegations in paragraph 29 consist entirely of legal argument, conclusions and citations, to which no response by the County is required. To the extent a response is required, the County admits only that the quoted language in the first sentence appears in Cal. Fish & Game Code § 5937 and that the quoted language in the third sentence appears in *California Trout, Inc. v. Superior Court*, 266 Cal. Rptr. 788 (Cal. Ct. App. 1990). The County denies all other allegations contained in paragraph 29.

**C.    California Fish and Game Section 5901**

30.    The allegations in paragraph 30 consist entirely of legal conclusions, to which no response by the County is required. To the extent a response by the County is required, the County admits only that the quoted language is a partial quote of language that appears in Cal. Fish & Game Code § 5901. The County denies all other allegations contained in paragraph 30.

**D.    The California Public Trust Doctrine**

31.    The allegations in paragraph 31 consist entirely of legal argument, conclusions and citations, to which no response by the County is required. To the extent a response by the County is required, the County admits only that the quoted

COUNTY OF SAN LUIS OBISPO'S FIRST AMENDED ANSWER
62995176

language in the first sentence appears in *National Audubon Society v. Superior Court*, 33 Cal. 3d 419 (Cal. Ct. App. 1983). The County denies that the quoted language in the second sentence appears in any of the cases Plaintiffs cite in paragraph 31. The County denies each and every remaining allegation in paragraph 31.

32.    The allegations in paragraph 32 consist entirely of legal argument, conclusions and citations, to which no response by the County is required. To the extent that a response by the County is required, the County admits only that the quoted language in the third sentence appears in *National Audubon Society v. Superior Court*, 189 Cal. Rptr. 346 (Cal. Ct. App. 1983). The County denies all remaining allegations contained in paragraph 32.

### E.    California Constitution Article X, Section 2

33.    Paragraph 33 consists entirely of legal argument, conclusions and citations, to which no response by the County is required. To the extent a response is required, the County admits only that the quoted language in the first sentence of paragraph 33 appears in article X, section 2 of the California constitution, that the quoted language in the second sentence of paragraph 33 appears in *City of Barstow v. Mojave Water Agency*, 23 Cal. 4th 1224 (2000), and that the quoted language in the fourth sentence of paragraph 33 appears in *Santa Barbara Channelkeeper v. City of San Buenaventura*, 48 Cal. Rptr. 3d 468 (Cal. Ct. App. 2006). The County denies all remaining allegations contained in paragraph 33.

### F.    California Code of Civil Procedure Section 1085

34.    Paragraph 34 consists entirely of legal conclusions, and Cal. Code. Civ. Proc. § 1085 is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admits only that the quoted language appears in Cal. Code Civ. Proc. § 1085. The County denies all remaining allegations contained in paragraph 34.

**FACTUAL BACKGROUND**

**A.     The County's Diversions and Operations of the Project**

35.     Consistent with its answer to paragraph 1, the County admits to Plaintiffs' characterization of the "Project" as set forth in paragraph 35 only to the extent it consists of "Lopez Dam, a three-mile 20-inch diameter buried steel transmission line for conveyance of raw water to the Lopez Terminal Reservoir and subsequently to Lopez Water Treatment Plant, [and] the Lopez Water Treatment Plant." To the extent that Plaintiffs' characterization of the "Project" includes Lopez Lake and "various in-stream infrastructure downstream of Lopez Dam", the County denies those allegations. The County denies all remaining allegations contained in paragraph 35.

36.     The County admits to the allegations in the first sentence of paragraph 36. As for the second sentence of paragraph 36, the County admits that the County or the District stores water behind the dam in Lopez Lake, and otherwise denies the allegations in the second sentence of paragraph 36.

37.     The County admits that it or the District operates and maintains Lopez Dam. The remaining allegations contained in paragraph 37 contain legal argument and conclusions to which no response is required.

38.     Consistent with its answers to paragraphs 1 and 35, the County denies Plaintiffs' definition of the "Project" as set forth in the Complaint. The County admits only that infrastructure relating to Lopez Dam includes a three-mile 20-inch transmission pipe that conveys water to Terminal Dam, Lopez Reservoir, and Lopez Water Treatment Plant. The County denies all remaining allegations contained in paragraph 38.

39.     Consistent with its answers to paragraphs 1, 35 and 38, the County denies Plaintiffs' definition of the "Project" as set forth in the Complaint. The County denies each and every allegation in paragraph 39, except the County admits that infrastructure owned or operated by the County or the District includes the

COUNTY OF SAN LUIS OBISPO'S FIRST AMENDED ANSWER

62995176

"Biddle Park double arch culvert at the Biddle Park access road crossing over Arroyo Grande Creek" and the "Arroyo Grande Stream Gage, ID # 8409." The County specifically denies that this infrastructure constitutes a "barrier[] to Steelhead migration" and it denies all remaining allegations contained in paragraph 39.

40.     Consistent with its answers to paragraphs 1, 35, 38 and 39, the County denies all allegations in paragraph 40 to the extent they relate to "Project" infrastructure that is not operated by the County and/or to activities of third parties over which the County has no control. The County denies the allegations in paragraph 40, except the County admits that it or the District operates or maintains Lopez Dam and "the Arroyo Grande Creek stream gaging station," and that water is released for various uses.

41.     Consistent with its answers to paragraphs 1, 35, 38 and 39, the County denies all allegations contained in paragraph 41 to the extent they relate to "Project" infrastructure that is not operated and maintained by the County or District. The County admits the allegations in paragraph 41 only as to the infrastructure that is operated and maintained by the County or District.

**B.     The County's Operation and Maintenance of the Project Harms ESA-Listed Species.**

42.     The County denies each and every allegation in paragraph 42.

43.     The allegations contained in paragraph 43 purport to characterize the contents of a 1994 document, which is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admits only that there is a letter dated in January 1994 from Wm. H. L. Hommedieu to the California State Water Board ("State Board"), and that it alleged violations of the California Fish & Game Code. The County denies all other allegations contained in paragraph 43.

44.     The County denies the allegations in paragraph 44, except that it admits that a response to the citizen's complaint was filed on or about June 15, 1994, that it

1   was submitted to the Division of Water Rights, and that it asserted that the County
2   or District operates Lopez Dam in a manner consistent with all local, state, and
3   federal law.

4        45.    The allegations contained in paragraph 45 purport to characterize a
5   1994 document, which is the best evidence of its contents. Therefore, no response
6   by the County is required. To the extent a response is required, the County admits
7   only that there is a letter dated June 24, 1994 from the California Sportfishing
8   Protection Alliance to the State Board and that it alleged various violations. The
9   County denies all other allegations contained in paragraph 45.

10       46.    Except that the County admits that the State Board has issued and
11  extended water rights permits and the permit is currently in effect, the Count denies
12  the allegations contained in paragraph 46 and footnote 2.

13       47.    The County denies the allegations in paragraph 47, except that it admits
14  that a Final Draft Arroyo Grande Creek Habitat Conservation Plan and
15  Environmental Assessment/Initial Study was completed in 2004.

16       48.    The allegations contained in paragraph 48 purport to characterize the
17  2004 HCP and EA/IS, which is the best evidence of its contents. Therefore, no
18  response by the County is required. To the extent a response is required, the County
19  admits the allegations in paragraph 48 to the extent that it is consistent with the
20  language of the 2004 HCP and EA/IS, and denies as to the remainder.

21       49.    The allegations contained in paragraph 49 purport to characterize a
22  2004 document, which is the best evidence of its contents. Therefore, no response
23  by the County is required. To the extent a response is required, the County admits
24  only that NMFS issued a document dated November 25, 2004 titled NMFS
25  Comments on the Proposed Instream Flow Schedule for Steelhead Trout in Arroyo
26  Grande Creek Downstream of Lopez Dam ("2004 NMFS Comments"). The County
27  denies all remaining allegations contained in paragraph 49.

28

50.    The County admits that NMFS suggested the development of an alternative downstream release schedule that would be similar to natural flows, but denies all other allegations in paragraph 50.

51.    The allegations in paragraph 51 purport to characterize the 2004 NMFS Comments, which provides the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County admits that NMFS suggested that development of an alternative downstream release schedule and denies all other allegations contained in paragraph 51.

52.    The allegations in paragraph 52 purport to characterize the June 27, 2005, FWS Comments on the February 2004 Draft of the Arroyo Grande Creek Habitat Conservation Plan, San Luis Obispo County, California ("2005 FWS Comments"). The 2005 FWS Comments provide the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County admits that FWS issued a document dated June 27, 2005 titled FWS Comments on the February 2004 Draft of the Arroyo Grande Creek Habitat Conservation Plan, San Luis Obispo County, California, and that FWS suggested that tidewater goby be added. The County denies all remaining allegations contained in paragraph 52.

53.    The allegations in paragraph 53 purport to characterize the 2005 FWS Comments, which provides the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County denies the allegations contained in paragraph 53.

54.    The allegations in paragraph 54 purport to characterize the March 13, 2006, FWS Comments on the July 2005 Draft of the Arroyo Grande Creek Habitat Conservation Plan, San Luis Obispo County, California ("2006 FWS Comments"), which provides the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County admits that FWS

1  submitted the 2006 FWS Comments and that these comments related to the tidewater

2  goby, and denies all other allegations contained in paragraph 54.

3      55.    The allegations in paragraph 55 purport to characterize the June 22,

4  2023, NMFS Letter to Keith Miller, San Luis Obispo County Department of Public

5  Works ("2023 NMFS Comments"), which provides the best evidence of its contents,

6  and therefore no response from the County is required. To the extent that a response

7  is required, the County admits that some of the comments related to volitional fish

8  passage and denies all other allegations contained in paragraph 55.

9      56.    Consistent with its answers to paragraphs 1, 35 and 38, the County

10  denies Plaintiffs' definition of the "Project" as set forth in the Complaint and

11  referenced in paragraph 56. The County denies the allegations in paragraph 56,

12  except that the County admits that it does not have a final HCP.

13      **C.    South-Central California Steelhead (*Oncorhnchus* [sic] *mykiss*) and**

14          **the County's Operations of the Project.**

15          **SCCC Steelhead and the Arroyo Grande Creek**

16      57.    The allegations in paragraph 57 consist entirely of legal conclusions, to

17  which no response by the County is required. To the extent a response is required,

18  the County admits the allegations in paragraph 57.

19      58.    The allegations in paragraph 58 consist entirely of legal conclusions, to

20  which no response by the County is required. To the extent a response is required,

21  the County admits the allegations in paragraph 58.

22      59.    The allegations in paragraph 59 purport to characterize contents of

23  multiple documents. The documents are the best evidence of their contents and

24  therefore no response is required by the County. To the extent a response is required,

25  the County denies the allegations as stated in paragraph 59.

26      60.    Plaintiffs' allegations contained in paragraph 60 purport to characterize

27  the contents of the 2017 BiOp. The document is the best evidence of its contents and

28

**COUNTY OF SAN LUIS OBISPO'S FIRST AMENDED ANSWER**
62995176

therefore no response is required by the County. To the extent a response is required, the County denies the allegations in paragraph 60.

61.    The allegations in paragraph 61 purport to characterize the contents of 70 Fed. Reg. 52488 (Sept. 2, 2005), which provides the best evidence of its contents. Therefore no response by the County is required. To the extent a response by the County is required, the County admits the allegations in paragraph 61 only to the extent the language in paragraph 61 is consistent with the language of 70 Fed. Reg. 52488 (Sept. 2, 2005), and otherwise denies the allegations in paragraph 61.

62.    The allegations in paragraph 62 purport to characterize the contents of 62 Fed. Reg. 43942 (Aug. 18, 1997), which provides the best evidence of its contents. Therefore no response by the County is required. To the extent that a response by the County is required, the County admits the allegations in paragraph 62 only to the extent the language in paragraph 62 is consistent with 62 Fed. Reg. 43942 (Aug. 18, 1997), and otherwise denies the allegations in paragraph 62.

63.    The allegations in the first sentence of paragraph 63 cite to the NMFS West Coast Region, 2023 5-Year Review: Summary & Evaluation of South-Central California Coast Steelhead, which provides the best evidence of its contents, and therefore no response by the County is required. The allegations in the third sentence of paragraph 63 cite to 70 Fed. Reg. 52492, which provides the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County admits only that the quoted language in paragraph 63 appears in the respective citations, and otherwise denies the allegations in paragraph 63.

64.    The allegations in paragraph 64 purport to characterize 78 Fed. Reg. 77430 (Dec. 23, 2013) and the 2013 SCCC Recovery Plan, each of which provides the best evidence of its contents, therefore no response by the County is required. To the extent a response is required, the County denies the allegations as stated in paragraph 64.

**The County's Operation of the Project Is Harming SCCC Steelhead**

**The County's Construction, Operation, and Maintenance of the Project Blocks Access to Valuable SCCC Steelhead Habitat**

65.    The allegations in paragraph 65 constitute a legal conclusion, to which no response from the County is required. To the extent a response is required, the County denies the allegations in paragraph 65.

66.    The allegations in the first and third sentences of paragraph 66 purport to characterize 70 Fed. Reg. at 52507, which provides the best evidence of its contents. Therefore no response by the County is required. The allegations in the fifth sentence of paragraph 66 purports to characterize the 2023 SCCC Steelhead Species Assessment, which provides the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admits only that Steelhead cannot migrate beyond Lopez Dam from Arroyo Grande Creek, but it denies all remaining allegations in paragraph 66.

67.    The allegations in paragraph 67 purport to characterize the contents of the 2024 NMFS: Role of Arroyo Grande Creek, which provides the best evidence of its contents. Therefore no response by the County is required. To the extent a response is required, the County admits that Steelhead cannot migrate beyond Lopez Dam from Arroyo Grande Creek, and therefore access to some potential Steelhead spawning and rearing habitat above Lopez Dam and Lopez Lake is blocked. The County also admits that some portion of this potential Steelhead spawning and rearing habitat is located on U.S. Forest Service land within Los Padres National Forest. The County denies all other allegations in paragraph 67.

68.    Consistent with its answers to paragraphs 1, 35 and 38, the County denies Plaintiffs' definition of the "Project" as set forth in the Complaint and referenced in paragraph 68. The allegations in paragraph 68 purport to characterize the contents of the 2024 NMFS: Role of Arroyo Grande Creek, which provides the best evidence of its contents. Therefore, no response by the County is required. To

the extent a response is required, the County admits only that Steelhead cannot migrate beyond Lopez Dam from Arroyo Grande Creek, and therefore access to some potential Steelhead spawning and rearing habitat above Lopez Dam and Lopez Lake is blocked. The County denies all other allegations in paragraph 68.

69.    The County denies each and every allegation in paragraph 69.

70.    The County denies each and every allegation in paragraph 70, except it admits that Steelhead cannot migrate beyond Lopez Dam from Arroyo Grande Creek, and therefore access to some potential Steelhead spawning and rearing habitat above Lopez Dam and Lopez Lake is blocked.

71.    The County denies each and every allegation in paragraph 71.

72.    The County denies each and every allegation in paragraph 72.

73.    To the extent the allegations in paragraph 73 constitute a legal conclusion, no response from the County is required. To the extent a response is required, the County denies the allegations in paragraph 73.

74.    The allegations in paragraph 74 purport to characterize the contents of the 2017 BiOp, which provides the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admis that the Steelhead population in Arroyo Grande Creek is designated a "Core-1 Population," and that this designation indicates a high priority and is based on a variety of factors.

75.    The allegations in paragraph 75 purport to characterize the contents of 2017 BiOp, which provides the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admits that the Steelhead population extends over a broad and geographically diverse area and is therefore likely to withstand environmental unpredictability, and otherwise denies all other allegations in paragraph 75.

76.    The allegations in paragraph 76 purport to characterize the contents of the 2017 BiOp, which provides the best evidence of its contents. Therefore no

1  response by the County is required. To the extent a response is required, the County

2  denies the allegations.

3      77.    The allegations in paragraph 77 purport to characterize the contents of

4  2017 BiOp, which provides the best evidence of its contents. Therefore no response

5  by the County is required. To the extent a response is required, the County admits

6  that Steelhead actively spawn and rear in Arroyo Grande Creek, and otherwise

7  denies all other allegations in paragraph 77.

8      78.    The allegations in paragraph 78 purports quote the contents of the 2017

9  BiOp, which provides the best evidence of its contents. Therefore no response by

10  the County is required. To the extent a response is required, the County admits only

11  that the quoted language in paragraph 78 appears in the document.

12  **The County's Operation of the Project Reduces and Alters Flows in Arroyo**

13  **Grande Creek, Resulting in Harm to Steelhead**

14      79.    The County denies the allegations in the first sentence of paragraph 79.

15  With respect to the second sentence of paragraph 79, consistent with its answer to

16  paragraphs 1, 35, 38, and 39, the County denies the allegations in the second

17  sentence to the extent the County does not operate the "Project" as Plaintiffs define

18  it in the Complaint. Except that the County admits that it or the District's

19  maintenance and operation of Lopez Dam modifies the timing of water flow released

20  into Arroyo Grande Creek, the County denies the allegations in the second sentence

21  of paragraph 79.

22      80.    With respect to the first sentence in paragraph 80, the County denies

23  Plaintiffs' allegations. With respect to the allegations in the third sentence of

24  paragraph 80, Plaintiffs purport to characterize a portion of NMFS, South-

25  Central/Southern California Coast Steelhead Recovery Planning Domain, 5-Year

26  Review: Summary and Evaluation of South-Central California Coast Steelhead

27  Distinct Population Segment, which provides the best evidence of its contents,

28  therefore no response from the County is required. To the extent a response is

required, the County admits that the document states that Steelhead recovery depends on addressing the most fundamental threats and that it mentions flow patterns in Arroyo Grande Creek, and denies all other allegations in paragraph 80.

81.    The allegations in paragraph 81 purport to characterize the 2004 NMFS Comments, and the 2004 NMFS Comments contain the best evidence of its contents, therefore no response from the County is required. To the extent a response from the County is required, the County denies the allegations in paragraph 81.

82.    The allegations in paragraph 82 purport to characterize the 2004 NMFS Comments, and the 2004 NMFS Comments contain the best evidence of its contents, therefore no response from the County is required. To the extent a response from the County is required, the County denies the allegations in paragraph 82.

83.    The County denies the allegations in paragraph 83, except that it admits that the 2007 IDRS provides the current plan for managing downstream releases from Lopez Dam.

84.    Except that the County admits that the 2007 IDRS is meant to be an interim document to manage releases from Lopez Dam until an HCP is approved, and that the 2007 IDRS continues to be utilized, the County denies all other allegations in paragraph 84.

85.    The County admits the first sentence in paragraph 85. The County denies the second sentence in paragraph 85, as the 2007 IDRS establishes minimums which can be exceeded based on a variety of factors.

86.    The County denies the allegations in paragraph 86, as the average release varies based on a number of factors, and the average release for a specific period of time may be more than or less than 5 cfs.

87.    Except that the County admits that the 2007 IDRS includes a Low Reservoir Response Plan that could support the reduction of downstream release flows when the amount of water in Lopez Reservoir drops below 20,000 Acre Feet

and the County's Board of Supervisors declares an emergency, the County denies all other allegations in paragraph 87.

88.    The County denies each and every allegation in paragraph 88.

89.    The County denies each and every allegation in paragraph 89, except that the County does admit that operation and maintenance of Lopez Dam does modify the timing of water flow released into Arroyo Grande Creek.

90.    The allegations in paragraph 90 purport to quote the contents of the 2017 BiOp, which provides the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the allegations in paragraph 90 are denied.

91.    The County denies the allegations in paragraph 91.

92.    The County denies the allegations in paragraph 92.

93.    The allegations in paragraph 93 purport to quote the contents of the 2004 HCP, which provides the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admits that the document stated, in part, that some activities discussed in the 2004 HCP could potentially result in "take" of ESA-listed species or affect the quality and availability of Steelhead habitat. All other allegations in paragraph 93 are denied.

94.    The County denies the allegations in paragraph 94.

95.    The County denies the allegations in paragraph 95.

96.    The County denies the allegations in paragraph 96.

97.    The County denies the allegations in paragraph 97.

98.    The County denies the allegations in paragraph 98.

99.    The County denies the allegations in paragraph 99.

100.    The County denies the allegations in paragraph 100.

101.    The County denies the allegations in paragraph 101.

102.    The County denies the allegations in paragraph 102.

103.    The County denies the allegations in paragraph 103.

104.   The County denies the allegations in paragraph 104.

105.   The County denies the allegations in the first sentence of paragraph 105. The County denies the allegations in the second sentence of paragraph 105, except that the County admits that large wood debris has the potential to provide places for Steelhead to hide from predators, rest and seek refuge, and to build redds (egg nests).

106.   The County denies the allegations in paragraph 106.

107.   The County denies the allegations in paragraph 107.

108.   To the extent the allegations in paragraph 108 constitute a legal conclusion, no response from the County is required. To the extent a response is required, the County denies the allegations in paragraph 108.

**Predatory Fish in Lopez Lake and Failure to Screen Fish Spills to Arroyo Grande Creek Harms Steelhead**

109.   The County denies the allegations in paragraph 109.

110.   The County denies the allegations in paragraph 110.

111.   With respect to the first sentence in paragraph 111, the County admits only that there is not a fish screen spanning the entire spillway at Lopez Dam. The County avers that a fish screen is located downstream of the outlet control at Lopez Dam, and at the base of the spillway there is a flipbucket that traps fish from entering Arroyo Grande Creek during low flow spills. The County denies all other allegations contained in the first sentence of paragraph 111. To the extent the allegations in the second sentence of paragraph 111 are legal conclusions, no response from the County is required. To the extent a response is required, the County denies the allegations in the second sentence of paragraph 111.

**The County's Operation and Maintenance of Other Infrastructure Within Arroyo Grande Creek Harms SCCC Steelhead**

112.   The County denies the allegations in paragraph 112, except the County admits that of the infrastructure identified in paragraph 39 of the Complaint, the only

infrastructure within Arroyo Grande Creek the County or the District operates and maintains is the "Biddle Park double arch culvert at the Biddle Park access road crossing over Arroyo Grande Creek" and the "Arroyo Grande Stream Gage, ID # 8409."

113.   The County denies the allegations in paragraph 113, except that it admits that it or the District has identified potential impediments to Steelhead passage in Arroyo Grande Creek and that projects have been undertaken to improve some of these potential impediments.

114.   The County lacks sufficient information to form a belief as to the truth or accuracy of the allegations made in the first sentence of paragraph 114, and therefore denies them on that basis. The County avers that it does not own or control the "abandoned dam and diversion footings at stream mile 11.22 from the confluence of the ocean." With respect to the allegations in the third sentence of paragraph 114, the County denies all allegations, except the County admits that it or the District owns and operates the "double arch culvert at the Biddle Park access road crossing over Arroyo Grande Creek." The County avers that the double arch culvert at the Biddle Park access road crossing does not create a barrier to Steelhead.

115.   The County denies the allegations in the first sentence of paragraph 115. To the extent the allegations in the second sentence of paragraph 115 constitute legal opinions, no response is required. To the extent a response is required, the County denies all allegations in the second sentence of paragraph 115.

**D.     California Red-Legged Frog (*Rana aurora draytonii*) and the County's Operations of the Project**

**California Red Legged Frog and Arroyo Grande Creek**

116.   In response to the allegations in paragraph 116, 61 Fed. Reg. 25813 provides the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County admits the allegations in paragraph 116.

117.   The allegations in paragraph 117 purport to characterize the 2004 HCP and May 2017, Bridge Street Bridge Rehabilitation Project Biological Assessment. These documents are the best evidence of their contents. Therefore, no response to paragraph 117 is required. To the extent that a response is required, the County admits that at some time CRLF were observed in Arroyo Grande Creek immediately downstream from the Lopez Dam outlet, and that the 2017 document found that there was suitable instream aquatic habitat in some area of Arroyo Grande Creek. The County denies all other allegations in paragraph 117.

118.   The allegations in paragraph 118 purport to characterize a document, and that document is the best evidence of its contents. Therefore, no response is required. To the extent a response is required, the County admits that a 2021 survey observed CRLF in Arroyo Grande Lagoon. The County denies all other allegations in paragraph 118.

119.   The allegations in paragraph 119 consist entirely of references to 61 Fed. Reg. 25813, which provides the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County admits only that the referenced excerpts appear in 61 Fed. Reg. 25813 (May 23, 1996), and denies all other allegations in paragraph 119.

**The County's Operation of the Project is Harming California Red-Legged Frog**

120.   The County denies the allegations in paragraph 120. Further, to the extent the allegations in the second sentence of paragraph 120 references the 2005 FWS Comments, that document provides the best evidence of its contents, and therefore no response is required.

121.   The County denies the allegations in paragraph 121.

122.   The County denies the allegations in the first sentence of paragraph 122. The County admits that the excerpted material in the second sentence of paragraph 122 appears in 61 Fed. Reg. 25825, which serves as the best evidence of

1  its contents. The County denies all remaining allegations contained in the second
2  sentence of paragraph 122 and denies the allegations contained in the third sentence
3  of paragraph 122.

4      123.   The County denies the allegations in paragraph 123.

5      124.   To the extent the allegations in the first four sentences of paragraph 124
6  reference 61 Fed. Reg. 25814, that document contains the best evidence of its
7  contents, and therefore no response by the County is required. To the extent a
8  response is required, the County admits only that the referenced excerpts appear in
9  61 Fed. Reg. 25814, and otherwise denies the allegations. With respect to the fifth
10 and seventh sentences of paragraph 124, the County denies all allegations. The
11 County also denies that the allegations in the fifth and seventh sentences of
12 paragraph 124 are found in 61 Fed. Reg. 25814, as Plaintiffs allege.

13     125.   The allegations in paragraph 125 consist entirely of references to the
14 July 21, 2021, California State Parks, Aquatic Survey Report for Arroyo Grande,
15 Meadow, Pismo, and Carpenter Creek Lagoons (Reference Permit #TE-101154-3),
16 which provides the best evidence of its contents, and therefore no response by the
17 County is required. To the extent a response is required, the County lacks sufficient
18 information to form a belief as to the truth or accuracy of the allegations in paragraph
19 125, and therefore denies the allegations on that basis.

20     126.   The allegations in paragraph 126 consist entirely of references to the
21 Oct. 28, 2021, California State Parks, Aquatic Survey Report for Arroyo Grande,
22 Oso Flaco, Pismo, and Carpenter Creek Lagoons (Reference Permit #TE-101154-
23 3), which provides the best evidence of its contents, and therefore no response by
24 the County is required. To the extent a response is required, the County lacks
25 sufficient information to form a belief as to the truth or accuracy of the allegations
26 in paragraph 126, and therefore denies the allegations on that basis.

27     127.   The County denies the allegations in paragraph 127.

28     128.   The County denies the allegations in paragraph 128.

129.   The County denies the allegations in paragraph 129.

130.   The County denies the allegations in paragraph 130.

131.   To the extent the allegations in the first sentence of paragraph 131 reference the 2004 HCP and EA/IS, that document serves as the best evidence of its contents, and therefore no response from the County is required. To the extent that a response is required, the County admits that at some point in time bullfrogs were observed as the base of Lopez Dam in areas that might also provide habitat for CRLF, and otherwise denies all allegations in the first sentence of paragraph 131. The County denies the allegations in the third sentence in paragraph 131.

132.   To the extent the allegations in paragraph 132 reference 61 Fed. Reg. 25825 and 2004 HCP and EA/IS, those documents provide the best evidence of their contents, and therefore no response from the County is required. To the extent a response is required, the County admits only that the referenced language in paragraph 132 appears in 61 Fed. Reg. at 25,825 and the 2004 HCP and EA/IS, respectively. The County denies all other allegations contained in paragraph 132.

133.   To the extent the allegations in paragraph 133 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations in paragraph 133.

134.   With respect to the first sentence of paragraph 134, the County admits that it or the District has at some point in time and at some location in or near Arroyo Grande Creek, removed vegetation, sprayed herbicide, shaped banks to control erosion, and/or conducted desilting activities. The County denies all other allegations in the first sentence of paragraph 134. With respect to the third sentence of paragraph 134, the County denies the allegations. With respect to the fifth and sixth sentences of paragraph 134, the County denies the allegations.

135.   With respect to the first sentence of paragraph 135, the County admits only that Arroyo Grande Creek is listed as one of the areas for California red-legged frog recovery efforts by the U.S. Fish and Wildlife Service, and denies all other

allegations in that sentence. With respect to the third sentence of paragraph 135, the FWS, Recovery Plan for the California Red-legged Frog is the best evidence of its contents, and therefore no response from the County is required. To the extent that a response is required, the County admits that at some point in time CRLF have been observed in Arroyo Grande Lagoon and some portions of Arroyo Grande Creek. The County otherwise denies all allegations in the third sentence of paragraph 135. With respect to the fifth sentence of paragraph 135, the County denies these allegations.

**E.    Tidewater Goby (*Eucyclogobius newberryi*) and the County's Operations of the Project**

**Tidewater Goby and Arroyo Grande Creek**

136.    To the extent the allegations in paragraph 136 include references to 59 Fed. Reg. 5494 (Mar. 7, 1994), that document provides the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County admits that the referenced excerpts in paragraph 136 appear in 59 Fed. Reg. 5494, and otherwise denies the allegations.

137.    The allegations in paragraph 137 consist entirely of references to 59 Fed. Reg. 5494, which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits only that the referenced excerpts in paragraph 137 appear in 59 Fed. Reg. 5494, and otherwise denies the allegations.

138.    The allegations in paragraph 138 consist entirely of references to 59 Fed. Reg. 5495, which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits only that the referenced excerpts in paragraph 138 appear in 59 Fed. Reg. 5495, and otherwise denies the allegations.

139.    The allegations in paragraph 139 consist entirely of references to 59 Fed. Reg. 5494, which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits

1   only that the referenced excerpts in paragraph 139 appear in 59 Fed. Reg. 5494, and

2   otherwise denies the allegations.

3       140.   The allegations in paragraph 140 consist entirely of references to 59

4   Fed. Reg. 5494, which is the best evidence of its contents, and therefore no response

5   from the County is required. To the extent a response is required, the County admits

6   only that the referenced excerpts in paragraph 140 appear in 59 Fed. Reg. 5494, and

7   otherwise denies the allegations.

8       141.   The allegations in paragraph 141 consist entirely of references to 59

9   Fed. Reg. 5494, which is the best evidence of its contents, and therefore no response

10  from the County is required. To the extent a response is required, the County admits

11  only that the referenced excerpts in paragraph 141 appear in 59 Fed. Reg. 5494, and

12  otherwise denies the allegations.

13      142.   The allegations in paragraph 142 consist entirely of references to 59

14  Fed. Reg. 5494, which is the best evidence of its contents, and therefore no response

15  from the County is required. To the extent a response is required, the County admits

16  only that the referenced excerpts in paragraph 142 appear in 59 Fed. Reg 5494, and

17  otherwise denies the allegations.

18      143.   The allegations in paragraph 143 consist entirely of references to

19  external documents, which are the best evidence of their contents, and therefore no

20  response from the County is required. To the extent a response is required, the

21  County admits that tidewater gobies have been present in Arroyo Grande Lagoon

22  and certain portions of Arroyo Grande Creek at some point in time, and otherwise

23  denies the allegations.

24      **The County's Operation of the Project is Harming Tidewater Goby**

25      144.   To the extent the first sentence in paragraph 144 includes a legal

26  conclusion, no response from the County is required. To the extent a response is

27  required, the County denies all allegations in the first sentence. The County denies

28  the allegations in the second sentence of paragraph 144.

145.   The County denies the allegations in the first sentence of paragraph 145 and denies that the first sentence of paragraph 145 is supported by 59 Fed. Reg. 5495, which Plaintiffs reference in the second sentence of paragraph 145. The County denies the allegations in the remainder of paragraph 145.

146.   With respect to the first sentence of paragraph 146, Plaintiffs' allegations reference the 2013 SCCC Recovery Plan at 4-9, which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response from the County is required, the County avers that the 2013 SCCC Recovery Plan at 4-9 makes no reference to tidewater goby habitat, and therefore denies the allegations in the first sentence of paragraph 146. With respect to the third sentence of paragraph 146, the allegations reference 59 Fed. Reg. 5496, which is the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County admits only that the referenced excerpts in the third sentence of paragraph 146 appear in 59 Fed. Reg. 5496, and otherwise denies the allegations.

147.   The County denies the allegations in the first sentence of paragraph 147. The allegations in the second sentence of paragraph 147 reference, in their entirety, the FWS, Comments on the February 2004 Draft of the Arroyo Grande Creek Habitat Conservation Plan, San Luis Obispo County, California (June 2005), which is the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County admits that in the summer of 2004 certain portions of Arroyo Grande Creek were dry for some period of time, and otherwise denies the allegations in paragraph 147.

148.   The allegations in paragraph 148 consist entirely of references to external references, which provide the best evidence of their contents, and therefore no response by the County is required. To the extent a response is required, the County admits that in the past certain portions of Arroyo Grande Creek were dry for some period of time, and otherwise denies the allegations in paragraph 148.

149.    The County denies the allegations in paragraph 149.

150.    The County denies the allegations in paragraph 150.

151.    The County denies the allegations in paragraph 151.

152.    The County denies the allegations in the first sentence of paragraph 152. The allegations in the third sentence of paragraph 152 reference 59 Fed. Reg. 5496, which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits only that the referenced language in the third sentence appears in 59 Fed. Reg. 5496, and otherwise denies the allegations.

153.    The County denies the allegations in paragraph 153.

154.    The County denies the allegations in paragraph 154.

155.    The allegations in paragraph 155, in their entirety, reference July 21, 2021, California State Parks, Aquatic Survey Report for Arroyo Grande, Meadow, Pismo, and Carpenter Creek Lagoons (Reference Permit #TE-101154-3), which is the best evidence of its contents, therefore no response from the County is required. To the extent a response is required, the County admits that in 2021 someone recommended that resource managers and other stakeholders increase engagement on local water management issues, and otherwise denies the allegations in paragraph 155.

156.    The allegations in paragraph 156, in their entirety, reference Feb. 25, 2022, California State Parks, Aquatic Survey Report for Arroyo Grande, Oso Flaco, Pismo, and Carpenter Creek Lagoons (Reference Permit #TE-101154-3), which is the best evidence of its contents, therefore no response from the County is required. To the extent a response is required, the County admits that in 2022 someone recommended that resource managers and other stakeholders increase engagement on local water management issues, and otherwise denies the allegations in paragraph 156.

157.    The allegations in paragraph 157, in their entirety, reference Feb. 25, 2022, California State Parks, Aquatic Survey Report for Arroyo Grande, Oso Flaco, Pismo, and Carpenter Creek Lagoons (Reference Permit #TE-101154-3), which is the best evidence of its contents, therefore no response from the County is required. To the extent a response is required, the County admits that the quoted language appears in the document, and otherwise denies the allegations.

158.    The allegations in paragraph 158, in their entirety, reference Sept. 28, 2022, California State Parks, Aquatic Survey Report for Arroyo Grande, Oso Flaco, Pismo, and Carpenter Creek Lagoons (Reference Permit #TE-101154-3), which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits that the quoted language appears in the document, and otherwise denies the allegations.

159.    The allegations in paragraph 159, in their entirety, reference Jan. 10, 2023, California State Parks, Aquatic Survey Report for Arroyo Grande, Oso Flaco, Pismo, and Carpenter Creek Lagoons (Reference Permit #TE- 101154-3), which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits that the quoted language appears in the document, and otherwise denies the allegations.

160.    The County denies the allegations in paragraph 160.

**F.    Least Bell's Vireo (*Vireo bellii pusillus*) and the County's Operation of the Project.**

**Least Bell's Vireo and Arroyo Grande Creek**

161.    To the extent the allegations in paragraph 161 reference 51 Fed. Reg. 16474 (May 2, 1986), that document provides the best evidence of its contents, therefore no response from the County is required. To the extent a response is required, the County admits only that the referenced excerpts in the first and third sentences appear in 51 Fed. Reg. 16474, and the County denies that the referenced

1  excerpt in the fifth sentence appears in 51 Fed. Reg. 16474. The County otherwise

2  denies the allegations.

3      162.    With respect to the first sentence in paragraph 162, the County admits

4  that many Vireo build nests in willows, and otherwise denies the allegations in the

5  first sentence. To the extent the allegations in the third sentence of paragraph 162

6  refer to FWS, 1998 Draft Recovery Plan for the Least Bell's Vireo, that document

7  is the best evidence of its contents, and no response from the County is required. To

8  the extent a response is required, the County admits that Vireo do not exclusively

9  build nests in willows, and otherwise denies the allegations in the third sentence. To

10  the extent the allegations in the fifth sentence of paragraph 162 reference 2014 Lopez

11  Water Project Habitat Conservation Plan, prepared by H. T. Harvey & Associates

12  for San Luis Obispo County, that document is the best evidence of its contents, and

13  therefore no response from the County is required. To the extent a response is

14  required, the County admits that in 2014 there was suitable nesting habitat for Vireo

15  but no sitings of Vireo along Arroyo Grande Creek, and otherwise denies the

16  allegations in the fifth sentence.

17      163.    To the extent the allegations in paragraph 163 reference 2014 Lopez

18  Water Project Habitat Conservation Plan, prepared by H. T. Harvey & Associates

19  for San Luis Obispo County, that document is the best evidence of its contents, and

20  therefore no response from the County is required. To the extent a response is

21  required, the County admits that a Vireo was documented many miles away from

22  the Arroyo Grande Creek in 2008 or 2009, and otherwise denies the allegations.

23      164.    To the extent the allegations in paragraph 164 reference 51 Fed. Reg.

24  16478, that document is the best evidence of its contents, and therefore no response

25  from the County is required. To the extent a response is required, the County admits

26  only that 51 Fed. Reg. 16478 states that threats to the least Bell's vireo includes

27  riparian habitat destruction, but denies that 51 Fed. Reg. 16478 states that threats to

28  the least Bell's vireo includes nest survival.

165.   To the extent the allegations in paragraph 165 reference 51 Fed. Reg. 16474, that document is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits only that the excerpted language in paragraph 165 appears in 51 Fed. Reg. 16474, 16478, and otherwise denies the allegations.

166.   The County lacks sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 163, and therefore denies the allegations on that basis. The County denies that the referenced language in paragraph 166 appears in "*Id.* at 4" as Plaintiffs allege in the second sentence of paragraph.

**The County's Operation of the Project is Harming Least Bell's Vireo**

167.   The County denies the allegations in paragraph 167.

168.   The County denies the allegations in paragraph 168.

169.   To the extent the allegations in paragraph 169 reference external sources, those sources are the best evidence of their contents, and therefore no response is required. To the extent a response is required, the County denies the allegations.

170.   To the extent that the allegations in paragraph 170 refer to external sources, those sources are the best evidence of their contents, and therefore no response from the County is required. To the extent a response is required, the County admits Vireo can occur in a variety of riparian habitat types, and otherwise denies the allegations.

171.   The County denies the allegations in paragraph 171.

172.   The County denies the allegations in paragraph 172.

173.   The County denies the allegations in paragraph 173.

**G.    Southwestern Pond Turtle (*Actinemys pallida*) and the County's Operations of the Project**

**Southwestern Pond Turtle and the Arroyo Grande Creek**

174.   To the extent the allegations in paragraph 174 reference 88 Fed. Reg. 68370 (Oct. 3, 2024) and 89 Fed. Reg. 23534 (Apr. 4, 2024), those documents are the best evidence of their contents, therefore no response from the County is required. To the extent a response is required, the County admits the allegations in paragraph 174.

175.   To the extent the allegations in paragraph 175 reference 89 Fed. Reg. 23534, that documents is the best evidence of its contents, therefore no response from the County is required. To the extent a response is required, the County admits the allegations in paragraph 175.

176.   The allegations in paragraph 176 reference a County of San Luis Obispo (Oct. 2010), Arroyo Grande Creek Channel Waterway Management Program Final Environmental Impact Report, SCH No. 2009061030, which is the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County admits that Southwestern pond turtles may inhabit certain streams that contain pools from 3 to 5.2 feet deep at some point in time, and otherwise denies the allegations.

177.   The allegations in paragraph 177 reference 88 Fed. Reg. 68376, which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits that the referenced language in paragraph 177 appears in 88 Fed. Reg. 68376, and otherwise denies the allegations.

178.   The allegations in paragraph 178 reference 88 Fed. Reg. 68378, which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits that the referenced

COUNTY OF SAN LUIS OBISPO'S FIRST AMENDED ANSWER
62995176

1    language in paragraph 178 appears in 88 Fed. Reg. 68378, and otherwise denies the

2    allegations.

3          179.   The allegations in paragraph 179 consist entirely of references to 88

4    Fed. Reg. 68378, which is the best evidence of its contents, and therefore no response

5    from the County is required. To the extent a response is required, the County admits

6    that the referenced language in paragraph 179 appears in 88 Fed. Reg. 68378, and

7    otherwise denies the allegations.

8          180.   The allegations in paragraph 180 consist entirely of references to 88

9    Fed. Reg. 68378, which is the best evidence of its contents, and therefore no response

10    from the County is required. To the extent a response is required, the County admits

11    that the referenced language in paragraph 180 appears in 88 Fed. Reg. 68378, and

12    otherwise denies the allegations.

13          181.   To the extent the allegations in paragraph 181 reference Arroyo Grande

14    Creek WMP 2010 EIR, that document is the best evidence of its contents, and

15    therefore no response by the County is required. To the extent a response is required,

16    the County admits that at some point in time the Southwestern pond turtle inhabited

17    some portion of Arroyo Grande Creek, and otherwise denies the allegations in the

18    first sentence. With regards to the third sentence of paragraph 181, the County admits

19    only that southwestern pond turtles have utilized instream and open water habitat of

20    Arroyo Grande Creek at some point in time, and otherwise denies the allegations in

21    the third sentence.

22    **The County's Operation of the Project is Harming Southwestern Pond Turtle**

23          182.   The County denies the allegations in paragraph 182.

24          183.   The County denies the allegations in paragraph 183.

25          184.   The County denies the allegations in paragraph 184.

26          185.   The County denies the allegations in paragraph 185.

27          186.   The County denies the allegations in paragraph 186.

28

187.   Paragraph 187 is a request for relief to which no response is required. To the extent a response is required, the County denies that Plaintiffs are entitled to any relief whatsoever.

## FIRST CLAIM FOR RELIEF

**Violation of ESA Section 9 – Prohibition Against Unauthorized Take of Steelhead 16 U.S.C. § 1538; Request for Declaratory Relief and Injunction to Enjoin County from Taking Steelhead**

188.   In response to paragraph 188, the County restates, realleges, and incorporates its responses to paragraphs 1 through 187 above, as if fully stated herein.

189.   Paragraph 189 consists entirely of legal conclusions to which no response is required. To the extent a response is required, the County denies such allegations in their entirety.

## SECOND CLAIM FOR RELIEF

**Violation of California Fish and Game Code § 5937 Associated with Harm to Steelhead, Pursuant to California Code of Civil Procedure § 1085**

190.   In response to paragraph 190, the County restates, realleges, and incorporates its responses to paragraphs 1 through 189, as if fully stated herein.

191.   Paragraph 191 consists entirely of legal conclusions to which no response is required. To the extent a response is required, the County admits that it has a duty under Cal. Fish & Game Code § 5937 to the extent that it applies, but denies that such duty is as Plaintiffs characterize, and denies all allegations in the second sentence of paragraph 191.

///

COUNTY OF SAN LUIS OBISPO'S FIRST AMENDED ANSWER
62995176

**THIRD CLAIM FOR RELIEF**

**Violation of California Fish and Game Code § 5901 Associated with Harm to Steelhead, Pursuant to California Code of Civil Procedure § 1085**

192.   In response to paragraph 192, the County restates, realleges, and incorporates its responses to paragraphs 1 through 191 above, as if fully stated herein.

193.   Paragraph 193 consists entirely of legal conclusions to which no response is required. To the extent a response is required, the County admits that it has a duty under Cal. Fish & Game Code § 5901 to the extent that it applies, but denies that such duty is as Plaintiffs characterize, and denies all allegations in the second sentence of paragraph 193.

**FOURTH CLAIM FOR RELIEF**

**Violation of the California Public Trust Doctrine, Pursuant to California Code of Civil Procedure § 1085**

194.   In response to paragraph 194, the County restates, realleges, and incorporates its responses to paragraphs 1 through 193 above, as if fully stated herein.

195.   Paragraph 195 consists entirely of legal conclusions to which no response is required. To the extent a response is required, the County admits that it has a duty under the California public trust doctrine to the extent that it applies, and denies all other allegations in paragraph 195.

**FIFTH CLAIM FOR RELIEF**

**Violation of California Constitution Article X, Section 2 Due to Harm to the Arroyo Grande Creek Environment, Pursuant to California Code of Civil Procedure § 1085**

196.   In response to paragraph 196, the County restates, realleges, and incorporates all applicable responses above, as if fully stated herein.

197.   Paragraph 197 consists entirely of legal conclusions to which no response is required. To the extent a response is required, the County admits that it has a duty under California constitution article X, section 2 to the extent that it applies, and otherwise denies the allegations in paragraph 197.

## REMEDY

198.   Paragraph 198 consists entirely of legal conclusions to which no response is required. To the extent a response is required, the County denies that Plaintiff is entitled to any remedy or relief whatsoever.

## PRAYER FOR RELIEF

The remaining allegations are requests for relief to which no response is required. To the extent a response is required, the County denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

The County denies each and every allegation in the Complaint that has not been otherwise expressly admitted, qualified, or denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

*(Statute of Limitations)*

Plaintiffs are barred from recovery sought in their Complaint by operation of the applicable statute of limitations. To the extent Plaintiffs rely on past harm to Steelhead to establish a violation of Section 9 of the ESA (First Claim for Relief), and that past harm occurred beyond the operative statute of limitations, Plaintiffs' claim is barred. *All. for the Wild Rockies v. U.S. Dep't of Agric.*, 772 F.3d 592 (9th Cir. 2014); *Ctr. for Biological Diversity v. EPA*, 847 F.3d 1075, 1087 (9th Cir. 2017). With respect to the statutory claims under California state law (Second and Third Claims for Relief), to the extent that Plaintiffs allege violations that occurred beyond the three-year general statute of limitations, Plaintiffs claims are time-barred. Cal. Civ. Proc. § 338(a).

COUNTY OF SAN LUIS OBISPO'S FIRST AMENDED ANSWER
62995176

**Second Affirmative Defense**

*(Laches)*

Plaintiffs' claims for relief are barred by the doctrine of laches. Lopez Dam was constructed in 1968, and the County's operative IDRS was first implemented in 2007. To the extent Plaintiffs argue that Lopez Dam acts as a complete barrier to Steelhead migration or habitat and therefore "take" of Steelhead is occurring in violation of Section 9 of the ESA, the Dam has stood for nearly 60 years. Since the Dam's construction in 1968, the County and its residents have relied on the water in Lopez Lake for municipal, agricultural, and industrial purposes, along with groundwater recharge and species habitat. To the extent Plaintiffs argue the IDRS provides insufficient releases of water for Steelhead, CRLF, tidewater goby, and the least Bell's vireo, the County, the local municipalities it contracts with, and county residents have relied on the schedule of water releases in the IDRS for nearly 20 years. Plaintiffs offer no reason for their delay in bringing suit for nearly 20 years with respect to the implementation of the IDRS and nearly 60 years with respect to the construction of Lopez Dam. *Apache Survival Coalition v. United States*, 21 F.3d 895, 907 (9th Cir. 1994); *Friends of Yosemite v. Frizzell*, 420 F. Supp. 390, 397 (N.D. Cal. 1976).

**Third Affirmative Defense**

*(No Private Right of Action)*

The Third Claim for Relief is barred against the County in whole or in part to the extent there is no private right of action under section 5901 of the California Fish and Game Code. *Noe v. Superior Ct.*, 187 Cal. Rptr. 3d 836, 855–58 (Cal. Ct. App. 2015); *Julian v. Mission Cmty. Hosp.*, 218 Cal. Rptr. 3d 38, 54–56 (Cal. Ct. App. 2017).

///

### Fourth Affirmative Defense

*(Separation of Powers)*

The remedies sought by Plaintiffs are barred to the extent they violate the separation of powers doctrine or would otherwise require the Court to act as a permitting or regulatory agency. Specifically, Plaintiffs request this Court to issue injunctive relief that would alter the County's water releases related to the Project, which are determined according to the terms of the County's water rights permit, which is within the exclusive jurisdiction of state regulatory agencies. By doing so, the Court would interfere with the essential operations of the state's executive branch, in violation of article III, section 3 of the California constitution. *Butt v. State of California*, 842 P.2d 1240, 1258 (Cal. 1992).

### THE COUNTY'S PRAYER FOR RELIEF

1.    That Plaintiffs take nothing by the Complaint.

2.    That this Court enter a judgment dismissing Plaintiffs' Complaint against the County, and all causes of action therein, with prejudice.

3.    That this Court award the County the costs of suit incurred herein, including both their costs and attorneys' fees.

4.    That this Court award the County such additional and further relief as the Court deems just, equitable, and proper.


Date:    November 5, 2024

NOSSAMAN LLP
PAUL WEILAND
BENJAMIN Z. RUBIN
ELIZABETH KLEBANER


By: */s/ Benjamin Z. Rubin*

Benjamin Z. Rubin

Attorneys for Defendant
COUNTY OF SAN LUIS OBISPO

COUNTY OF SAN LUIS OBISPO'S FIRST AMENDED ANSWER

62995176