NOSSAMAN LLP
PAUL S. WEILAND (SBN 237058)
pweiland@nossaman.com
BENJAMIN Z. RUBIN (SBN 249630)
brubin@nossaman.com
ELIZABETH KLEBANER (SBN 261735)
lklebaner@nossaman.com
DEREK J. KLIEWER (SBN 345855)
dkliewer@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone:  949.833.7800
Facsimile:   949.833.7878

Attorneys for Defendant
COUNTY OF SAN LUIS OBISPO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SAN LUIS OBISPO COASTKEEPER, LOS PADRES FORESTWATCH, CALIFORNIA COASTKEEPER ALLIANCE, and THE ECOLOGICAL RIGHTS FOUNDATION,<br><br>        Plaintiffs,<br><br>        vs.<br><br>COUNTY OF SAN LUIS OBISPO,<br><br>        Defendant. | Case No:  2:24-cv-06854 SPG (ASx)<br><br>**DEFENDANT COUNTY OF SAN LUIS OBISPO'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date Action Filed: August 13, 2024<br>Date First Amended Complaint Filed: December 27, 2024 |

Defendant County of San Luis Obispo ("County"), by and through its undersigned counsel, submits the following Answer to the Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief ("FAC") (ECF No. 65).

The paragraph numbers, headings, and subheadings in this Answer correspond to the paragraph numbers, headings, and subheadings in the FAC. The paragraph numbers, headings, and subheadings in this Answer are neither admissions nor denials of any allegations contained therein; rather, the paragraph numbers, headings, and subheadings in this Answer are merely intended to assist the reader in matching portions of this Answer to the corresponding portions of the FAC.

## INTRODUCTION

1.    The County denies every allegation in the first sentence of paragraph 1, except the County admits that Plaintiffs have filed suit against the County and included an Endangered Species Act ("ESA") claim in the FAC. The County admits in the second sentence of paragraph 1 only that it or the San Luis Obispo Flood Control and Water Conservation District ("District") operates and maintains Lopez Dam, a three-mile buried steel transmission line that conveys water to Lopez Terminal Reservoir, the Lopez Water Treatment Plant, and the Waterway Management Program. The County denies it operates and maintains certain unidentified "various in-stream infrastructure downstream from Lopez Dam." On this basis, the County further denies all allegations contained in the FAC that refer to "the Arroyo Grande Project" as Plaintiffs define it in paragraph 1. The County denies all remaining allegations in Paragraph 1.

2.    The County denies each and every allegation in paragraph 2, except that the County admits that: the Lopez Dam is a barrier to Steelhead migration to the extent that Steelhead would migrate further up Arroyo Grande Creek but are precluded from doing so owing to the Dam's existence, the South-Central California Coast Steelhead ("Steelhead") is a distinct population segment and is

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

listed as threatened under the Endangered Species Act ("ESA"), the California red-legged frog ("CRLF") is listed as threatened under the ESA, the tidewater goby is listed as endangered under the ESA, the least Bell's vireo is listed as endangered under the ESA, and the southwestern pond turtle is proposed for listing under the ESA.

3.      The allegations in paragraph 3 contain legal conclusions to which no response is required. To the extent that a response is required, the County denies the allegations contained in paragraph 3, including that Plaintiffs are entitled to any of the relief which they seek.

4.      The allegations in paragraph 4 contain legal conclusions to which no response is required. To the extent that a response is required, the County denies the allegations contained in paragraph 4.

5.      The allegations contained in paragraph 5 contain legal conclusions to which no response is required. To the extent a response is required, the County admits only that Plaintiffs have included claims under California Fish and Game Code sections 5937 and 5901, the California Public Trust Doctrine, and the California Constitution Article X, Section 2 in the FAC. The County denies each and every remaining allegation contained in paragraph 5.

6.      The allegations in paragraph 6 are legal conclusions and/or Plaintiffs' demands for relief, to which no response from the County is required. To the extent a response is required, the County denies each and every allegation in paragraph 6, and specifically denies that Plaintiffs are entitled to any relief from the County in this action, including that which is enumerated in paragraph 6.

**JURISDICTION**

7.      The County admits that this Court has jurisdiction over Plaintiffs' ESA claim under 28 U.S.C. § 1331 to the extent the facilities in the FAC were specifically identified in the 60-day Notice of Intent required under the ESA and the County is responsible for operating and/or maintaining the facilities. The

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT
63247771.v4

1  remainder of Plaintiffs' allegations are legal conclusions related to this Court's
2  jurisdiction, to which no response is required. To the extent a response is required,
3  the County admits that to the extent that federal question jurisdiction exists and that
4  Plaintiffs have standing to pursue the claims, supplemental jurisdiction exists over
5  the state law claims. The County denies the remainder of the allegations in
6  paragraph 7.

7  8.    The allegations in the first sentence of paragraph 8 are legal
8  conclusions related to this Court's jurisdiction, to which no response by the County
9  is required. To the extent a response is required, the County denies each and every
10 allegation in paragraph 8, except the County admits Plaintiffs provided notice of
11 intent to file suit under the ESA on June 6, 2024 to the County, and supplemental
12 notice of intent to file suit on October 10, 2024, and that more than sixty days have
13 passed since Plaintiffs' served these notices and neither the Secretary of Commerce
14 nor the Secretary of the Interior has initiated any enforcement action against the
15 County for alleged ESA violations.

16 9.    The allegations in paragraph 9 are legal conclusions relating to this
17 Court's jurisdiction over Plaintiffs' state law claims, to which no response by the
18 County is required. To the extent any response is required, the County denies each
19 and every allegation in paragraph 9.

20 10.   The County admits the allegations in paragraph 10.

21 11.   The allegations in paragraph 11 are legal conclusions related to
22 Plaintiffs' standing to bring this suit, to which no response by the County is
23 required. To the extent any response is required, the County denies the allegations
24 in the first sentence of paragraph 11. The County lacks information sufficient to
25 form a belief as to the truth or accuracy of Plaintiffs' allegations in the second
26 sentence of paragraph 11, and therefore denies the allegations. The County denies
27 each and every remaining allegation in paragraph 11, and denies that Plaintiffs are
28 entitled to any of the relief sought.

12.    Paragraph 12 consists entirely of legal conclusions, and therefore no response by the County is required. To the extent any response is required, the County denies each and every allegation in paragraph 12, and denies that Plaintiffs are entitled to any relief whatsoever.

**VENUE**

13.    The allegations in the first two sentences of paragraph 13 consist entirely of legal conclusions related to venue, to which no response is required. To the extent any response is required, the County denies each and every allegation in the first two sentences of paragraph 13. With respect to the third sentence of paragraph 13, the County admits only that its offices are located in San Luis Obispo County. The County lacks sufficient information to form a belief as to the truth or accuracy of the remaining allegations in the third sentence of paragraph 13, and therefore denies the remaining allegations in that sentence.

**THE PARTIES**

**A.    Plaintiffs**

14.    The County lacks sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 14, and therefore denies them on that basis.

15.    The County lacks sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 15, and therefore denies them on that basis.

16.    The County lacks sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 16, and therefore denies them on that basis.

17.    The County lacks sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 17, and therefore denies them on that basis.

18.    The County denies all allegations in paragraph 18 that it has caused

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

harm to any species. The County lacks sufficient information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 18, and therefore denies them on that basis.

19.    The County denies all allegations in paragraph 19 that it has caused harm to any species. The County lacks sufficient information to form a belief as to the truth or accuracy of the remaining allegations in the first two sentences in paragraph 19, and therefore denies them on that basis. To the extent that the allegations in the third sentence of paragraph 19 are legal conclusions, no response by the County is required. If any response is required, the County denies all allegations in the third sentence of paragraph 19. The County lacks sufficient information to form a belief as to the truth or accuracy of the allegations in the fourth sentence in paragraph 19, and therefore denies them on that basis. The County denies the allegations in the fifth sentence in paragraph 19 and denies that Plaintiffs are entitled to any relief whatsoever.

**B.    Defendant**

20.    The County admits the allegations in the first and third sentences of paragraph 20. The allegations in the second and fourth sentences in paragraph 20 contain legal conclusions to which no response is required. To the extent that a response is required, the County denies the allegations contained in the second and fourth sentences in paragraph 20, except that it admits that it or the District operates and maintains Lopez Dam, a three-mile buried steel transmission line that conveys water to Lopez Terminal Reservoir, and the Lopez Water Treatment Plant, the Waterway Management Program, and that it is responsible for complying with the ESA to the extent it applies.

## LEGAL BACKGROUND

**A.    The Federal Endangered Species Act**

21.    The allegations contained in the first sentence of paragraph 21 contain legal conclusions and 16 U.S.C. § 1531(b) is the best evidence of its contents.

1    Therefore, no response by the County is required. To the extent a response is

2    required, the County admits the first sentence of paragraph 21 only to the extent the

3    paragraph is consistent with the language of 16 U.S.C. § 1531(b). The remainder of

4    paragraph 21 consists, in its entirety, of legal argument and citations, to which no

5    response by the County is required. To the extent a response by the County is

6    required, the County admits only that the quoted language in the third and fifth

7    sentences of paragraph 20 appears in *Tennessee Valley Authority v. Hill,* 437 U.S.

8    153 (1978).

9        22.    The allegations in paragraph 22 and footnote 1 contain legal

10   conclusions and 16 U.S.C. §§ 1532(5), (6), (20) and 1533(a)(1), (a)(3) contain the

11   best evidence of their contents. Therefore, no response by the County is required.

12   To the extent a response from the County is required, the County admits the

13   allegations in paragraph 22 and footnote 1 only to the extent it is consistent with the

14   language of 16 U.S.C. §§ 1532(5), (6), (20) and 1533(a)(1), (a)(3). The County

15   denies all other allegations contained in paragraph 22.

16       23.    The allegations in paragraph 23 contain legal conclusions and 16

17   U.S.C. § 1538(a)(1)(B) and 50 C.F.R. §§ 17.31, 223.203 contain the best evidence

18   of their contents. Therefore, no response by the County is required. To the extent a

19   response from the County is required, the County admits the allegations in

20   paragraph 23 only to the extent it is consistent with the language of 16 U.S.C. §

21   1538(a)(1)(B) and 50 C.F.R. §§ 17.31, 223.203. The County denies all other

22   allegations contained in paragraph 23.

23       24.    The allegations in paragraph 24 contain legal conclusions and 16

24   U.S.C. §§ 1532(13) and 1538(g) contain the best evidence of their contents.

25   Therefore, no response by the County is required. To the extent a response from the

26   County is required, the County admits the allegations in paragraph 24 only to the

27   extent it is consistent with the language of 16 U.S.C. §§ 1532(13) and 1538(g). The

28   County denies all other allegations contained in paragraph 24.

1    25.    The allegations in the first two sentences of paragraph 25 contain legal

2  conclusions and 16 U.S.C. § 1532(19) contains the best evidence of its contents.

3  Therefore, no response by the County is required. To the extent a response from the

4  County is required, the County admits only that the quoted language in the first

5  sentence of paragraph 25 appears in 16 U.S.C. § 1532(19). The allegations in the

6  third and fourth sentences consist of legal conclusions and citations, to which no

7  response by the County is required. To the extent a response is required, the County

8  denies the allegations contained in the third and fourth sentences of paragraph 25.

9  The County denies all other allegations contained in paragraph 25.

10    26.    The allegations in paragraph 26 contain legal conclusions and 50

11  C.F.R. §§ 17.3 and 222.102 and 64 Fed. Reg. 60,727 (Nov. 8, 1999) contain the

12  best evidence of their contents. Therefore, no response by the County is required.

13  To the extent a response by the County is required, the County admits only that the

14  quoted language in the first sentence of paragraph 26 appears in 50 C.F.R. §§ 17.3

15  and 222.102, and that the quoted language in the third sentence of paragraph 26

16  appears in 50 C.F.R. § 222.102. The County also admits that the quoted language

17  in the fifth and seventh sentences of paragraph 26 appears in 64 Fed. Reg. 60,727

18  (Nov. 8, 1999). The County denies all other allegations contained in paragraph 26.

19    27.    The allegations in paragraph 27 contain legal conclusions and 50

20  C.F.R. § 17.3 contains the best evidence of its contents. Therefore, no response by

21  the County is required. To the extent a response by the County is required, the

22  County admits only that the quoted language in paragraph 27 appears in 50 C.F.R.

23  § 17.3 and that the National Marine Fisheries Service ("NMFS") has not issued a

24  formal rule defining "harass." The County denies all other allegations contained in

25  paragraph 27.

26    28.    The allegations in paragraph 28 contain legal conclusions and 16

27  U.S.C. § 1536 contains the best evidence of its contents. Therefore, no response by

28  the County is required. To the extent a response by the County is required, the

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT
63247771.v4

1   County admits the allegations in paragraph 28 only to the extent they is consistent
2   with the language of 16 U.S.C. § 1536. The County denies all other allegations
3   contained in paragraph 28.

4          29.     The allegations in paragraph 29 contain legal conclusions and 16
5   U.S.C. § 1536(o) contains the best evidence of its contents. Therefore, no response
6   by the County is required. To the extent a response by the County is required, the
7   County admits the allegations the first sentence of paragraph 29 only to the extent
8   they are consistent with the language of 16 U.S.C. § 1536(o). The County also
9   admits that the quoted language in the fifth sentence of paragraph 29 appears in
10  *Arizona Cattle Growers' Ass'n. v. U.S. Fish & Wildlife, Bureau of Land Mgmt.*, 273
11  F.3d 1229, 1239 (9th Cir. 2001). The County denies all other allegations contained
12  in paragraph 29.

13         30.     The allegations in paragraph 30 contain legal argument and
14  conclusions and 16 U.S.C. § 1540(g)(1) and the case law cited contain the best
15  evidence of their contents. Therefore, no response by the County is required. To the
16  extent a response by the County is required, the County admits only that the quoted
17  language in the first sentence of paragraph 30 appears in 16 U.S.C. § 1540(g)(1),
18  and that the court in *Marbled Murrelet v. Babbitt,* 83 F.3d 1060, 1068 (9th Cir.
19  1996) affirmed the district court's permanent injunction ruling in that case under 16
20  U.S.C. § 1540(g)(1). The County denies all other allegations in paragraph 30
21  including that *Marbled Murrelet* supports Plaintiffs' assertion that a court may grant
22  preliminary injunctive relief in this case pursuant to that provision.

23  **B.     California Fish and Game Code Section 5937**

24         31.     The allegations in paragraph 31 consist entirely of legal argument,
25  conclusions and citations, to which no response by the County is required. To the
26  extent a response is required, the County admits only that the quoted language in
27  the first sentence appears in Cal. Fish & Game Code § 5937 and that the quoted
28  language in the third sentence appears in *California Trout, Inc. v. Superior Court,*

266 Cal. Rptr. 788 (Cal. Ct. App. 1990). The County denies all other allegations contained in paragraph 31.

### C.  California Fish and Game Code Section 5901

32.    The allegations in paragraph 32 consist entirely of legal conclusions, to which no response by the County is required. To the extent a response by the County is required, the County admits only that the quoted language is a partial quote of language that appears in Cal. Fish & Game Code § 5901. The County denies all other allegations contained in paragraph 32.

### D.  The California Public Trust Doctrine

33.    The allegations in paragraph 33 consist entirely of legal argument, conclusions and citations, to which no response by the County is required. To the extent a response by the County is required, the County admits only that the quoted language in the first sentence appears in *National Audubon Society v. Superior Court*, 33 Cal. 3d 419 (Cal. Ct. App. 1983). The County denies that the quoted language in the second sentence appears in any of the cases Plaintiffs cite in paragraph 33. The County denies each and every remaining allegation in paragraph 33.

34.    The allegations in paragraph 34 consist entirely of legal argument, conclusions and citations, to which no response by the County is required. To the extent that a response by the County is required, the County admits only that the quoted language in the third sentence appears in *National Audubon Society v. Superior Court*, 189 Cal. Rptr. 346 (Cal. Ct. App. 1983). The County denies all remaining allegations contained in paragraph 34.

### E.  California Constitution Article X, Section 2

35.    Paragraph 35 consists entirely of legal argument, conclusions and citations, to which no response by the County is required. To the extent a response is required, the County admits only that the quoted language in the first sentence of paragraph 35 appears in article X, section 2 of the California constitution, that the

quoted language in the second sentence of paragraph 35 appears in *City of Barstow v. Mojave Water Agency*, 23 Cal. 4th 1224 (2000), and that the quoted language in the fourth sentence of paragraph 35 appears in *Santa Barbara Channelkeeper v. City of San Buenaventura*, 48 Cal. Rptr. 3d 468 (Cal. Ct. App. 2006). The County denies all remaining allegations contained in paragraph 35.

### F. California Code of Civil Procedure Section 1085

36. Paragraph 36 consists entirely of legal conclusions, and Cal. Code. Civ. Proc. § 1085 is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admits only that the quoted language appears in Cal. Code Civ. Proc. § 1085. The County denies all remaining allegations contained in paragraph 36.

## FACTUAL BACKGROUND

### A. The County's Diversions and Operations of the Lopez Project

37. Consistent with its answer to paragraph 1, the County admits to Plaintiffs' characterization of the "Lopez Project" and/or "Arroyo Grande Project" as set forth in paragraph 37 only to the extent it consists of "Lopez Dam, a three-mile 20-inch diameter buried steel transmission line for conveyance of raw water to the Lopez Terminal Reservoir and subsequently to Lopez Water Treatment Plant, the Lopez Water Treatment Plant and the Waterway Management Program. To the extent that Plaintiffs' characterization of the "Lopez Project" and/or "Arroyo Grande Project" includes Lopez Lake, "various in-stream infrastructure downstream of Lopez Dam," and unidentified in-stream infrastructure associated with the Waterway Management Program, the County denies those allegations. The County denies all remaining allegations contained in paragraph 37.

38. The County admits to the allegations in the first sentence of paragraph 38. As for the second sentence of paragraph 38, the County admits that the County or the District stores water behind the dam in Lopez Lake, and otherwise denies the allegations in the second sentence of paragraph 38.

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

39.    The County admits that it or the District operates and maintains Lopez Dam. The remaining allegations contained in paragraph 39 contain legal argument and conclusions to which no response is required.

40.    Consistent with its answers to paragraphs 1 and 37, the County denies Plaintiffs' definition of the "Lopez Project" as set forth in the FAC. The County admits only that infrastructure relating to Lopez Dam includes a three-mile 20-inch transmission pipe that conveys water to Terminal Dam, Lopez Reservoir, and Lopez Water Treatment Plant. The County denies all remaining allegations contained in paragraph 40.

41.    Consistent with its answers to paragraphs 1, 37, and 40, the County denies that the County operates or maintains Lopez Lake (also known as Lopez Reservoir) as part of the Lopez Project.

42.    The County denies the allegations in paragraph 42.

43.    Consistent with its answers to paragraphs 1, 37, 40, and 41, the County denies Plaintiffs' definition of the "Lopez Project" as set forth in the FAC. The County denies each and every allegation in paragraph 43, except the County admits that infrastructure owned or operated by the County or the District includes the "Biddle Park double arch culvert at the Biddle Park access road crossing over Arroyo Grande Creek," the "Arroyo Grande Stream Gage, ID # 8409," the "grade control structure downstream of Valley Road in Los Berros Creek, and "the remnants of the Cecchetti Road crossing." The County specifically denies that this infrastructure constitutes a "full or partial barrier[] to Steelhead migration" and it denies all remaining allegations contained in paragraph 43.

44.    Consistent with its answers to paragraphs 1, 37, 40, 41, and 43, the County denies all allegations in paragraph 44 to the extent they relate to "Lopez Project" infrastructure that is not operated by the County and/or to activities of third-parties over which the County has no control. The County denies the allegations in paragraph 44, except the County admits that it or the District operates

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT
63247771.v4

1  or maintains Lopez Dam and "the Arroyo Grande Creek stream gaging station," and

2  that water is released for various uses.

3      45.    Consistent with its answers to paragraphs 1, 37, 40, 41, 43, and 44, the

4  County denies all allegations contained in paragraph 45 to the extent they relate to

5  "Lopez Project" infrastructure that is not operated and maintained by the County or

6  District.  The County admits the allegations in paragraph 45 only as to the

7  infrastructure that is operated and maintained by the County or District. The County

8  specifically denies that any of the "instream infrastructure" in Arroyo Grande Creek

9  operated or maintained by the County of the District "poses full or partial barriers

10  to Steelhead migration."

11      **B.**    **Background on the County's Waterway Management Program**

12      46.    The County admits that the flood control channel along Arroyo Grande

13  Creek was completed in 1961, but denies all other allegations in the first sentence

14  of paragraph 46. With respect to the second sentence in paragraph 46, the County

15  admits that the flood control channel is comprised of a set of levees and a

16  constructed channel along approximately three miles of the lower portion of the

17  Creek. The County denies all other allegations in the first and second sentences in

18  paragraph 46. The allegations in the third and fifth sentences in paragraph 46 consist

19  of references to the ESA section 7(a)(2) Biological Opinion assessing the Corps'

20  permit for the San Luis Obispo Flood Control and Water Conservation District's

21  Arroyo Grande Creek Waterway Management Program (File No. SPL-2012-00317-

22  JWM) (hereafter, "2017 BiOp") and letter from NMFS dated November 30, 2005

23  that are the best evidence of their contents. Therefore, no response is required. The

24  County denies all remaining allegations in paragraph 46.

25      47.    With respect to the September 30, 2014 ESA consultation request

26  submitted by the U.S. Army Corps of Engineers referenced in paragraph 47, that

27  document speaks for itself and is the best evidence of its contents. Therefore, no

28  response is required.

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT
63247771.v4

48.     The allegations in paragraph 48 consist entirely of characterizations of and references to the 2017 BiOp, which speaks for itself and is the best evidence of its contents. Therefore, no response by the County is required.

49.     The allegations in paragraph 49 consist entirely of characterizations of and references to the 2017 BiOp, which speaks for itself and is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response from the County is required, the County admits that NMFS issued the 2017 BiOp in 2017, that NMFS identified a Reasonable and Prudent Alternative ("RPA") as part of the BiOp, and issued an Incidental Take Statement ("ITS") as part of the BiOp.

50.     The allegations in paragraph 50 consist entirely of characterizations of and references to the 2017 BiOp, which speaks for itself and is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response from the County is required, the County denies the allegations in paragraph 50 to the extent they are inconsistent with the statements in the 2017 BiOp.

51.     The allegations in paragraph 51 consist entirely of characterizations of and references to the 2017 BiOp, which speaks for itself and is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response from the County is required, the County denies the allegations in paragraph 51 to the extent they are inconsistent with the statements in the 2017 BiOp.

52.     The allegations in paragraph 52 consist entirely of characterizations of and references to the 2017 BiOp, which speaks for itself and is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response from the County is required, the County denies the allegations in paragraph 52 to the extent they are inconsistent with the statements in the 2017 BiOp.

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT
63247771.v4

53.     The allegations in paragraph 53 consist entirely of characterizations of and references to the 2017 BiOp, which speaks for itself and is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response from the County is required, the County denies the allegations in paragraph 53 to the extent they are inconsistent with the statements in the 2017 BiOp.

54.     The County admits the allegations in paragraph 54.

55.     The allegations in paragraph 55 consist entirely of characterizations of and references to the 2017 BiOp, which speaks for itself and is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response from the County is required, the County denies the allegations in paragraph 55 to the extent they are inconsistent with the statements in the 2017 BiOp.

56.     The allegations in paragraph 56 consist entirely of characterizations of and references to the 2017 BiOp, which speaks for itself and is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response from the County is required, the County denies the allegations in paragraph 56 to the extent they are inconsistent with the statements in the 2017 BiOp.

**C.      The County Has for Decades Operated and Maintained the Lopez Project in a Manner that Harms ESA-Listed Species without ESA Authorization.**

57.     The County denies each and every allegation in paragraph 57.

58.     The allegations contained in paragraph 58 purport to characterize the contents of a 1994 document, which is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admits only that there is a letter dated in January 1994 from Wm. H. L. Hommedieu to the California State Water Board ("State Board"), and that it alleged

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

1    violations of the California Fish & Game Code. The County denies all other

2    allegations contained in paragraph 58.

3        59.    The County denies the allegations in paragraph 59, except that it

4    admits that a response to the citizen's complaint was filed on or about June 15,

5    1994, that it was submitted to the Division of Water Rights, and that it asserted that

6    the County or District operates Lopez Dam in a manner consistent with all local,

7    state, and federal law.

8        60.    The allegations contained in paragraph 60 purport to characterize a

9    1994 document, which is the best evidence of its contents. Therefore, no response

10   by the County is required. To the extent a response is required, the County admits

11   only that there is a letter dated June 24, 1994 from the California Sportfishing

12   Protection Alliance to the State Board and that it alleged various violations. The

13   County denies all other allegations contained in paragraph 60.

14       61.    Except that the County admits that the State Board has issued and

15   extended water rights permits and the permit is currently in effect, the Count denies

16   the allegations contained in paragraph 61 and footnote 2.

17       62.    The County denies the allegations in paragraph 62, except that it

18   admits that a Final Draft Arroyo Grande Creek Habitat Conservation Plan and

19   Environmental Assessment/Initial Study was completed in 2004.

20       63.    The allegations contained in paragraph 63 purport to characterize the

21   2004 HCP and EA/IS, which is the best evidence of its contents. Therefore, no

22   response by the County is required. To the extent a response is required, the County

23   admits the allegations in paragraph 63 to the extent that it is consistent with the

24   language of the 2004 HCP and EA/IS, and denies as to the remainder.

25       64.    The allegations contained in paragraph 64 purport to characterize a

26   2004 document, which is the best evidence of its contents. Therefore, no response

27   by the County is required. To the extent a response is required, the County admits

28   only that NMFS issued a document dated November 25, 2004 titled NMFS

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

63247771.v4

Comments on the Proposed Instream Flow Schedule for Steelhead Trout in Arroyo Grande Creek Downstream of Lopez Dam ("2004 NMFS Comments"). The County denies all remaining allegations contained in paragraph 64.

65.    The County admits that NMFS suggested the development of an alternative downstream release schedule that would be similar to natural flows, but denies all other allegations in paragraph 65.

66.    The allegations in paragraph 66 purport to characterize the 2004 NMFS Comments, which provides the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County admits that NMFS suggested that development of an alternative downstream release schedule and denies all other allegations contained in paragraph 66.

67.    The allegations in paragraph 67 purport to characterize the June 27, 2005, FWS Comments on the February 2004 Draft of the Arroyo Grande Creek Habitat Conservation Plan, San Luis Obispo County, California ("2005 FWS Comments"). The 2005 FWS Comments provide the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County admits that FWS issued a document dated June 27, 2005 titled FWS Comments on the February 2004 Draft of the Arroyo Grande Creek Habitat Conservation Plan, San Luis Obispo County, California, and that FWS suggested that tidewater goby be added. The County denies all remaining allegations contained in paragraph 67.

68.    The allegations in paragraph 68 purport to characterize the 2005 FWS Comments, which provides the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County denies the allegations contained in paragraph 68.

69.    The allegations in paragraph 69 purport to characterize the March 13, 2006, FWS Comments on the July 2005 Draft of the Arroyo Grande Creek Habitat

Case No. 2:24-cv-06854 SPG (ASx)
COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT
63247771.v4

1  Conservation Plan, San Luis Obispo County, California ("2006 FWS Comments"),
2  which provides the best evidence of its contents, and therefore no response by the
3  County is required. To the extent a response is required, the County admits that
4  FWS submitted the 2006 FWS Comments and that these comments related to the
5  tidewater goby, and denies all other allegations contained in paragraph 69.

6      70.    The allegations in paragraph 70 purport to characterize the June 22,
7  2023, NMFS Letter to Keith Miller, San Luis Obispo County Department of Public
8  Works ("2023 NMFS Comments"), which provides the best evidence of its
9  contents, and therefore no response from the County is required. To the extent that
10 a response is required, the County admits that some of the comments related to
11 volitional fish passage and denies all other allegations contained in paragraph 70.

12     71.    Consistent with its answers to paragraphs 1, 37, 40, 41, 43, and 44, the
13 County denies Plaintiffs' definition of the "Lopez Project" as set forth in the FAC
14 and referenced in paragraph 71. The County denies the allegations in paragraph 71,
15 except that the County admits that it does not have a final HCP.

16     **D.    South-Central California Steelhead (*Oncorhnchus* [sic] *mykiss*)**
17          **and the County's Operations of the Arroyo Grande Project**
18          <u>**SCC Steelhead and the Arroyo Grande Creek**</u>

19     72.    The allegations in paragraph 72 consist entirely of legal conclusions,
20 to which no response by the County is required. To the extent a response is required,
21 the County admits the allegations in paragraph 72.

22     73.    The allegations in paragraph 73 consist entirely of legal conclusions,
23 to which no response by the County is required. To the extent a response is required,
24 the County admits the allegations in paragraph 73.

25     74.    The allegations in paragraph 74 purport to characterize contents of
26 multiple documents. The documents are the best evidence of their contents and
27 therefore no response is required by the County. To the extent a response is
28 required, the County denies the allegations as stated in paragraph 74.

75.    Plaintiffs' allegations contained in paragraph 75 purport to characterize the contents of the 2017 BiOp. The document is the best evidence of its contents and therefore no response is required by the County. To the extent a response is required, the County denies the allegations in paragraph 75.

76.    The allegations in paragraph 76 purport to characterize the contents of 70 Fed. Reg. 52488 (Sept. 2, 2005), which provides the best evidence of its contents. Therefore no response by the County is required. To the extent a response by the County is required, the County admits the allegations in paragraph 76 only to the extent the language in paragraph 76 is consistent with the language of 70 Fed. Reg. 52488 (Sept. 2, 2005), and otherwise denies the allegations in paragraph 76.

77.    The allegations in paragraph 77 purport to characterize the contents of 62 Fed. Reg. 43942 (Aug. 18, 1997), which provides the best evidence of its contents. Therefore no response by the County is required. To the extent that a response by the County is required, the County admits the allegations in paragraph 77 only to the extent the language in paragraph 77 is consistent with 62 Fed. Reg. 43942 (Aug. 18, 1997), and otherwise denies the allegations in paragraph 77.

78.    The allegations in the first sentence of paragraph 78 cite to the NMFS West Coast Region, 2023 5-Year Review: Summary & Evaluation of South-Central California Coast Steelhead, which provides the best evidence of its contents, and therefore no response by the County is required. The allegations in the third sentence of paragraph 78 cite to 70 Fed. Reg. 52492, which provides the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County admits only that the quoted language in paragraph 78 appears in the respective citations, and otherwise denies the allegations in paragraph 78.

79.    The allegations in paragraph 79 purport to characterize 78 Fed. Reg. 77430 (Dec. 23, 2013) and the 2013 SCCC Recovery Plan, each of which provides the best evidence of its contents, therefore no response by the County is required.

1    To the extent a response is required, the County denies the allegations as stated in
2    paragraph 79.

3    **The County's Operation of the Lopez Project is Harming SCCC Steelhead**

4    **The County's Construction, Operation, and Maintenance of the Lopez**
5    **Project Blocks Access to Valuable SCCC Steelhead Habitat**

6       80.    Consistent with its answers to previous paragraphs that discuss the
7    "Lopez Project," the County denies Plaintiffs' definition of the "Lopez Project" as
8    set forth in the FAC, and referenced in paragraph 80. The allegations in paragraph
9    80 constitute a legal conclusion, to which no response from the County is required.
10   To the extent a response is required, the County denies the allegations in paragraph
11   80.

12      81.    The allegations in the first and third sentences of paragraph 81 purport
13   to characterize 70 Fed. Reg. at 52507, which provides the best evidence of its
14   contents. Therefore no response by the County is required. The allegations in the
15   fifth sentence of paragraph 81 purport to characterize the 2023 SCCC Steelhead
16   Species Assessment, which provides the best evidence of its contents. Therefore,
17   no response by the County is required. To the extent a response is required, the
18   County admits only that Steelhead cannot migrate upstream beyond Lopez Dam
19   from Arroyo Grande Creek, but it denies all remaining allegations in paragraph 81.

20      82.    The allegations in paragraph 82 purport to characterize the contents of
21   the 2024 NMFS: Role of Arroyo Grande Creek, which provides the best evidence
22   of its contents. Therefore no response by the County is required. To the extent a
23   response is required, the County admits that Steelhead cannot migrate upstream
24   beyond Lopez Dam from Arroyo Grande Creek, and therefore access to some
25   potential Steelhead spawning and rearing habitat above Lopez Dam and Lopez Lake
26   is blocked. The County also admits that some portion of this potential Steelhead
27   spawning and rearing habitat is located on U.S. Forest Service land within Los
28   Padres National Forest. The County denies all other allegations in paragraph 82.

83.     The County denies Plaintiffs' definition of the "Lopez Project" as set forth in the FAC, and referenced in paragraph 83. The allegations in paragraph 83 purport to characterize the contents of the 2024 NMFS: Role of Arroyo Grande Creek, which provides the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admits only that Steelhead cannot migrate upstream beyond Lopez Dam from Arroyo Grande Creek, and therefore access to some potential Steelhead spawning and rearing habitat above Lopez Dam and Lopez Lake is blocked. The County denies all other allegations in paragraph 83.

84.     The County denies each and every allegation in paragraph 84.

85.     The County denies each and every allegation in paragraph 85, except it admits that Steelhead cannot migrate upstream beyond Lopez Dam from Arroyo Grande Creek, and therefore access to some potential Steelhead spawning and rearing habitat above Lopez Dam and Lopez Lake is blocked.

86.     The County denies Plaintiffs' definition of the "Lopez Project" as set forth in the FAC, and referenced in paragraph 86. The County denies each and every allegation in paragraph 86.

87.     The County denies each and every allegation in paragraph 87.

88.     To the extent the allegations in paragraph 88 constitute a legal conclusion, no response from the County is required. To the extent a response is required, the County denies the allegations in paragraph 88.

89.     The allegations in paragraph 89 purport to characterize the contents of the 2017 BiOp, which provides the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admis that the Steelhead population in Arroyo Grande Creek is designated a "Core-1 Population," and that this designation indicates a high priority and is based on a variety of factors.

90.     The allegations in paragraph 90 purport to characterize the contents of

Case No. 2:24-cv-06854 SPG (ASx)

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

63247771.v4

2017 BiOp, which provides the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admits that the Steelhead population extends over a broad and geographically diverse area and is therefore likely to withstand environmental unpredictability, and otherwise denies all other allegations in paragraph 90.

91.    The allegations in paragraph 91 purport to characterize the contents of the 2017 BiOp, which provides the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County denies the allegations in paragraph 91.

92.    The allegations in paragraph 92 purport to characterize the contents of 2017 BiOp, which provides the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admits that Steelhead actively spawn and rear in Arroyo Grande Creek, and otherwise denies all other allegations in paragraph 92.

93.    The allegations in paragraph 93 purports quote the contents of the 2017 BiOp, which provides the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admits only that the quoted language in paragraph 93 appears in the document.

**The County's Operation of the Lopez Project Reduces and Alters Flows in Arroyo Grande Creek, Resulting in Harm to Steelhead**

94.    The County denies the allegations in the first sentence of paragraph 94. With respect to the second sentence of paragraph 94, consistent with its answer to paragraph 1 and elsewhere in this Answer, the County denies the allegations in the second sentence to the extent the County does not operate the "Lopez Project" as Plaintiffs define it in the FAC. Except that the County admits that it or the District's maintenance and operation of Lopez Dam modifies the timing of water flow released into Arroyo Grande Creek, the County denies the allegations in the second sentence of paragraph 94.

95.    With respect to the first sentence in paragraph 95, the County denies Plaintiffs' allegations. With respect to the allegations in the third sentence of paragraph 95, Plaintiffs purport to characterize a portion of NMFS, South-Central/Southern California Coast Steelhead Recovery Planning Domain, 5-Year Review: Summary and Evaluation of South-Central California Coast Steelhead Distinct Population Segment, which provides the best evidence of its contents, therefore no response from the County is required. To the extent a response is required, the County admits that the document states that Steelhead recovery depends on addressing the most fundamental threats and that it mentions flow patterns in Arroyo Grande Creek, and denies all other allegations in paragraph 95.

96.    The allegations in paragraph 96 purport to characterize the 2004 NMFS Comments, and the 2004 NMFS Comments contain the best evidence of its contents, therefore no response from the County is required. To the extent a response from the County is required, the County denies the allegations in paragraph 96.

97.    The allegations in paragraph 97 purport to characterize the 2004 NMFS Comments, and the 2004 NMFS Comments contain the best evidence of its contents, therefore no response from the County is required. To the extent a response from the County is required, the County denies the allegations in paragraph 97.

98.    The County denies the allegations in paragraph 98, except that it admits that the 2007 IDRS provides the current plan for managing downstream releases from Lopez Dam.

99.    Except that the County admits that the 2007 IDRS is meant to be an interim document to manage releases from Lopez Dam until an HCP is approved, and that the 2007 IDRS continues to be utilized, the County denies all other allegations in paragraph 99.

100.    The County admits the first sentence in paragraph 100. The County

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT
63247771.v4

denies the second sentence in paragraph 100, as the 2007 IDRS establishes minimums which can be exceeded based on a variety of factors.

101.   The County denies the allegations in paragraph 101, as the average release varies based on a number of factors, and the average release for a specific period of time may be more than or less than 5 cfs.

102.   Except that the County admits that the 2007 IDRS includes a Low Reservoir Response Plan that could support the reduction of downstream release flows when the amount of water in Lopez Reservoir drops below 20,000 Acre Feet and the County's Board of Supervisors declares an emergency, the County denies all other allegations in paragraph 102.

103.   The County denies each and every allegation in paragraph 103.

104.   The County denies each and every allegation in paragraph 104, except that the County does admit that operation and maintenance of Lopez Dam does modify the timing of water flow released into Arroyo Grande Creek. Consistent with its response to paragraph 1 and elsewhere in this Answer, the County denies the allegations to the extent the County does not operate the "Lopez Project" as Plaintiffs define it in the FAC.

105.   The allegations in paragraph 105 purport to quote the contents of the 2017 BiOp, which provides the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the allegations in paragraph 105 are denied.

106.   The County denies the allegations in paragraph 106.

107.   The County denies the allegations in paragraph 107.

108.   The allegations in paragraph 108 purport to quote the contents of the 2004 HCP, which provides the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admits that the document stated, in part, that some activities discussed in the 2004 HCP could potentially results in take of ESA-listed species or affect the quality and

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT
63247771.v4

1    availability of Steelhead habitat. All other allegations in paragraph 108 are denied.

2        109.    The County denies the allegations in paragraph 109.

3        110.    The County denies the allegations in paragraph 110.

4        111.    The County denies the allegations in paragraph 111.

5        112.    The County denies the allegations in paragraph 112.

6        113.    The County denies the allegations in paragraph 113.

7        114.    The County denies the allegations in paragraph 114.

8        115.    The County denies the allegations in paragraph 115.

9        116.    The County denies the allegations in paragraph 116.

10        117.    The County denies the allegations in paragraph 117.

11        118.    The County denies the allegations in paragraph 118.

12        119.    The County denies the allegations in paragraph 119.

13        120.    The County denies the allegations in the first sentence of paragraph
14    120. The County denies the allegations in the second sentence of paragraph 120,
15    except that the County admits that large wood debris has the potential to provide
16    places for Steelhead to hide from predators, rest and seek refuge, and to build redds
17    (egg nests).

18        121.    The County denies the allegations in paragraph 121.

19        122.    The County denies the allegations in paragraph 122.

20        123.    To the extent the allegations paragraph 123 constitute a legal
21    conclusion, no response from the County is required. To the extent a response is
22    required, the County denies the allegations in paragraph 123.

23    **Predatory Fish in Lopez Lake and Failure to Screen Fish Spills to Arroyo**
24    **Grande Creek Harms Steelhead**

25        124.    The County denies the allegations in paragraph 124.

26        125.    The County denies the allegations in paragraph 125.

27        126.    With respect to the first sentence in paragraph 126, the County admits
28    only that there is not a fish screen spanning the entire spillway at Lopez Dam. The

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

County avers that a fish screen is located downstream of the outlet control at Lopez Dam, and at the base of the spillway there is a flipbucket that traps fish from entering Arroyo Grande Creek during low flow spills. The County denies all other allegations contained in the first sentence of paragraph 126. To the extent the allegations in the second sentence of paragraph 126 are legal conclusions, no response from the County is required. To the extent a response is required, the County denies the allegations in the second sentence of paragraph 126.

**The County's Operation and Maintenance of the Waterway Management Program Within Arroyo Grande Creek Harms SCCC Steelhead**

127.    The County denies the allegations in paragraph 127.

128.    The County denies the allegations in paragraph 128.

129.    The allegations in paragraph 129 consist entirely of references to the 2017 BiOp and 50 C.F.R. § 402.02, which speak for themselves and are the best evidence of their contents. Therefore, no response by the County is required. To the extent a response from the County is required, the County admits that the quoted language in the third sentence of paragraph 129 appears in 50 C.F.R. § 402.02. The County otherwise denies the allegations in paragraph 129.

130.    The allegations in paragraph 130 consist entirely of references to the 2017 BiOp, which speaks for itself and is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response from the County is required, the County denies the allegations to the extent they are inconsistent with the statements in the 2017 BiOp. The County denies all other allegations in paragraph 130.

131.    The allegations in paragraph 131 consist entirely of references to the April 18, 2024, Fisheries Restoration Grant Program 2024 Funding Opportunity – Final Application, 1732300 – Cecchetti Road Crossing Fish Passage Improvement Project and the 2017 BiOp, which speak for themselves and are the best evidence of their contents. Therefore, no response by the County is required. To the extent a

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT
63247771.v4

1    response from the County is required, the County admits that quoted language is
2    present in the April 18, 2024, Fisheries Restoration Grant Program 2024 Funding
3    Opportunity – Final Application, 1732300 – Cecchetti Road Crossing Fish Passage
4    Improvement Project and 2017 BiOp. The County denies all remaining allegations
5    in paragraph 131.

6         132.    The County denies all allegations in paragraph 132.

7         133.    The allegations in paragraph 133 consist entirely of references to the
8    2017 BiOp, which speaks for itself and is the best evidence of its contents.
9    Therefore, no response by the County is required. To the extent a response from the
10   County is required, the County denies the allegations in paragraph 133.

11        134.    The County denies the allegations in paragraph 134.

12        135.    To the extent the allegations in paragraph 135 reference the 2017
13   BiOp, that document speaks for itself and is the best evidence of its contents.
14   Therefore, no response by the County is required. To the extent a response from the
15   County is required, the County admits the quoted language in the fourth sentence
16   of paragraph 135 appears in the 2017 BiOp. The County denies the remaining
17   allegations in paragraph 135.

18        136.    The County denies that it has acknowledged that the Waterway
19   Management Program is harmful to Steelhead. The County admits that it stated in
20   the April 18, 2024, Fisheries Restoration Grant Program 2024 Funding Opportunity
21   – Final Application, 1732300 – Cecchetti Road Crossing Fish Passage
22   Improvement Project that the two largest influences on the current configuration of
23   Arroyo Grande Creek include the flood control channel and the Lopez Dam and
24   Reservoir. The County denies the remaining allegations in paragraph 136.

25   **The County Has Failed to Implement RPA Sub-element 1 of the Waterway**
26   **Management Program, Resulting in Harm to Steelhead.**

27        137.    The County denies the allegations in paragraph 137.

28        138.    The County denies the allegations in paragraph 138.

139.   The County denies the allegations in paragraph 139, except the County admits that the 2017 BiOp requires the County to leave undisturbed woody and non-woody vegetation within the buffer, with the exception of trees that have fallen over and are a risk to the integrity of the levee or have the potential to increase the risk of flooding, and that the 2017 BiOp requires the root ball of a tree that has fallen to be left intact to enable re-sprouting and to help stabilize soils. The County denies all remaining allegations in paragraph 139.

140.   To the extent the allegations in paragraph 140 consist of legal conclusions, no response by the County is required. To the extent a response by the County is required, the County denies the allegations in paragraph 140.

**The County Has Failed to Implement RPA Sub-element 2 of the Waterway Management Program, Resulting in Harm to Steelhead.**

141.   The County denies the allegations in paragraph 141.

142.   The County denies the allegations in paragraph 142.

143.   The County denies the allegations in paragraph 143.

144.   The County denies the allegations in paragraph 144.

145.   The County denies the allegations in paragraph 145.

146.   The County denies the allegations in paragraph 146.

**The County Has Failed to Implement RPA Sub-element 3 of the Waterway Management Program, Resulting in Harm to Steelhead.**

147.   The County denies the allegations in paragraph 147.

148.   The County denies the allegations in paragraph 148.

149.   To the extent the allegations in paragraph 149 consist of legal conclusions, no response by the County is required. To the extent a response is required, the County denies all allegations in paragraph 149.

150.   To the extent the allegations in paragraph 150 consist of legal conclusions, no response by the County is required. To the extent a response is required, the County denies all allegations in paragraph 150.

**The County Failed to Comply with the T&C of the ITS for the Waterway Management Program, Resulting in Harm to Steelhead.**

151.   The County denies all allegations in paragraph 151, except the County admits that it conducted sediment removal and levee repair activities from September through November 2023.

152.   The County denies the allegations in paragraph 152.

153.   The County denies the allegations in paragraph 153.

**The County Has Implemented the Waterway Management Program in Ways Not Covered by the 2017 BiOp or ITS.**

154.   To the extent the allegations in paragraph 154 consist of legal conclusions, no response by the County is required. To the extent a response is required, the County denies the allegations in paragraph 154.

155.   To the extent the allegations in paragraph 155 consist of legal conclusions, no response by the County is required. To the extent a response is required, the County denies the allegations in paragraph 155.

**The County's Actions Have Cause More Take Than Authorized Under the 2017 BiOp ITS.**

156.   To the extent the allegations in the first, sixth, seventh, and ninth sentences of paragraph 156 consist of legal conclusions, no response from the County is required. To the extent a response is required, the County denies the allegations in the first, sixth, seventh, and ninth sentences of paragraph 156. The allegations in the second and fourth sentences consist of references to the 2017 BiOp, which speaks for itself and is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admits the 2017 BiOp contains the referenced language in the second and fourth sentences of paragraph 156. The County denies all other allegations in paragraph 156.

///

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT
63247771.v4

**The County's Cecchetti Road Crossing Wash Out**

157.    The County admits the allegations in the first, second, and third sentences in paragraph 157. The County denies the allegations in the fourth and fifth sentences in paragraph 157. The sixth sentence in paragraph 157 purports to be a summary of a portion of the 2024 Role of Arroyo Grande Creek and Tributaries, San Luis Obispo County, California, In Meeting NMFS' South-Central California Coast Steelhead Viability/Recovery Criteria, which speaks for itself and is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response is required, the County admits that the former Cecchetti Road crossing was identified as a potential fish passage impediment. The County denies all other allegations in paragraph 157.

158.    The allegations in the fourth sentence of paragraph 158 consist of references to the April 18, 2024 Fisheries Restoration Grant Program 2024 Funding Opportunity – Final Application, 1732300 – Cecchetti Road Crossing Fish Passage Improvement Project, which speaks for itself and is the best evidence of its contents. Therefore, no response by the County is required. The County denies all other allegations in paragraph 158.

159.    The County admits the allegations in the first three sentences of paragraph 159. The County denies the remaining allegations in paragraph 159.

160.    The County admits that following the wash out, and under emergency authorizations, the County conducted in-water work to remove portions of the storm-damaged structure. This included portions of the concrete structure and culvert. The County also admits that some debris still remains, and that removal of the debris will occur as part of the County's Cecchetti Road Replacement Project, which is currently being designed pursuant to federal and state agency requirements. The County denies all other allegations in paragraph 160.

161.    The County denies the allegations in the first and fourth sentences of paragraph 161. The allegations in the second sentence of paragraph 161 consist of

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

references to the April 18, 2024, Fisheries Restoration Grant Program 2024 Funding Opportunity – Final Application, 1732300 – Cecchetti Road Crossing Fish Passage Improvement Project, which speaks for itself and is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response from the County is required, the County admits the allegations in the second sentence of paragraph 161. The County denies the remaining allegations in paragraph 161.

162.   The County denies that "[t]he harm from the wash out to Arroyo Grande Creek is significant," as stated in the first sentence of paragraph 162. The remaining allegations in the first sentence of paragraph 162 consist of references to 64 Fed. Reg. 60727, 60,728 (Nov. 8, 1999), which speaks for itself and is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response from the County is required, the County denies that the referenced language in the first sentence of paragraph 162 appears in 64 Fed. Reg. at 60,728. The County denies the remaining allegations in the third sentence and the fourth sentence of paragraph 162.

163.   The County denies the allegations in paragraph 163.

164.   The allegations in paragraph 164 consist of legal conclusions to which no response is required. Therefore, no response by the County is required. To the extent a response by the County is required, the County denies the allegations in paragraph 164.

**The County's Water Treatment Plant Chemical Spill**

165.   The allegations in paragraph 165 consist of references to Dr. Charles Hanson's Declaration in support of the County's Opposition to Plaintiffs' Motion for a Preliminary Injunction (ECF No. 18-8), which speaks for itself and is the best evidence of its contents. Therefore, no response by the County is required. To the extent a response from the County is required, the County admits that the quoted language appears in Dr. Hanson's Declaration.

166.   The allegations in the first, second, fourth, and fifth sentences of

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

paragraph 166 constitute legal conclusions to which no response from the County is required. To the extent a response from the County is required, the County denies all allegations in paragraph 166.

**The County's Operation and Maintenance of Other Infrastructure Within Arroyo Grande Creek Harms SCCC Steelhead**

167.   The County denies the allegations in paragraph 167, except the County admits that of the infrastructure identified in paragraph 43 of the FAC, the only infrastructure within Arroyo Grande Creek the County or the District owns, operates, or maintains is the "Biddle Park double arch culvert at the Biddle Park access road crossing over Arroyo Grande Creek," the "Arroyo Grande Stream Gage, ID # 8409," the "grade control structure downstream of Valley Road in Los Berros Creek," and "the remnants of the Cecchetti Road crossing."

168.   The County denies the allegations in paragraph 168, except that it admits that it or the District has identified potential impediments to Steelhead passage in Arroyo Grande Creek and that projects have been undertaken to improve some of these potential impediments.

169.   The County lacks sufficient information to form a belief as to the truth or accuracy of the allegations made in the first sentence of paragraph 169, and therefore denies them on that basis. The County avers that it does not own or control the "abandoned dam and diversion footings at stream mile 11.22 from the confluence of the ocean." With respect to the allegations in the third sentence of paragraph 169, the County denies all allegations, except the County admits that it or the District owns and operates the "double arch culvert at the Biddle Park access road crossing over Arroyo Grande Creek." The County avers that the double arch culvert at the Biddle Park access road crossing does not create a barrier to Steelhead. The County denies all other allegations in paragraph 169.

170.   The County denies the allegations in the first sentence of paragraph 170. To the extent the allegations in the second sentence of paragraph 170 constitute

1  legal opinions, no response is required. To the extent a response is required, the

2  County denies all allegations in the second sentence of paragraph 170.

3      **E.    California Red-Legged Frog (*Rana aurora draytonii*) and the**

4          **County's Operations of the Arroyo Grande Project**

5          **California Red Legged Frog and Arroyo Grande Creek**

6      171.    In response to the allegations in paragraph 171, 61 Fed. Reg. 25813

7  provides the best evidence of its contents, and therefore no response by the County

8  is required. To the extent a response is required, the County admits the allegations

9  in paragraph 171.

10     172.    The allegations in paragraph 172 purport to characterize the 2004 HCP

11  and May 2017, Bridge Street Bridge Rehabilitation Project Biological Assessment.

12  These documents are the best evidence of their contents. Therefore, no response to

13  paragraph 172 is required. To the extent that a response is required, the County

14  admits that at some time CRLF were observed in Arroyo Grande Creek immediately

15  downstream from the Lopez Dam outlet, and that the 2017 document found that

16  there was suitable instream aquatic habitat in some area of Arroyo Grande Creek.

17  The County denies all other allegations in paragraph 172.

18     173.    The allegations in paragraph 173 purport to characterize a document,

19  and that document is the best evidence of its contents. Therefore, no response is

20  required. To the extent a response is required, the County admits that a 2021 survey

21  observed CRLF in Arroyo Grande Lagoon. The County denies all other allegations

22  in paragraph 173.

23     174.    The allegations in paragraph 174 consist entirely of references to 61

24  Fed. Reg. 25813, which provides the best evidence of its contents, and therefore no

25  response by the County is required. To the extent a response is required, the County

26  admits only that the referenced excerpts appear in 61 Fed. Reg. 25813 (May 23,

27  1996), and denies all other allegations in paragraph 174.

28  ///

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

63247771.v4

1  **The County's Operation of the Arroyo Grande Project is Harming California**
2  **Red-Legged Frog**

3      175.   The County denies the allegations in paragraph 175. Further, to the
4  extent the allegations in the second sentence of paragraph 175 references the 2005
5  FWS Comments, that document provides the best evidence of its contents, and
6  therefore no response is required.

7      176.   The County denies the allegations in paragraph 176.

8      177.   The County denies the allegations in the first sentence of paragraph
9  177. The County admits that the excerpted material in the second sentence of
10 paragraph 177 appears in 61 Fed. Reg. 25825, which serves as the best evidence of
11 its contents. The County denies all remaining allegations contained in the second
12 sentence of paragraph 177 and denies the allegations contained in the third sentence
13 of paragraph 177.

14      178.   The County denies the allegations in paragraph 178.

15      179.   To the extent the allegations in the first four sentences of paragraph
16 179 reference 61 Fed. Reg. 25814, that document contains the best evidence of its
17 contents, and therefore no response by the County is required. To the extent a
18 response is required, the County admits only that the referenced excerpts appear in
19 61 Fed. Reg. 25814, and otherwise denies the allegations. With respect to the fifth
20 and seventh sentences of paragraph 179, the County denies all allegations. The
21 County also denies that the allegations in the fifth and seventh sentences of
22 paragraph 179 are found in 61 Fed. Reg. 25814, as Plaintiffs allege. The County
23 denies all remaining allegations in paragraph 179.

24      180.   The allegations in paragraph 180 consist entirely of references to the
25 July 21, 2021, California State Parks, Aquatic Survey Report for Arroyo Grande,
26 Meadow, Pismo, and Carpenter Creek Lagoons (Reference Permit #TE-101154-3),
27 which provides the best evidence of its contents, and therefore no response by the
28 County is required. To the extent a response is required, the County lacks sufficient

1  information to form a belief as to the truth or accuracy of the allegations in

2  paragraph 180, and therefore denies the allegations on that basis.

3      181.  The allegations in paragraph 181 consist entirely of references to the

4  Oct. 28, 2021, California State Parks, Aquatic Survey Report for Arroyo Grande,

5  Oso Flaco, Pismo, and Carpenter Creek Lagoons (Reference Permit #TE-101154-

6  3), which provides the best evidence of its contents, and therefore no response by

7  the County is required. To the extent a response is required, the County lacks

8  sufficient information to form a belief as to the truth or accuracy of the allegations

9  in paragraph 181, and therefore denies the allegations on that basis.

10     182.  The County denies the allegations in paragraph 182.

11     183.  The County denies the allegations in paragraph 183.

12     184.  The County denies the allegations in paragraph 184.

13     185.  The County denies the allegations in paragraph 185.

14     186.  To the extent the allegations in the first sentence of paragraph 186

15  reference the 2004 HCP and EA/IS, that document serves as the best evidence of its

16  contents, and therefore no response from the County is required. To the extent that

17  a response is required, the County admits that at some point in time bullfrogs were

18  observed as the base of Lopez Dam in areas that might also provide habitat for

19  CRLF, and otherwise denies all allegations in the first sentence of paragraph 186.

20  The County denies the allegations in the third sentence in paragraph 186.

21     187.  To the extent the allegations in paragraph 187 reference 61 Fed. Reg.

22  25825 and 2004 HCP and EA/IS, those documents provide the best evidence of

23  their contents, and therefore no response from the County is required. To the extent

24  a response is required, the County admits only that the referenced language in

25  paragraph 187 appears in 61 Fed. Reg. at 25,825 and the 2004 HCP and EA/IS,

26  respectively. The County denies all other allegations contained in paragraph 187.

27     188.  To the extent the allegations in paragraph 188 are legal conclusions,

28  no response is required. To the extent a response is required, the County denies the

Case No. 2:24-cv-06854 SPG (ASx)

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

63247771.v4

1    allegations in paragraph 188.

2       189.   With respect to the first sentence of paragraph 189, the County admits

3 that it or the District has at some point in time and at some location in or near Arroyo

4 Grande Creek, removed vegetation, sprayed herbicide, shaped banks to control

5 erosion, and/or conducted desilting activities. The County denies all other

6 allegations in the first sentence of paragraph 189. With respect to the second

7 sentence of paragraph 189, the County denies the allegations. With respect to the

8 fourth and fifth sentences of paragraph 189, the County denies the allegations.

9       190.   With respect to the first sentence of paragraph 190, the County admits

10 only that Arroyo Grande Creek is listed as one of the areas for California red-legged

11 frog recovery efforts by the U.S. Fish and Wildlife Service ("USFWS"), and denies

12 all other allegations in that sentence. With respect to the third sentence of paragraph

13 190, the FWS, Recovery Plan for the California Red-legged Frog is the best

14 evidence of its contents, and therefore no response from the County is required. To

15 the extent that a response is required, the County admits that at some point in time

16 CRLF have been observed in Arroyo Grande Lagoon and some portions of Arroyo

17 Grande Creek. The County otherwise denies all allegations in the third sentence of

18 paragraph 190. With respect to the fifth sentence of paragraph 190, the County

19 denies these allegations.

20     **F.**    **Tidewater Goby (*Eucyclogobius newberryi*) and the County's**

21         **Operations of the Arroyo Grande Project**

22         **<u>Tidewater Goby and Arroyo Grande Creek</u>**

23       191.   To the extent the allegations in paragraph 191 include references to 59

24 Fed. Reg. 5494 (Mar. 7, 1994), that document provides the best evidence of its

25 contents, and therefore no response by the County is required. To the extent a

26 response is required, the County admits that the referenced excerpts in paragraph

27 191 appear in 59 Fed. Reg. 5494, and otherwise denies the allegations.

28 ///

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT
63247771.v4

192.   The allegations in paragraph 192 consist entirely of references to 59 Fed. Reg. 5494, which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits only that the referenced excerpts in paragraph 192 appear in 59 Fed. Reg. 5494, and otherwise denies the allegations.

193.   The allegations in paragraph 193 consist entirely of references to 59 Fed. Reg. 5495, which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits only that the referenced excerpts in paragraph 193 appear in 59 Fed. Reg. 5495, and otherwise denies the allegations.

194.   The allegations in paragraph 194 consist entirely of references to 59 Fed. Reg. 5494, which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits only that the referenced excerpts in paragraph 194 appear in 59 Fed. Reg. 5494, and otherwise denies the allegations.

195.   The allegations in paragraph 195 consist entirely of references to 59 Fed. Reg. 5494, which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits only that the referenced excerpts in paragraph 195 appear in 59 Fed. Reg. 5494, and otherwise denies the allegations.

196.   The allegations in paragraph 196 consist entirely of references to 59 Fed. Reg. 5494, which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits only that the referenced excerpts in paragraph 196 appear in 59 Fed. Reg. 5494, and otherwise denies the allegations.

197.   The allegations in paragraph 197 consist entirely of references to 59 Fed. Reg. 5494, which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

only that the referenced excerpts in paragraph 197 appear in 59 Fed. Reg 5494, and otherwise denies the allegations.

198.   The allegations in paragraph 198 consist entirely of references to external documents, which are the best evidence of their contents, and therefore no response from the County is required. To the extent a response is required, the County admits that tidewater gobies have been present in Arroyo Grande Lagoon and certain portions of Arroyo Grande Creek at some point in time, and otherwise denies the allegations.

## The County's Operation of the Arroyo Grande Project is Harming Tidewater Goby

199.   To the extent the first sentence in paragraph 199 includes a legal conclusion, no response from the County is required. To the extent a response is required, the County denies all allegations in the first sentence. The County denies the allegations in the second sentence of paragraph 199.

200.   The County denies the allegations in the first sentence of paragraph 200 and denies that the first sentence of paragraph 200 is supported by 59 Fed. Reg. 5495, which Plaintiffs reference in the second sentence of paragraph 200. The County denies the allegations in the remainder of paragraph 200.

201.   With respect to the first sentence of paragraph 201, Plaintiffs' allegations reference the 2013 SCCC Recovery Plan at 4-9, which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response from the County is required, the County avers that the 2013 SCCC Recovery Plan at 4-9 makes no reference to tidewater goby habitat, and therefore denies the allegations in the first sentence of paragraph 201. With respect to the third sentence of paragraph 201, the allegations reference 59 Fed. Reg. 5496, which is the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County admits only that the referenced excerpts in the third sentence of paragraph 201 appear in 59 Fed. Reg.

Case No. 2:24-cv-06854 SPG (ASx)
COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT
63247771.v4

1    5496, and otherwise denies the allegations.

2        202.   The County denies the allegations in the first sentence of paragraph

3    202. The allegations in the second sentence of paragraph 202 reference, in their

4    entirety, the FWS, Comments on the February 2004 Draft of the Arroyo Grande

5    Creek Habitat Conservation Plan, San Luis Obispo County, California (June 2005),

6    which is the best evidence of its contents, and therefore no response by the County

7    is required. To the extent a response is required, the County admits that in the

8    summer of 2004 certain portions of Arroyo Grande Creek were dry for some period

9    of time, and otherwise denies the allegations in paragraph 202.

10       203.   The allegations in paragraph 203 consist entirely of references to

11   external references, which provide the best evidence of their contents, and therefore

12   no response by the County is required. To the extent a response is required, the

13   County admits that in the past certain portions of Arroyo Grande Creek were dry

14   for some period of time, and otherwise denies the allegations in paragraph 203.

15       204.   The County denies the allegations in paragraph 204.

16       205.   The County denies the allegations in paragraph 205.

17       206.   The County denies the allegations in paragraph 206.

18       207.   The County denies the allegations in the first sentence of paragraph

19   207. The allegations in the third sentence of paragraph 207 reference 59 Fed. Reg.

20   5496, which is the best evidence of its contents, and therefore no response from the

21   County is required. To the extent a response is required, the County admits only

22   that the referenced language in the third sentence appears in 59 Fed. Reg. 5496, and

23   otherwise denies the allegations.

24       208.   The County denies the allegations in paragraph 208.

25       209.   The County denies the allegations in paragraph 209.

26       210.   The allegations in paragraph 210, in their entirety, reference July 21,

27   2021, California State Parks, Aquatic Survey Report for Arroyo Grande, Meadow,

28   Pismo, and Carpenter Creek Lagoons (Reference Permit #TE-101154-3), which is

the best evidence of its contents, therefore no response from the County is required. To the extent a response is required, the County admits that in 2021 someone recommended that resource managers and other stakeholders increase engagement on local water management issues, and otherwise denies the allegations in paragraph 210.

211.   The allegations in paragraph 211, in their entirety, reference Feb. 25, 2022, California State Parks, Aquatic Survey Report for Arroyo Grande, Oso Flaco, Pismo, and Carpenter Creek Lagoons (Reference Permit #TE-101154-3), which is the best evidence of its contents, therefore no response from the County is required. To the extent a response is required, the County admits that in 2022 someone recommended that resource managers and other stakeholders increase engagement on local water management issues, and otherwise denies the allegations in paragraph 211.

212.   The allegations in paragraph 212, in their entirety, reference Feb. 25, 2022, California State Parks, Aquatic Survey Report for Arroyo Grande, Oso Flaco, Pismo, and Carpenter Creek Lagoons (Reference Permit #TE-101154-3), which is the best evidence of its contents, therefore no response from the County is required. To the extent a response is required, the County admits that the quoted language appears in the document, and otherwise denies the allegations in paragraph 212.

213.   The allegations in paragraph 213, in their entirety, reference Sept. 28, 2022, California State Parks, Aquatic Survey Report for Arroyo Grande, Oso Flaco, Pismo, and Carpenter Creek Lagoons (Reference Permit #TE-101154-3), which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits that the quoted language appears in the document, and otherwise denies the allegations in paragraph 213.

214.   The allegations in paragraph 214, in their entirety, reference Jan. 10, 2023, California State Parks, Aquatic Survey Report for Arroyo Grande, Oso Flaco,

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

Pismo, and Carpenter Creek Lagoons (Reference Permit #TE- 101154-3), which is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits that the quoted language appears in the document, and otherwise denies the allegations in paragraph 214.

215.    The County denies the allegations in paragraph 215.

## G.    Least Bell's Vireo (*Vireo bellii pusillus*) and the County's Operations of the Arroyo Grande Project

### Least Bell's Vireo and Arroyo Grande Creek

216.    To the extent the allegations in paragraph 216 reference 51 Fed. Reg. 16474 (May 2, 1986), that document provides the best evidence of its contents, therefore no response from the County is required. To the extent a response is required, the County admits only that the referenced excerpts in the first and third sentences appear in 51 Fed. Reg. 16474, and the County denies that the referenced excerpt in the fifth sentence appears in 51 Fed. Reg. 16474. The County otherwise denies the allegations in paragraph 216.

217.    With respect to the first sentence in paragraph 217, the County admits that many Vireo build nests in willows, and otherwise denies the allegations in the first sentence. To the extent the allegations in the third sentence of paragraph 217 refer to FWS, 1998 Draft Recovery Plan for the Least Bell's Vireo, that document is the best evidence of its contents, and no response from the County is required. To the extent a response is required, the County admits that Vireo do not exclusively build nests in willows, and otherwise denies the allegations in the third sentence. To the extent the allegations in the fifth sentence of paragraph 217 reference 2014 Lopez Water Project Habitat Conservation Plan, prepared by H. T. Harvey & Associates for San Luis Obispo County, that document is the best evidence of its contents, and therefore no response from the County is required. To the extent a response is required, the County admits that in 2014 there was suitable nesting

1  habitat for Vireo but no sitings of Vireo along Arroyo Grande Creek, and otherwise

2  denies the allegations in the fifth sentence.

3      218.   To the extent the allegations in paragraph 218 reference 2014 Lopez

4  Water Project Habitat Conservation Plan, prepared by H. T. Harvey & Associates

5  for San Luis Obispo County, that document is the best evidence of its contents, and

6  therefore no response from the County is required. To the extent a response is

7  required, the County admits that a Vireo was documented many miles away from

8  the Arroyo Grande Creek in 2008 or 2009, and otherwise denies the allegations.

9      219.   To the extent the allegations in paragraph 219 reference 51 Fed. Reg.

10  16478, that document is the best evidence of its contents, and therefore no response

11  from the County is required. To the extent a response is required, the County admits

12  only that 51 Fed. Reg. 16478 states that threats to the least Bell's vireo includes

13  riparian habitat destruction, but denies that 51 Fed. Reg. 16478 states that threats to

14  the least Bell's vireo includes nest survival.

15      220.   To the extent the allegations in paragraph 220 reference 51 Fed. Reg.

16  16474, that document is the best evidence of its contents, and therefore no response

17  from the County is required. To the extent a response is required, the County admits

18  only that the excerpted language in paragraph 220 appears in 51 Fed. Reg. 16474,

19  16478, and otherwise denies the allegations in paragraph 220.

20      221.   The County lacks sufficient information to form a belief as to the truth

21  or accuracy of the allegations in paragraph 221, and therefore denies the allegations

22  on that basis. The County denies that the referenced language in paragraph 221

23  appears in "*Id.* at 4" as Plaintiffs allege in the second sentence of paragraph.

24  **The County's Operation of the Arroyo Grande Project is Harming Least**

25  **Bell's Vireo**

26      222.   The County denies the allegations in paragraph 222.

27      223.   The County denies the allegations in paragraph 223.

28      224.   To the extent the allegations in paragraph 224 reference external

sources, those sources are the best evidence of their contents, and therefore no response is required. To the extent a response is required, the County denies the allegations in paragraph 224.

225.   To the extent that the allegations in paragraph 225 refer to external sources, those sources are the best evidence of their contents, and therefore no response from the County is required. To the extent a response is required, the County admits Vireo can occur in a variety of riparian habitat types, and otherwise denies the allegations in paragraph 225.

226.   The County denies the allegations in paragraph 226.

227.   The County denies the allegations in paragraph 227.

228.   The County denies the allegations in paragraph 228.

**H.    Southwestern Pond Turtle (*Actinemys pallida*) and the County's Operations of the Arroyo Grande Project**

**Southwestern Pond Turtle and the Arroyo Grande Creek**

229.   To the extent the allegations in paragraph 229 reference 88 Fed. Reg. 68370 (Oct. 3, 2024) and 89 Fed. Reg. 23534 (Apr. 4, 2024), those documents are the best evidence of their contents, therefore no response from the County is required. To the extent a response is required, the County admits the allegations in paragraph 229.

230.   To the extent the allegations in paragraph 230 reference 89 Fed. Reg. 23534, that documents is the best evidence of its contents, therefore no response from the County is required. To the extent a response is required, the County admits the allegations in paragraph 230.

231.   The allegations in paragraph 231 reference a County of San Luis Obispo (Oct. 2010), Arroyo Grande Creek Channel Waterway Management Program Final Environmental Impact Report, SCH No. 2009061030, which is the best evidence of its contents, and therefore no response by the County is required. To the extent a response is required, the County admits that Southwestern pond

1  turtles may inhabit certain streams that contain pools from 3 to 5.2 feet deep at some

2  point in time, and otherwise denies the allegations in paragraph 231.

3       232.   The allegations in paragraph 232 reference 88 Fed. Reg. 68376, which

4  is the best evidence of its contents, and therefore no response from the County is

5  required. To the extent a response is required, the County admits that the referenced

6  language in paragraph 232 appears in 88 Fed. Reg. 68376, and otherwise denies the

7  allegations.

8       233.   The allegations in paragraph 233 reference 88 Fed. Reg. 68378, which

9  is the best evidence of its contents, and therefore no response from the County is

10 required. To the extent a response is required, the County admits that the referenced

11 language in paragraph 233 appears in 88 Fed. Reg. 68378, and otherwise denies the

12 allegations.

13      234.   The allegations in paragraph 234 consist entirely of references to 88

14 Fed. Reg. 68378, which is the best evidence of its contents, and therefore no

15 response from the County is required. To the extent a response is required, the

16 County admits that the referenced language in paragraph 234 appears in 88 Fed.

17 Reg. 68378, and otherwise denies the allegations.

18      235.   The allegations in paragraph 235 consist entirely of references to 88

19 Fed. Reg. 68378, which is the best evidence of its contents, and therefore no

20 response from the County is required. To the extent a response is required, the

21 County admits that the referenced language in paragraph 235 appears in 88 Fed.

22 Reg. 68378, and otherwise denies the allegations.

23      236.   To the extent the allegations in paragraph 236 reference Arroyo

24 Grande Creek WMP 2010 EIR, that document is the best evidence of its contents,

25 and therefore no response by the County is required. To the extent a response is

26 required, the County admits that at some point in time the Southwestern pond turtle

27 inhabited some portion of Arroyo Grande Creek, and otherwise denies the

28 allegations in the first sentence. With regards to the third sentence of paragraph 236,

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

the County admits only that southwestern pond turtles have utilized instream and open water habitat of Arroyo Grande Creek at some point in time, and otherwise denies the allegations in the third sentence.

## The County's Operation of the Arroyo Grande Project is Harming Southwestern Pond Turtle

237.   The County denies the allegations in paragraph 237.

238.   The County denies the allegations in paragraph 238.

239.   The County denies the allegations in paragraph 239.

240.   The County denies the allegations in paragraph 240.

241.   The County denies the allegations in paragraph 241.

242.   Paragraph 242 is a request for relief to which no response is required. To the extent a response is required, the County denies that Plaintiffs are entitled to any relief whatsoever.

## FIRST CLAIM FOR RELIEF

**Violation of ESA Section 9 – Prohibition Against Unauthorized Take of Steelhead 16 U.S.C. § 1538; Request for Declaratory Relief and Injunction to Enjoin County from Taking Steelhead**

243.   In response to paragraph 243, the County restates, realleges, and incorporates its responses to paragraphs 1 through 242 above, as if fully stated herein.

244.   Paragraph 244 consists entirely of legal conclusions to which no response is required. To the extent a response is required, the County denies such allegations in their entirety.

## SECOND CLAIM FOR RELIEF

**Violation of California Fish and Game Code § 5937 Associated with Harm to Steelhead and other Fish, Pursuant to California Code of Civil Procedure § 1085**

245.   In response to paragraph 245, the County restates, realleges, and

Case No. 2:24-cv-06854 SPG (ASx)
COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT
63247771.v4

1  incorporates its responses to paragraphs 1 through 244, as if fully stated herein.

2      246.   Paragraph 246 consists entirely of legal conclusions to which no

3  response is required. To the extent a response is required, the County admits that it

4  has a duty under Cal. Fish & Game Code § 5937 to the extent that it applies, but

5  denies that such duty is as Plaintiffs characterize, and denies all allegations in the

6  second sentence of paragraph 246.

7  ### THIRD CLAIM FOR RELIEF

8  **Violation of California Fish and Game Code § 5901 Associated with Harm to**

9  **Steelhead, Pursuant to California Code of Civil Procedure § 1085**

10     247.   In response to paragraph 247, the County restates, realleges, and

11  incorporates its responses to paragraphs 1 through 246 above, as if fully stated

12  herein.

13     248.   Paragraph 248 consists entirely of legal conclusions to which no

14  response is required. To the extent a response is required, the County admits that it

15  has a duty under Cal. Fish & Game Code § 5901 to the extent that it applies, but

16  denies that such duty is as Plaintiffs characterize, and denies all allegations in the

17  second sentence of paragraph 248.

18  ### FOURTH CLAIM FOR RELIEF

19  **Violation of the California Public Trust Doctrine, Pursuant to California**

20  **Code of Civil Procedure § 1085**

21     249.   In response to paragraph 249, the County restates, realleges, and

22  incorporates its responses to paragraphs 1 through 248 above, as if fully stated

23  herein.

24     250.   Paragraph 250 consists entirely of legal conclusions to which no

25  response is required. To the extent a response is required, the County admits that it

26  has a duty under the California Public Trust Doctrine to the extent that it applies,

27  and denies all other allegations in paragraph 250.

28  ///

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

## FIFTH CLAIM FOR RELIEF

### Violation of California Constitution Article X, Section 2 Due to Harm to the Arroyo Grande Creek Environment, Pursuant to California Code of Civil Procedure § 1085

251.  In response to paragraph 251, the County restates, realleges, and incorporates all applicable responses above, as if fully stated herein.

252.  Paragraph 252 consists entirely of legal conclusions to which no response is required. To the extent a response is required, the County admits that it has a duty under California Constitution Article X, Section 2 to the extent that it applies, and otherwise denies the allegations in paragraph 252.

## REMEDY

253.  Paragraph 253 consists entirely of legal conclusions to which no response is required. To the extent a response is required, the County denies that Plaintiff is entitled to any remedy or relief whatsoever.

## PRAYER FOR RELIEF

The remaining allegations are requests for relief to which no response is required. To the extent a response is required, the County denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

The County denies each and every allegation in the FAC that has not been otherwise expressly admitted, qualified, or denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

*(Statute of Limitations)*

Plaintiffs are barred from recovery sought in the FAC to the extent their allegations under California state law are prohibited by operation of the applicable statute of limitations. With respect to the statutory claims under California state law (Second, Third, Fourth, and Fifth Claims for Relief), Plaintiffs allegations of

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

violations that occurred beyond the three-year general statute of limitations, are time-barred. Cal. Civ. Proc. § 338(a). Plaintiffs' Second Claim for Relief—violation of California Fish and Game Code § 5937 pursuant to Code of Civil Procedure § 1085—is barred to the extent it alleges past violations beyond three years prior to Plaintiffs' initiation of litigation. The same is true for Plaintiffs' allegations under the Third, Fourth, and Fifth Claims for Relief, each of which are alleged under California Code of Civil Procedure § 1085.

### THE COUNTY'S PRAYER FOR RELIEF

1.     That Plaintiffs take nothing by the FAC.

2.     That this Court enter a judgment dismissing Plaintiffs' FAC against the County, and all causes of action therein, with prejudice.

3.     That this Court award the County the costs of suit incurred herein, including both their costs and attorneys' fees.

4.     That this Court award the County such additional and further relief as the Court deems just, equitable, and proper.

Date:    January 24, 2025

NOSSAMAN LLP
PAUL S. WEILAND
BENJAMIN Z. RUBIN
ELIZABETH KLEBANER
DEREK J. KLIEWER

By: */s/ Paul S. Weiland*

Paul S. Weiland

Attorneys for Defendant
COUNTY OF SAN LUIS OBISPO

COUNTY OF SAN LUIS OBISPO'S ANSWER TO FIRST AMENDED COMPLAINT

63247771.v4