NOSSAMAN LLP
PAUL S. WEILAND (SBN 237058)
pweiland@nossaman.com
BENJAMIN Z. RUBIN (SBN 249630)
brubin@nossaman.com
ELIZABETH KLEBANER (SBN 261735)
lklebaner@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone:   949.833.7800
Facsimile:   949.833.7878
KATHERINE L. FELTON (WA SBN 30382)
*Admitted Pro Hac Vice*
kfelton@nossaman.com
BRIAN FERRASCI-O'MALLEY (WA SBN 46721)
*Admitted Pro Hac Vice*
bferrasciomalley@nossaman.com
719 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone: 206.395.7630
Facsimile: 206.257.0780

Attorneys for Defendant
COUNTY OF SAN LUIS OBISPO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SAN LUIS OBISPO COASTKEEPER, LOS PADRES FORESTWATCH, CALIFORNIA COASTKEEPER ALLIANCE, and THE ECOLOGICAL RIGHTS FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN LUIS OBISPO,<br><br>Defendant. | Case No: 2:24-cv-06854 SPG (ASx)<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED MOTION TO AMEND COUNTY OF SAN LUIS OBISPO'S RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR ADMISSION NOS. 6, 18, AND 21**<br><br>Hearing: June 12, 2025 at 10:00 a.m.<br>Location: 255 E. Temple St., Los Angeles, CA, Courtroom 540<br>Judge: Hon. Mag. Alka Sagar<br>Discovery cutoff: June 13, 2025 |

*Counsel for Plaintiffs:*

Christopher Sproul (Cal. Bar No. 126398)
Brian Orion (Cal. Bar No. 239460)
Marla Fox (Cal. Bar No. 349813)
Environmental Advocates
5135 Anza Street
San Francisco, California 94121
Tel: (415) 533-3376
Fax: (415) 358-5695
Email: csproul@enviroadvocates.com
Email: borion@enviroadvocates.com
Email:mfox@enviroadvocates.com

Drevet Hunt (Cal. Bar No. 240487)
Lauren Chase Marshall (Cal. Bar No. 324162)
California Coastkeeper Alliance
1100 11st Street, 3rd Floor
Sacramento, California 95814
Tel: (415) 606-0864
Email: dhunt@cacoastkeeper.org
Email: lauren@cacoastkeeper.org

Jesse Colorado Swanhuyer (Cal. Bar No. 282186)
Sycamore Law Inc.
1004 O'Reilly Avenue
San Francisco, California 94129
Tel: (805) 689-1469
Email: jesse@sycamore.law

Case No. 2:24-cv-06854 SPG (ASx)
STIPULATED MOTION TO AMEND COUNTY RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR ADMISSION NOS. 6, 18, AND 21

63525976

|   |   |
|---|---|
| 1 | TO THE HONORABLE COURT, ALL PARTIES, AND ALL |
| 2 | ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT on June 12, 2025, |
| 3 | at 10:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 540 of |
| 4 | the Roybal Federal Building and United States Courthouse, located at 255 E. |
| 5 | Temple Street, Los Angeles, California, 90012, before the Honorable Magistrate |
| 6 | Judge Alka Sagar, Defendant County of San Luis Obispo will and hereby does |
| 7 | move the Court for an order to amend the County's responses to Plaintiffs' Second |
| 8 | Set of Requests for Admission Nos. 6, 18, and 21 to correct and clarify the |
| 9 | County's responses as set forth in the Motion. |
| 10 | Good cause exists to grant this Motion. The amendment will promote the |
| 11 | presentation of the merits of the action and there is no prejudice to Plaintiffs who |
| 12 | stipulate to, and do not oppose, this Motion. This Motion is based upon this Notice |
| 13 | of Motion, the Stipulation of the parties pursuant to Local Rule 37-2, and upon |
| 14 | such other matters as may be presented to the Court at the time of this hearing or |
| 15 | otherwise. |
| 16 | This Motion is made following a conference of counsel pursuant to Local |
| 17 | Rule 37-1, which first occurred on April 2, 2025, and was thereafter followed by |
| 18 | additional communications between counsel. Plaintiffs stipulate to this Motion. |

Date:   May 14, 2025

NOSSAMAN LLP
PAUL S. WEILAND
BENJAMIN Z. RUBIN
ELIZABETH KLEBANER
KATHERINE L. FELTON
BRIAN FERRASCI-O'MALLEY

By: */s/ Katherine L. Felton*
       Katherine L. Felton

*Attorneys for Defendant*
*COUNTY OF SAN LUIS OBISPO*

- 1 -   Case No. 2:24-cv-06854 SPG (ASx)
STIPULATED MOTION TO AMEND COUNTY RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR ADMISSION NOS. 6, 18 AND 21

63525976

## I.   ISSUE SUBMITTED FOR RESOLUTION

### A.   Factual and Procedural Background

Plaintiffs commenced this lawsuit against the County of San Luis Obispo (the "County") on August 13, 2024, asserting claims under the Endangered Species Act, 16 U.S.C. §§ 1531, *et seq.*, the California Fish and Game Code §§ 5901 and 5937, the California Public Trust Doctrine, and the California Constitution, Article X, Section 2, arising from the County's operation and maintenance of Lopez Dam, located in Arroyo Grande Creek in San Luis Obispo County. Dkt. 1. On January 14, 2025, the Court entered the Schedule of Pre-Trial and Trial Dates ("Scheduling Order") setting June 13, 2025, as the deadline for the Parties to complete fact discovery. Dkt. 79-1. Trial is scheduled for March 10, 2026. *Id.*

The Parties have been engaged in fact discovery, including the exchange of all forms of written discovery – interrogatories, requests for production and requests for admission – and this process is ongoing. Declaration of Katherine Felton ("Felton Decl.") at ¶ 3. This Motion concerns the County's responses to three of Plaintiffs' requests for admission (Nos. 6, 18, and 21) contained in Plaintiffs' Second Set of Requests for Admissions (the "Second RFAs"). The County produced its responses to Plaintiffs' Second RFAs, which contained 277 requests, on March 5, 2025. Felton Decl., ¶ 4. In a letter dated March 25, 2025, Plaintiffs requested to meet and confer to discuss the County's responses, and the parties subsequently met and conferred on April 2, 2025. Felton Decl., ¶ 5. As a result of the meet and confer, the County agreed to review its responses to determine if amendment was necessary and to advise the Plaintiffs of its determination. Felton Decl., ¶ 5.

On April 30, 2025, the County advised Plaintiffs that the County would seek to amend its responses to RFAs Nos. 6, 18, and 21 to clarify the responses, and the

- 2 -   Case No. 2:24-cv-06854 SPG (ASx)
STIPULATED MOTION TO AMEND COUNTY RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR ADMISSION NOS. 6, 18 AND 21

63525976

County requested that Plaintiffs stipulate to a motion.  Felton Decl., ¶ 6.  On May 9, 2025, Plaintiffs requested to review the County's proposed amendments which the County provided on May 12, 2025, in redline as follows:

**REQUEST FOR ADMISSION NO. 6:**

*Please admit that YOU have authority and control over the maintenance of the ponds at the base of LOPEZ DAM, and that YOU maintain the ponds located at the base of LOPEZ DAM.*

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

*The County hereby incorporates by reference General Objections 3–6 to this Request.  The County further objects that this Request is vague and ambiguous in referring to "ponds" in the plural without providing an adequate description of the specific locations and/or other information such that each pond referenced in the Request is clearly identified.*

*Subject to the County's Preliminary Statement, General Objections, and the specific objections identified above, the County answers as follows: The County admits that it has authority and control over the maintenance of ~~a~~ the frog pond<u>s</u> <u>that are located</u> at <u>or near</u> the base of Lopez Dam and that it does maintain the<u>se</u>~~is~~ frog pond<u>s</u>.  ~~The County denies it has authority or control over maintenance, or that it maintains, any other ponds.~~*

* * * *

**REQUEST FOR ADMISSION NO. 18:**

*Please admit that YOU own, operate, and maintain the double arch culvert at Biddle Regional Park.*

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

*The County hereby incorporates by reference General Objections 3–6 to this Request.*

- 3 -  Case No. 2:24-cv-06854 SPG (ASx)
STIPULATED MOTION TO AMEND COUNTY RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR ADMISSION NOS. 6, 18 AND 21

63525976

*Subject to the County's Preliminary Statement and General Objections identified above, the County answers as follows: The County admits it owns, operates and maintains the double arch culvert at Biddle Regional Park, subject to any limitations stemming from exercise of applicable federal and state laws or regulatory authorities.* ~~*The County denies it maintains the double arch culvert at Biddle Regional Park.*~~

\* \* \* \*

**REQUEST FOR ADMISSION NO. 21:**

*Please admit that YOU owned, operated, and maintained the fish passage impediment identified as PAD_ID736895 (Passage ID 13262).*

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

*The County hereby incorporates by reference General Objections 3–6 to this Request. The County further objects to this Request as an impermissible compound request.*

*Subject to the County's Preliminary Statement and General Objections identified above, the County answers as follows: The County denies it operated and maintained the concrete weir structure that was in* ~~Arroyo Grande Creek~~ <u>Tar Springs Creek</u> *and identified as fish impediment PAD_ID736895 (Passage ID 13262). After reasonable inquiry, the County lacks information sufficient to determine whether it owned the structure PAD_ID736895 (Passage ID 13262), and therefore denies that it did. The County admits it removed the structure when the bridge was replaced.*

Felton Decl., ¶ 7. On May 12, 2025, Plaintiffs agreed to stipulate to the County's motion to amend these responses as set forth herein. Felton Decl., ¶ 8. The issue presented is whether the Court should enter an Order granting the Motion to allow amendment where the need has been timely raised, will promote the presentation of the case on the merits, and where Plaintiffs stipulate to amendment.

### B. Legal Standard for Amending Requests for Admission

Federal Rule of Civil Procedure 36(b) provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36. The Court considers both elements (promoting presentation of the merits of the case and prejudice) in determining whether to exercise its discretion to grant a motion to amend responses to requests for admission. *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007); *Jimena v. UBS AG Bank*, No. CV-F-07-367 OWW/SKO, 2010 WL 4624863 at *5 (E.D. Cal. Nov. 3, 2010).

### C. The Court Should Allow Amendment In This Case

Amendment to the County's responses to RFA Nos. 6, 18, and 21 is appropriate because it is raised timely, will promote the presentation of the case on the merits, and presents no issue of prejudice to Plaintiffs at trial as the Plaintiffs have stipulated to the County's Motion. Fed. R. Civ. P. 36(b). Accordingly, the Court should exercise its discretion to allow amendment in this case.

#### *1. The Need for Amendment is Timely Raised*

As set forth above, Plaintiffs' Second RFAs contained 277 separately numbered requests. Felton Decl., ¶ 4. The County produced its responses and objections to Plaintiffs on March 5, 2025. Felton Decl., ¶ 5. Plaintiffs requested a meet and confer regarding the County's responses on March 25, 2025. Felton Decl., ¶ 5. The Parties conducted the meet and confer on April 2, 2025, and the County agreed to thereafter review its responses. Felton Decl., ¶ 5. On April 30, 2025, the County advised Plaintiffs that its responses to requests for admission Nos. 6, 18, and 21 require amendment and the County requested that Plaintiffs

stipulate to allow the amendment. Felton Decl., ¶ 6. On May 9, 2025, Plaintiffs requested to review the proposed amendments. Felton Decl., ¶ 7. On May 12, 2025, the County provided Plaintiffs with the redline of the proposed amendments as set forth above. Felton Decl., ¶ 7. On May 12, 2025, Plaintiffs confirmed agreement to stipulate to a motion by the County to amend the responses. Felton Decl., ¶ 8. The County has acted promptly with respect to this matter and worked to resolve the dispute with Plaintiffs by seeking agreement to allow amendment.

### 2. *The Corrections Promote Presentation of the Case on the Merits*

As set forth above, the County identified three responses that require correction and clarification to accurately respond to the factual matters addressed in the request. Specifically, with respect to the County's response to RFA No. 6, the County's amendment is necessary to identify that there is more than one frog pond that the County maintains, and to clarify the locations of these frog ponds are at or near the base of the Lopez Dam.

In response to RFA No. 18, the County's amendment is necessary to correct an inconsistency within the response. Currently, the last sentence of the response contradicts in part the preceding portions of the response as it relates to the maintenance of the Biddle Park double arch culvert.

Finally, in response to RFA No. 21, the County's amendment is necessary to correct the location of the potential fish impediment identified as PAD_ID 736895. The correct location of PAD_ID 736895 is in Tar Springs Creek, a tributary to Arroyo Grande Creek. The current response erroneously identifies the location of PAD_ID 736895 as Arroyo Grande Creek. Accordingly, the amendment is necessary to correctly identify the location.

These amendments promote the presentation of the case on the merits by ensuring that the responses accurately reflect factual information relating the

subject matter of the requests.

### 3. No Prejudice Will Result from Allowing Amendment

Plaintiffs stipulate to this Motion and have reviewed the proposed amendments prior to filing. There is no dispute between the Parties as to whether the Court should allow amendment or whether there will be prejudice to Plaintiffs at trial resulting from allowing the amendment. Accordingly, this element of the test is not at issue and does not preclude amendment.

## II. CONCLUSION

For the foregoing reasons, the County respectfully requests the Court grant this Motion and enter an Order allowing for amendment of the County's responses to RFAs Nos. 6, 18, and 21.

Date:   May 14, 2025

NOSSAMAN LLP
PAUL S. WEILAND
BENJAMIN Z. RUBIN
ELIZABETH KLEBANER
KATHERINE L. FELTON
BRIAN FERRASCI-O'MALLEY

By: */s/ Katherine L. Felton*
    Katherine L. Felton

*Attorneys for Defendant*
COUNTY OF SAN LUIS OBISPO

ENVIRONMENTAL ADVOCATES
CHRISTOPER SPROUL
BRIAN ORION
MARLA FOX

By: */s/ Christopher Sproul*
    Christopher Sproul
*Attorneys for Plaintiffs*

1 | **Certification of Multiple Signatures**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: */s/ Katherine L. Felton*
Katherine L. Felton