NOSSAMAN LLP
PAUL S. WEILAND (SBN 237058)
pweiland@nossaman.com
BENJAMIN Z. RUBIN (SBN 249630)
brubin@nossaman.com
ELIZABETH KLEBANER (SBN 261735)
lklebaner@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone: 949.833.7800
Facsimile: 949.833.7878

KATHERINE L. FELTON (WA SBN 30382)
*Admitted Pro Hac Vice*
kfelton@nossaman.com
BRIAN FERRASCI-O'MALLEY (WA SBN 46721)
*Admitted Pro Hac Vice*
bferrasciomalley@nossaman.com
719 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone: 206.395.7630
Facsimile: 206.257.0780

Attorneys for Defendant
COUNTY OF SAN LUIS OBISPO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SAN LUIS OBISPO COASTKEEPER, LOS PADRES FORESTWATCH, CALIFORNIA COASTKEEPER ALLIANCE, and THE ECOLOGICAL RIGHTS FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN LUIS OBISPO,<br><br>Defendant. | Case No: 2:24-cv-06854 SPG (ASx)<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF KATHERINE L. FELTON IN SUPPORT OF STIPULATED MOTION TO AMEND COUNTY OF SAN LUIS OBISPO'S RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR ADMISSION NOS. 6, 18, AND 21**<br><br>Date: Thursday, June 12, 2025<br>Time: 10:00 a.m.<br>Dept: 540 |

Date Action Filed: August 13, 2024
First Amended Complaint Filed: December 27, 2024

I, Katherine L. Felton, declare as follows:

1. I am a Partner at the law firm of Nossaman LLP ("Nossaman"), counsel of record for Defendant County of San Luis Obispo ("County"). I am duly licensed to practice law in the states of Washington and Alaska and I am admitted *pro hac vice* before this Court in the instant litigation. Unless otherwise stated on information and belief, I have personal knowledge of the facts set forth herein. If called upon to do so, I could and would completely testify to the matters set forth in this declaration.

2. I make this Declaration in support to the Stipulated Motion to Amend County of San Luis Obispo's Responses to Plaintiffs' Second Request for Admission Nos. 6, 18, and 21.

3. The Parties have been engaged in fact discovery, including the exchange of all forms of written discovery – interrogatories, requests for production and requests for admission – and this process is ongoing.

4. The County produced its responses to Plaintiffs' Second RFAs, which contained 277 requests, on March 5, 2025.

5. In a letter dated March 25, 2025, Plaintiffs requested to meet and confer to discuss the County's responses, and the parties subsequently met and conferred on April 2, 2025. As a result of the meet and confer, the County agreed to review its responses to determine if amendment was necessary and to advise the Plaintiffs of its determination.

6. On April 30, 2025, the County advised Plaintiffs that the County would seek to amend its responses to RFAs Nos. 6, 18, and 21 to clarify the responses, and the County requested that Plaintiffs stipulate to a motion.

7. On May 9, 2025, Plaintiffs requested to review the County's proposed

1 amendments which the County provided on May 12, 2025, in redline as follows:

2 **REQUEST FOR ADMISSION NO. 6:**

3 Please admit that YOU have authority and control over the maintenance of
4 the ponds at the base of LOPEZ DAM, and that YOU maintain the ponds located
5 at the base of LOPEZ DAM.

6 **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

7 The County hereby incorporates by reference General Objections 3–6 to this
8 Request. The County further objects that this Request is vague and ambiguous in
9 referring to "ponds" in the plural without providing an adequate description of the
10 specific locations and/or information such that each pond referenced in the
11 Request is clearly identified.

12 Subject to the County's Preliminary Statement, General Objections, and the
13 specific objections identified above, the County answers as follows: The County
14 admits that it has authority and control over the maintenance of ~~a~~ <u>the</u> frog pond<u>s</u>
15 <u>that are located</u> at <u>or near</u> the base of Lopez Dam and that it does maintain th<u>ese</u>~~is~~
16 frog pond<u>s</u>. ~~The County denies it has authority or control over maintenance, or~~
17 ~~that it maintains, any other ponds.~~

18 * * * *

19 **REQUEST FOR ADMISSION NO. 18:**

20 Please admit that YOU own, operate, and maintain the double arch culvert at
21 Biddle Regional Park.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

23 The County hereby incorporates by reference General Objections 3–6 to this
24 Request.

25 Subject to the County's Preliminary Statement and General Objections
26 identified above, the County answers as follows: The County admits it owns,
27 operates and maintains the double arch culvert at Biddle Regional Park, subject to
28 any limitations stemming from exercise of applicable federal and state laws or

1  regulatory authorities. ~~The County denies it maintains the double arch culvert at~~
2  ~~Biddle Regional Park.~~
3  \* \* \* \*
4  **REQUEST FOR ADMISSION NO. 21:**
5  Please admit that YOU owned, operated, and maintained the fish passage
6  impediment identified as PAD_ID736895 (Passage ID 13262).
7  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**
8  The County hereby incorporates by reference General Objections 3–6 to this
9  Request. The County further objects to this Request as an impermissible
10 compound request.
11 Subject to the County's Preliminary Statement and General Objections
12 identified above, the County answers as follows: The County denies it operated
13 and maintained the concrete weir structure that was in ~~Arroyo Grande Creek~~ <u>Tar</u>
14 <u>Springs Creek</u> and identified as fish impediment PAD_ID736895 (Passage ID
15 13262). After reasonable inquiry, the County lacks information sufficient to
16 determine whether it owned the structure PAD_ID736895 (Passage ID 13262), and
17 therefore denies that it did. The County admits it removed the structure when the
18 bridge was replaced.
19 8.   On May 12, 2025, Plaintiffs agreed to stipulate to the County's motion
20 to amend these responses as the County had set forth.
21 I declare under penalty of perjury under the laws of the United States that
22 the foregoing is true and correct.
23 Executed on this 14th day of May 2025, at Seattle, Washington.

_____
Katherine L. Felton