1  NOSSAMAN LLP
   PAUL S. WEILAND (SBN 237058)
2  pweiland@nossaman.com
   BENJAMIN Z. RUBIN (SBN 249630)
3  brubin@nossaman.com
   ELIZABETH KLEBANER (SBN 261735)
4  lklebaner@nossaman.com
   18101 Von Karman Avenue, Suite 1800
5  Irvine, CA 92612
   Telephone:  949.833.7800
6  Facsimile:    949.833.7878
7
8  KATHERINE L. FELTON (WA SBN 30382)
   *Admitted Pro Hac Vice*
9  kfelton@nossaman.com
   BRIAN FERRASCI-O'MALLEY (WA SBN 46721)
10 *Admitted Pro Hac Vice*
11 bferrasciomalley@nossaman.com
   719 Second Avenue, Suite 1200
12 Seattle, WA 98104
   Telephone:  206.395.7630
13 Facsimile:    206.257.0780
14
   Attorneys for Defendant
15 COUNTY OF SAN LUIS OBISPO
16
17                    UNITED STATES DISTRICT COURT
18         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 19  SAN LUIS OBISPO COASTKEEPER, LOS PADRES FORESTWATCH, CALIFORNIA COASTKEEPER ALLIANCE, and THE ECOLOGICAL RIGHTS FOUNDATION, | Case No:  2:24-cv-06854 SPG (ASx) |
| 20 | **DEFENDANT COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO STAY OR IN THE ALTERNATIVE QUASH DEPOSITION SUBPOENAS FOR BENJAMIN PITTERLE, GORDON HENSLEY, AND CYNTHIA REPLOGLE** |
| 21 | |
| 22          Plaintiffs, | |
| 23      vs. | |
| 24  COUNTY OF SAN LUIS OBISPO, | |
| 25          Defendant. | Date Action Filed: August 13, 2024 First Amended Complaint Filed: December 27, 2024 |
| 26 | |

27
28

OPPOSITION TO EX PARTE APPLICATION TO STAY OR QUASH DEPOSITION
SUBPOENAS FOR PITTERLE, HENSLEY, AND REPLOGLE
63530216

# <u>TABLE OF CONTENTS</u>

**Page**

I.     Plaintiffs fail to demonstrate "lack of fault" and "irreparable prejudice"
       required for the Court to consider their Ex Parte Application ........................ 1

       A.     The legal standard for considering Ex Parte Applications ........................ 1

       B.     Plaintiffs created their own temporal crisis ................................................ 4

       C.     The "irreparable prejudice" Plaintiffs assert is nothing more than
              proceeding with four depositions which entail no more *than the regular,
              expected burdens of any witness deposition* ................................................ 7

II.    Plaintiffs are required to demonstrate their standing at each stage of the
       litigation and the County is entitled to take discovery to ascertain whether
       Plaintiffs have met their burden ....................................................................... 10

       A.     Standing is a jurisdictional requirement under Article III of the
              Constitution ................................................................................................. 10

       B.     The County is entitled to utilize the methods of discovery it deems
              appropriate to ascertain whether Plaintiffs have standing ........................ 11

       C.     Depositions of each of the standing witnesses are warranted ................. 14

III.   Conclusion ........................................................................................................ 15

OPPOSITION TO EX PARTE APPLICATION TO STAY OR QUASH DEPOSITION
SUBPOENAS FOR PITTERLE, HENSLEY, AND REPLOGLE

63530216

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
300 F.R.D. 406 (C.D. Cal. 2014) ........................................................................ 12

*ASPCA v. Feld Entm't, Inc.*,
677 F. Supp. 2d 55 (D.D.C. 2009), *aff'd* 659 F.3d 13 (D.C. Cir. 2011).................................................................................................................. 13

*Davis v. FEC*,
554 U.S. 724 (2008) ........................................................................................... 11

*FDA v. All. for Hippocratic Med.*,
602 U.S. 367 (2024) ........................................................................................... 10

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
528 U.S. 167 (2000) ........................................................................................... 13

*Horne v Wells Fargo Bank, N.A.*,
969 F. Supp. 2d 1203 (C.D. Cal. 2013)................................................................. 2

*Hunt v. Washington State Apple Advertising Comm'n*,
432 U.S. 333 (1977) ........................................................................................... 11

*Klene v. Riggs*,
CV 22-8318-KK-JCx, 2024 U.S. Dist. LEXIS 240173 (C.D. Cal. Dec. 13, 2024) ....................................................................................................... 2

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ............................................................................... 10, 11, 13

*Mission Power Engineering Co. v. Continental Cas. Co.*,
883 F. Supp. 488 (C.D. Cal. 1995).................................................................... 1, 2

*NRDC, Inc. v. Ill. Power Res., LLC*,
2015 U.S. Dist. LEXIS 138824 (C.D. Ill. Oct. 13, 2015) .................................. 12

OPPOSITION TO EX PARTE APPLICATION TO STAY OR QUASH DEPOSITION SUBPOENAS FOR PITTERLE, HENSLEY, AND REPLOGLE

63530216

*Sifi Networks Fullerton, LLC v. Berkshire Hathaway Specialty Ins. Co.*,
  No. 8:23-cv-01417-FWS-JDE, 2025 U.S. Dist. LEXIS 4118 (C.D. Cal. Jan. 8, 2025) ............................................................................. 1, 2

*U.S. v. Texas*,
  599 U.S. 670 (2023) ........................................................................... 10

*Wildlands v. Scott Timber Co.*,
  2018 U.S. Dist. LEXIS 125977 (D. Or. July 27, 2018) ..................................... 13

**Other Authorities**

Fed. R. Civ. P. 26(b) .......................................................................... 12, 13

Fed. R. Civ. P. 26(b)(1) ........................................................................... 8

Fed. R. Civ. P. 26(d)(3) .......................................................................... 13

Fed. R. Civ. P. 26(d)(3)(B) ........................................................................ 5

Fed. R. Civ. P. 26(f) ............................................................................. 12

Local Rule 37-3 ................................................................................... 1

Standing Order for Newly Assigned Civil Cases, Judge Sherilyn
  Peace Garnett, Jan. 10, 2025, at p. 16, available at
  https://www.cacd.uscourts.gov/honorable-sherilyn-peace-garnett
  (last accessed May 16, 2025) ................................................................. 1

U.S. Constitution Article III ............................................................... 10, 15

OPPOSITION TO EX PARTE APPLICATION TO STAY OR QUASH DEPOSITION
SUBPOENAS FOR PITTERLE, HENSLEY, AND REPLOGLE
63530216

The Court should deny the *ex parte* application seeking to preclude the County from deposing three of Plaintiffs' standing witnesses, as these individuals have already voluntarily submitted themselves to the jurisdiction of this Court and directly inserted themselves into this matter by submitting declarations and making multiple sweeping claims and assertions, and Plaintiffs have refused to either withdraw these individuals as standing witnesses or stipulate that they will not rely on these individuals for purposes of trying to demonstrate standing in this matter. Plaintiffs have the burden of demonstrating standing, a Constitutional requirement for maintaining an action, and fairness and justice dictate that the County should be permitted to depose these three standing witnesses if Plaintiffs intend to rely on them going forward. The *ex parte* application should also be denied because it is both procedurally and substantively deficient.

## I.    PLAINTIFFS FAIL TO DEMONSTRATE "LACK OF FAULT" AND "IRREPARABLE PREJUDICE" REQUIRED FOR THE COURT TO CONSIDER THEIR EX PARTE APPLICATION

### A.    The legal standard for considering Ex Parte Applications

Local Rule 37-3 instructs that "[u]nless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party." L.R. 37-3. The Court "highly disfavors" *ex parte* applications that are due to the applicants "lack of diligence" or "a crisis of the applicant's own making." Standing Order for Newly Assigned Civil Cases, Judge Sherilyn Peace Garnett, Jan. 10, 2025, at p. 16, available at https://www.cacd.uscourts.gov/honorable-sherilyn-peace-garnett (last accessed May 16, 2025) (citing *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)).

*Ex parte* applications are "rarely justified" and "appropriate only in a narrow set of circumstances." *Sifi Networks Fullerton, LLC v. Berkshire Hathaway*

OPPOSITION TO EX PARTE APPLICATION TO STAY OR QUASH DEPOSITION SUBPOENAS FOR PITTERLE, HENSLEY, AND REPLOGLE

63530216

*Specialty Ins. Co.*, No. 8:23-cv-01417-FWS-JDE, 2025 U.S. Dist. LEXIS 4118, *2 (C.D. Cal. Jan. 8, 2025) (citations omitted). Courts recognize that they are "inherently unfair," "pos[ing] a threat to the administration of justice" because "the parties' opportunities to prepare are grossly unbalanced" and the application "forces [opposing counsel] to drop all other work to respond on short notice." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. at 490; *see also Klene v. Riggs*, CV 22-8318-KK-JCx, 2024 U.S. Dist. LEXIS 240173, *4 (C.D. Cal. Dec. 13, 2024); *SiFi Networks Fullerton, LLC*, No. 8:23-cv-01417-FWS-JDE, 2025 U.S. Dist. LEXIS 4118, at *4 (Ex parte applications "impose an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason") (quoting *Horne v Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013)).  The County notes that its counsel has indeed been forced to drop everything, including other work on this litigation and work for other clients on other matters, to address Plaintiffs' literal midnight filing of this Application. Declaration of Katherine Felton ("Felton Decl."), at ¶ 3.

To justify invoking *ex parte* procedures the movant is required to demonstrate that (1) they are without fault in creating the crisis necessitating *ex parte* relief or it is the result of excusable neglect ***and*** (2) that the moving party's cause will be "irreparably prejudiced" if the underlying motion is heard according to regular procedures.  *Mission Power Engineering Co.*, 883 F. Supp. at 492; *Klene v. Riggs*, 2024 U.S. Dist. LEXIS 240173, *4-5.

The *ex parte* application should be denied because Plaintiffs cannot demonstrate they exercised diligence in this matter or that any "irreparable prejudice" would result from the County deposing three individuals that Plaintiffs assert they will rely on for purposes of establishing standing in this matter – individuals that also already inserted themselves into this litigation by submitting declarations making sweeping claims and assertions.  The temporal "crisis" about

OPPOSITION TO EX PARTE APPLICATION TO STAY OR QUASH DEPOSITION SUBPOENAS FOR PITTERLE, HENSLEY, AND REPLOGLE

63530216

which they now complain is entirely of their own making; and the purported
"irreparable prejudice" to the Plaintiffs and standing witnesses amounts to nothing
more than proceeding with depositions that carry with them the regular and
expected "burden" facing any litigant or witness in a lawsuit.

As detailed below, Plaintiffs designated the standing witnesses as witnesses
they expect to call at trial in their initial disclosures served October 18, 2024.
Felton Decl., Ex. 1.[1]  Plaintiffs have known the County intends to depose the
standing witnesses since at least November 2024 when the parties prepared and
filed the Discovery Plan.  ECF No. 50-1 at 10.  Plaintiffs waited 25 days after the
County requested deposition dates to seek this relief.  Prior to doing so, the
Plaintiffs engaged in a series of tactics to delay and avoid responding to the
County.  First, Plaintiffs refused to provide deposition dates for the standing
witnesses *until the depositions that Plaintiffs wanted to take* were scheduled.
*Next*, Plaintiffs simply ignored the County's renewed request for dates and waited
more than a week to respond.  Following that, Plaintiffs *next* argued they did not
have to provide dates, in part, because the County had not issued deposition
subpoenas.  *Next,* Plaintiffs agreed to accept service of the deposition subpoenas
and to waive fees, and they provided addresses for the location of two of the four
depositions, but still did not provide dates.  When the County issued deposition

---

[1] Plaintiffs made the following statement in their Initial Disclosures: "[T]he
following individuals may be called by the Plaintiffs to support the factual
component of their assertions of standing and, to the extent required, irreparable
harm to the Plaintiffs' from the County's Endangered Species Act and California
state law violations: Gordon Hensley, Benjamin Pitterle, Cynthia Replogle, and
Sean Bothwell.  One or more of these witnesses may also be called by the
Plaintiffs to support the factual component of Plaintiffs' organizational standing.
In addition, Plaintiffs may designate one or more additional witnesses to address
organizational standing.  Each of these potential witnesses may be reached through
Plaintiffs' counsel."  Felton Decl., Ex. 1 at 5 (excerpted pages of Plaintiffs' Initial
Disclosures served October 18, 2024).

63530216

subpoenas based on this information, Plaintiffs **next** objected to the dates the
County selected. **Finally**, Plaintiffs tried to unilaterally dictate the County's
method of discovery (demanding written discovery in lieu of depositions), and to
condition standing discovery on a series of impossible stipulations. When the
County refused to bow to these tactics, Plaintiffs resorted to filing a midnight *ex
parte* application with this Court. Plaintiffs could and should have raised their
objections using regular motion procedures long ago and certainly when the
County asked for dates almost a month ago. Instead, they played games to evade
setting the depositions, which the County timely requested and is entitled to
conduct.

### B.    Plaintiffs created their own temporal crisis

Plaintiffs have known that the County planned to seek discovery on standing
issues, including deposing Plaintiffs' standing witnesses, since at least November
2024 when the Parties prepared and filed the Discovery Plan. ECF No. 50-1. The
County stated expressly in the Discovery Plan that it "reserved all rights to conduct
discovery into, and to challenge, the standing of individuals that Plaintiffs have
offered up as the basis for their standing in this case." ECF No. 50-1 at 9. This
included "deposing the following standing witnesses proffered by the NGOs:
Gordon Hensley; Benjamin Pitterle; Sean Bothwell; and Cynthia Replogle." ECF
No. 50-1 at 10.

The County requested that Plaintiffs provide dates for the standing witness
depositions 25 days before Plaintiffs filed this *ex parte* application. On April 21,
2025, the County's counsel emailed Plaintiffs and requested that they "identify
dates between May 14 and May 30 that each of Plaintiffs' four standing witnesses
are available for purposes of us taking their depositions." Felton Decl., ¶ 5, Ex. 2.
On April 22, 2025, Plaintiffs' counsel responded that Plaintiffs would require the
depositions they were seeking to be set **before** Plaintiffs would "discuss[] the
scheduling, format, and number of depositions of Plaintiffs' standing witnesses."

OPPOSITION TO EX PARTE APPLICATION TO STAY OR QUASH DEPOSITION
SUBPOENAS FOR PITTERLE, HENSLEY, AND REPLOGLE
63530216

Felton Decl., ¶ 6, Ex. 3. Although Rule 26(d)(3)(B) plainly states that "discovery by one party does not require any other party to delay its discovery," Fed. R. Civ. P. 26(d)(3)(B), Plaintiffs unilaterally decided to refuse to engage in setting the standing witness depositions at that time.

On April 24, 2025, the County tried again to set the standing witness depositions writing to Plaintiffs' counsel and requesting that they "[p]lease provide the dates between May 14 and May 30 for the standing witness depositions." Felton Decl., ¶ 7, Ex. 4. Counsel for the County pointed out to Plaintiffs' counsel that the County had provided the information that Plaintiffs' counsel sought regarding the County's 30(b)(6) depositions. *Id.* Plaintiffs did not respond for more than a week. On May 2, 2025, Plaintiffs' counsel continued to refuse to provide dates for the standing witness depositions. Felton Decl., ¶ 8, Ex. 5. Plaintiffs' rationale for refusing to provide available dates for their standing witnesses was, in part, that the County had not issued subpoenas to the witnesses. Felton Decl., Ex. 5. Plaintiffs further refused to cooperate to schedule the depositions without a meet and confer. *Id.*

The parties conducted a meet and confer on May 5, 2025. During that meeting, the County's counsel requested, and Plaintiffs' counsel agreed, to waive formal service of the standing witness deposition subpoenas, to accept service of deposition subpoenas on their behalf, and to waive the witnesses' deposition fees and mileage. Felton Decl., ¶ 9. Plaintiffs' counsel memorialized their commitment in an email to the County's counsel the following day on May 6, 2025. Felton Decl., Ex. 6. Plaintiffs' counsel stated in the email:

> ***Sean Bothwell will sit for the deposition*** at California Coastkeeper Alliance's Sacramento office, which is located at 1100 11th Street, Sacramento, California 95814. ***Ben Pitterle will sit for the deposition*** at Los Padres ForestWatch's office, which is located at 1900 State Street, Suite E, Santa Barbara, California 93102. ***We will provide***

OPPOSITION TO EX PARTE APPLICATION TO STAY OR QUASH DEPOSITION SUBPOENAS FOR PITTERLE, HENSLEY, AND REPLOGLE

63530216

1
2
*addresses for the remaining as we are able to confirm with the standing witnesses*.

3 *Id.* (emphasis added).  Thereafter, the County promptly issued subpoenas for the
4 standing witness depositions the same day.  Felton Decl., ¶ 10, Ex. 7.  In the
5 transmission, the County's counsel reiterated that the depositions would be remote,
6 and that the location designated for the depositions of Gordon Hensley and Cynthia
7 Replogle was based on the best available professional address information that the
8 County had for these individuals.  Felton Decl., Ex. 7.  The County's counsel
9 advised that "[i]f a different address should be designated for either of these
10 witnesses, then please provide it to us and we will reissue those subpoenas."  *Id.*  In
11 addition, counsel advised plaintiffs that "[i]f any deposition date identified in a
12 subpoena does not work for a particular individual, then please provide three
13 alternative dates in May that they are available."  *Id.*

14 On May 8, 2025, Plaintiffs' counsel objected to the subpoenas on grounds
15 the dates were not available to the witnesses and claimed the subpoenas did not
16 provide "reasonable notice."  Felton Decl., Ex. 8.  Plaintiffs insisted on a further
17 meet and confer before any depositions were scheduled demanding the County
18 reveal "what it is the County seeks to learn from standing witness depositions."  *Id.*
19 On May 9, 2025, the County responded, providing dates for a further meet and
20 confer and refuting Plaintiffs' position that the County is required to make a
21 showing before deposing Plaintiffs' standing witnesses.  Felton Decl., Ex. 9.

22 On May 12, 2025, Plaintiffs continued to object to the deposition dates
23 without providing alternatives.  Felton Decl., Ex. 10.  The County responded the
24 same day that it would reissue the subpoenas provided Plaintiffs identify dates
25 from a list of dates in late May and early June.  Felton Decl., Ex. 11.

26 The parties conducted a further meet and confer on May 13, 2025.  Felton
27 Decl., at ¶ 15.  During that meet and confer Plaintiffs refused to withdraw any of
28

OPPOSITION TO EX PARTE APPLICATION TO STAY OR QUASH DEPOSITION SUBPOENAS FOR PITTERLE, HENSLEY, AND REPLOGLE
63530216

1  their standing witnesses, or stipulate that they would not rely on any of the
2  standing witnesses going forward. *Id.*

3       On May 15, 2025, Plaintiffs' counsel threatened that they would proceed
4  with an *ex parte* application if the County would not agree to untenable conditions
5  limiting the County's rights to proceed with the standing witness depositions.
6  Felton Decl., Ex. 12.  The County refused, and after midnight on May 16, 2025,
7  Plaintiffs filed their application. ECF No. 121.

8       Plaintiffs have known for months the County intends to depose their
9  standing witnesses.  For the past 25 days, Plaintiffs have engaged in tactical delays
10 and gamesmanship to prevent the County from taking the depositions concerning
11 the foundational issue of the Plaintiffs' standing to assert claims in this case.  In
12 doing so, Plaintiffs wasted the County's time and created their own inability to
13 raise this issue in a timely, properly noticed motion using the standard motion
14 process such that it could be heard before the June 13, 2025 fact discovery
15 deadline.  ECF No. 79-1.  Because Plaintiffs cannot demonstrate that they did not
16 create their own crisis, the Court should exercise its discretion not to entertain
17 Plaintiffs' midnight application.

18       **C.    The "irreparable prejudice" Plaintiffs assert is nothing more than**
19           **proceeding with four depositions which entail no more *than the***
20           ***regular, expected burdens of any witness deposition***

21       Even if Plaintiffs could demonstrate a lack of fault, Plaintiffs cannot show
22 "irreparable prejudice or harm" from not being heard *ex parte* on this matter.  The
23 only result will be that the three depositions proceed in the normal course,
24 according to the Federal Rules of Civil Procedure and the Discovery Plan, on a
25 date before June 13, 2025 – the fact discovery deadline.

26       Notably, Plaintiffs' only argument why the standing depositions should not
27 occur rests on the tenuous claim of "burden" to the standing witnesses.  However,
28 each of the standing witnesses has chosen voluntarily to serve in that capacity in

OPPOSITION TO EX PARTE APPLICATION TO STAY OR QUASH DEPOSITION
SUBPOENAS FOR PITTERLE, HENSLEY, AND REPLOGLE

63530216

1   this litigation, and they have already submitted declarations in this matter making

2   sweeping claims and assertions that the County should be permitted to test.  This

3   distinguishes them from witnesses who do not choose to be involved in litigation

4   but nonetheless are by virtue of circumstances outside their control (e.g., the

5   bystander witness to an automobile accident).  There are inherent duties and

6   commitments that standing witnesses must be prepared to accept in electing to

7   serve in that capacity. The so-called "burdens" that Plaintiffs point to amount to

8   nothing more than the standard burden placed on any witness in litigation.  This

9   "burden," when weighed against the County's fundamental right to probe

10  statements made by these witnesses in their declarations through live questioning,

11  and the foundational significance of standing as a jurisdictional prerequisite for

12  Plaintiffs' right to assert claims in this lawsuit, do not rise to the level of undue

13  burden or excessive cost that results in lack of proportionality under Rule 26(b)(1).

14  Fed. R. Civ. P. 26(b)(1).

15      In fact, depositions are likely the most expedient, efficient and cost-effective

16  way to proceed on the standing issues.  Many of the statements the witnesses have

17  made in their declarations contain sweeping assertions that cannot be adequately

18  probed and tested through written discovery.  This is especially true given that

19  lawyers often stand between the respondent and the questioning party when

20  preparing responses to written discovery.  The County has made it clear that the

21  depositions will be remote, at a location chosen by Plaintiffs and their witnesses,

22  on a date in May on which their witnesses are available.  Felton Decl., Ex. 7.[2]  The

23

---

24  [2]  Plaintiffs identify a spotty home internet connection as a particular burden for
    Mr. Hensley.   ECF No. 121 at 9.  However, the County initially noticed his
25  deposition to take place remotely from the office address of his consulting
    business, Gordon Hensley-Environmental, which to the best information available
26  to the County is in the core downtown business center of San Luis Obispo- just
    blocks from the County offices.  Felton Decl., Ex. 7.  If Mr. Hensley truly cannot
27  access a reliable internet connection at his home or office, the deposition could
28

OPPOSITION TO EX PARTE APPLICATION TO STAY OR QUASH DEPOSITION
SUBPOENAS FOR PITTERLE, HENSLEY, AND REPLOGLE

63530216

1    costs associated with four depositions cannot be said to be unreasonably

2    burdensome, particularly in this matter where Plaintiffs seek to substantially

3    reduce, and in some instances potentially cut-off the water supply to thousands of

4    residents, businesses, and agricultural fields.

5        While Plaintiffs complain that the court reporting and transcription costs

6    associated with these standing witness depositions will be "hard costs" that

7    purportedly represent a large portion of the budget Plaintiffs anticipated when

8    bringing this action (ECF No. 121 at 9-10), this complaint rings hollow for

9    multiple reasons.  First, the fact that the Plaintiffs may have had an unreasonable

10   expectation of the costs (apparently less than $100,000) of litigating a major matter

11   in federal court does not justify precluding the County from taking the depositions

12   of standing witnesses that Plaintiffs continue to rely on and refuse to withdraw.

13   Second, as demonstrated by documents that the County has produced to Plaintiffs,

14   this litigation has already cost the County in excess of $1 million, an enormous

15   cost that the County did not budget for at all prior to Plaintiffs bringing this action.

16   Third, while Plaintiffs complain about court reporter and transcription costs for

17   three depositions set by the County, Plaintiffs have set full day depositions of two

18   of the County's consultants and five County employees – one of whom has been

19   deposed for 7 hours in her *individual* capacity and will sit for *another* 7-hour

20   deposition in a *30(b)(6)* capacity.

21       Plaintiffs' argument that the depositions sought by the County are too

22   numerous and too costly simply fails the straight face test given what is at issue

23

24   _____

25   alternatively occur live in a conference room at the County's offices.  This
     removes any need to rent space by Mr. Hensley or Plaintiffs. ECF No. 121 at 10

26   (asserting Mr. Hensley must "incur additional costs to procure a location with
     suitable internet connect for the deposition" and that "such costs would represent a

27   large portion of the costs the non-profit environment group Plaintiffs have

28   budgeted to bring this action.").

OPPOSITION TO EX PARTE APPLICATION TO STAY OR QUASH DEPOSITION
SUBPOENAS FOR PITTERLE, HENSLEY, AND REPLOGLE

63530216

1   (water for thousands of residents, businesses, and agricultural fields), the costs
2   Plaintiffs have already forced the County to incur, and the fact that Plaintiffs are
3   taking twice as many depositions as the County with no complaints about cost.

4   **II.    PLAINTIFFS ARE REQUIRED TO DEMONSTRATE THEIR**
5   **STANDING AT EACH STAGE OF THE LITIGATION AND THE**
6   **COUNTY IS ENTITLED TO TAKE DISCOVERY TO ASCERTAIN**
7   **WHETHER PLAINTIFFS HAVE MET THEIR BURDEN**

8   **A.    Standing is a jurisdictional requirement under Article III of the**
9   **Constitution**

10      There is no dispute that Plaintiffs must demonstrate standing to bring this
11  action under Article III of the Constitution, which confines the jurisdiction of
12  federal courts to cases and controversies. *FDA v. All. for Hippocratic Med.*, 602
13  U.S. 367, 378 (2024) ("The case or controversy requirement limits the role of the
14  Federal Judiciary in our system of separated powers."). Standing is "a bedrock
15  constitutional requirement." *U.S. v. Texas*, 599 U.S. 670, 675 (2023).

16      "[T]he irreducible constitutional minimum of standing contains three
17  elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). These are (1)
18  injury, (2) causation, and (3) redressability. First, Plaintiffs must establish injury
19  in fact, that is, injury that is concrete and particularized and also actual or
20  imminent. *Id*. The injury must affect would-be plaintiffs in a "personal and
21  individual way" – this requirement screens out plaintiffs who "have only a general
22  legal, moral, ideological, or policy objection to a particular government action."
23  *FDA*, 602 U.S. at 381. Second, Plaintiffs must demonstrate the injury likely was
24  caused or likely will be caused by the defendant's conduct. *Lujan*, 504 U.S. at
25  560. Third, Plaintiffs must show that the injury is likely to be redressed by a
26  favorable judicial decision. *Id*. at 561.

27      "The party invoking federal jurisdiction bears the burden of establishing
28  these elements." *Lujan*, 504 U.S. at 561. Further, as the Supreme Court explained

1  in *Lujan*, "each element must be supported in the same way as any other matter on

2  which the Plaintiff bears the burden of proof, i.e., with the manner and degree of

3  evidence required at the successive stages of the litigation."  *Id*.  The burden of

4  proof necessary to establish standing increases as the action proceeds.  *Davis v.*

5  *FEC*, 554 U.S. 724, 734 (2008).

6          Additionally, where, as here, Plaintiffs seek to establish associational

7  standing, the Supreme Court applies a three-part associational standing test:

8          an association has standing to bring suit on behalf of its members

9          when: (a) its members would otherwise have standing to sue in their

10         own right; (b) the interests it seeks to protect are germane to the

11         organization's purpose; and (c) neither the claim asserted nor the relief

12         requested requires the participation of individual members in the

13         lawsuit.

14 *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 343 (1977).

15         **B.      The County is entitled to utilize the methods of discovery it deems**

16                 **appropriate to ascertain whether Plaintiffs have standing**

17         Plaintiffs seek to establish standing via four standing witnesses: Sean

18 Bothwell, Gordon Hensley, Brian Pitterle, and Cynthia Replogle. All four of these

19 witnesses previously submitted declarations in this matter in support of Plaintiffs'

20 motion for preliminary relief.  ECF Nos. 13-3, 13-4, 13-5, 13-6.  And all four

21 provided subsequent standing declarations.  ECF Nos. 121-2, 121-3, 121-4, 121-5.

22 Sean Bothwell states he is the Executive Director at California Coastkeeper

23 Alliance, one of the four named Plaintiffs.  ECF No. 121-5, ¶ 4 ("I am currently the

24 Executive Director at California Coastkeeper Alliance").  Gordon Hensley is the

25 San Luis Obispo Coastkeeper, also a named Plaintiff in the action.  ECF No. 121-

26 3, ¶ 4 ("I have been designated by the international Waterkeeper Alliance as the

27 San Luis Obispo Coastkeeper since 2002.").  Brian Pitterle indicates he is both a

28 member of Los Padres ForestWatch and the organization's Director of Advocacy

OPPOSITION TO EX PARTE APPLICATION TO STAY OR QUASH DEPOSITION
SUBPOENAS FOR PITTERLE, HENSLEY, AND REPLOGLE

63530216

1  and Field Operations.  ECF No. 121-2, ¶¶ 2, 6.  Like California Coastkeeper

2  Alliance and San Luis Obispo Coastkeeper, Los Padres ForestWatch is a named

3  Plaintiff.  Cynthia Replogle states she is a member of California Coastkeeper

4  Alliance and considers herself aligned with San Luis Obispo Coastkeeper.  ECF

5  No. 121-4, ¶¶ 6, 7.

6        Each of these standing witnesses has made the decision to put themselves in

7  the position of serving as a standing witness in this litigation.  Each has

8  volunteered that "if called as a witness in these proceedings, I could and would

9  testify competently thereto under oath."  ECF Nos. 13-3 ¶ 1, 13-4 ¶ 1, 13-5 ¶ 1, 13-

10  6 ¶ 1.  The standing witnesses "put their credibility at stake" by submitting

11  declarations to support Plaintiffs' standing.  *NRDC, Inc. v. Ill. Power Res., LLC*,

12  2015 U.S. Dist. LEXIS 138824, at *10 (C.D. Ill. Oct. 13, 2015).

13        In addition, in the Rule 26(f) Report filed with the Court, Plaintiffs stated

14  "Plaintiffs' standing witnesses include Cynthia Replogle, Benjamin Pitterle,

15  Gordon Hensley, and Sean Bothwell."  ECF No. 50.  Plaintiffs characterize the

16  individual standing witnesses as "non-party" witnesses, ECF No. 121 at 11; yet

17  Hensley has declared he is the San Luis Obispo Coastkeeper, Bothwell has

18  declared he is the Executive Director of California Coastkeeper Alliance, Pitterle

19  has declared he is a member of and Director of Advocacy and Field Operations for

20  Los Padres ForestWatch, and Replogle has declared she is a member of California

21  Coastkeeper Alliance.  They are not unrelated third parties.  Thus, Plaintiffs'

22  reliance on *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300

23  F.R.D. 406 (C.D. Cal. 2014), which involved a subpoena issued to a third party

24  who was not being relied upon to establish that the court had jurisdiction and who

25  had not previously, voluntarily submitted a declaration that purportedly provided

26  the basis for jurisdiction, is unpersuasive.

27        Under Rule 26(b), the County "may obtain discovery regarding any

28  nonprivileged matter that is relevant to any party's claim or defense and

OPPOSITION TO EX PARTE APPLICATION TO STAY OR QUASH DEPOSITION
SUBPOENAS FOR PITTERLE, HENSLEY, AND REPLOGLE

63530216

1  proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b).  Because

2  standing is a threshold jurisdictional issue, *Lujan*, 504 U.S. at 561 (holding

3  elements of standing are "not mere pleading requirements but rather an

4  indispensable part of the plaintiff's case"), it is plainly relevant to both Plaintiffs'

5  claims and the County's defense.  Absent standing, this Court is deprived of

6  jurisdiction to hear this matter.

7        Rule 26(d)(3) states that unless the parties stipulate or the Court orders

8  otherwise, "methods of discovery may be used in any sequence."  Fed. R. Civ. P.

9  26(d)(3).  Thus, it is the County's prerogative to depose Plaintiffs' standing

10  witnesses.  Plaintiffs argue without reference to supporting evidence that "[t]he

11  usual approach in environmental citizen suits is for standing to be decided based

12  upon affidavits or declarations submitted by the plaintiffs, such as those submitted

13  here."  ECF No. 121 at 11.  The fact that in some cases the standing of plaintiffs is

14  determined by the court based on affidavits or declarations does not mean that this

15  is "the usual approach" as Plaintiffs claim.  There are innumerable cases, including

16  U.S. Supreme Court decisions, where the standing of plaintiffs is determined

17  based, in part, on deposition testimony.  E.g., *Friends of the Earth, Inc. v. Laidlaw*

18  *Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000) (wherein the Supreme Court

19  examined affidavits and deposition testimony from members of plaintiffs'

20  organizations to determine that plaintiffs had standing); *Lujan v. Defenders of*

21  *Wildlife*, 504 U.S. 555, 563-564 (1992) (wherein the Supreme Court examined

22  affidavits and deposition testimony from a member of plaintiff's organization to

23  determine that plaintiff did not have standing); *Wildlands v. Scott Timber Co.*,

24  2018 U.S. Dist. LEXIS 125977 (D. Or. July 27, 2018) (wherein the district court

25  examined declarations and deposition testimony from two members of plaintiff's

26  organizations to determine that plaintiffs had standing); *ASPCA v. Feld Entm't,*

27  *Inc.*, 677 F. Supp. 2d 55 (D.D.C. 2009), *aff'd* 659 F.3d 13 (D.C. Cir. 2011) (where

28

1    a federal district court examined deposition and trial testimony from a plaintiff and

2    determined that he lacked standing).

3    **C.    Depositions of each of the standing witnesses are warranted**

4    Plaintiffs contend that because Sean Bothwell, one of Plaintiffs' four

5    identified standing witnesses, has agreed to sit for a deposition, the others need not

6    be deposed.  ECF No. 121 at 10, 12.  Plaintiffs characterize the County's intent to

7    depose the other three standing witnesses as "duplicative," "excessive," and

8    "unnecessary."  *Id*. at 12.  This presupposes that Mr. Bothwell has standing and

9    will continue to for the duration of the litigation.  Plaintiffs cannot avoid discovery

10    by presupposing it is unnecessary.  And the County has a right to question each of

11    the four individual standing witnesses Plaintiffs intend to rely upon.  The County

12    offered on more than one occasion to withdraw the deposition notices of any of the

13    four individual standing witnesses if Plaintiffs agreed not to rely on those

14    individuals to support their standing.  *E.g.*, ECF No. 122-2.  But Plaintiffs

15    repeatedly rejected this offer.  In other words, Plaintiffs insist that they must be

16    able to continue to rely all four individual witnesses to establish standing

17    (including by calling them as witnesses at trial as explained in Plaintiffs' initial

18    disclosures, Felton Decl., Ex. 1 at 5) but refuse to allow the County to depose those

19    witnesses.

20    A party is not obligated to reveal the specific questions it will ask in advance

21    of a deposition, and Plaintiffs have not identified any authority to the contrary.

22    Moreover, Plaintiffs certainly have not disclosed the questions it would ask in

23    advance of any of the depositions it has already taken, or that it still plans to take in

24    this matter.  Nevertheless, as to the general subject matter of the depositions, the

25    County can confirm that it will focus its inquiry on the statements made in the

26    declarations that the standing witnesses previously submitted to the Court in

27    support of Plaintiffs' preliminary injunction motion, the subsequent "standing

28    declarations" that Plaintiffs provided, and other factual matters that are relevant to

1    each individual satisfying or not-satisfying the mandatory standing requirements

2    under Article III of the U.S. Constitution.

3    **III.    CONCLUSION**

4         Plaintiffs failed to establish that they meet the pre-requisites to seek *ex parte*

5    relief from the Court.   Plaintiffs engaged in weeks of delay tactics and

6    gamesmanship with the County in refusing to set the depositions of Plaintiffs'

7    standing witnesses.  Rather than raising the issue through regular motion

8    procedures, Plaintiffs wasted weeks of the County's time and created the "crisis"

9    about which they now complain.  Standing is a Constitutional jurisdictional

10   prerequisite to Plaintiffs' ability to proceed with this litigation.  As such, the

11   County has a right to depose Plaintiffs' standing witnesses.  Plaintiffs have not

12   established any undue burden or cost that would result from these depositions.

13   Accordingly, the Court should deny Plaintiffs' *ex parte* application.

14

15   Date:    May 18, 2025                     NOSSAMAN LLP
                                               PAUL S. WEILAND
                                               BENJAMIN Z. RUBIN
16                                             ELIZABETH KLEBANER
                                               KATHERINE L. FELTON
17                                             BRIAN FERRASCI-O'MALLEY

18
                                               By: */s/ Benjamin Z. Rubin*
19                                                   Benjamin Z. Rubin

20                                             *Attorneys for Defendant*
                                               *COUNTY OF SAN LUIS OBISPO*
21

22

23

24

25

26

27

28

63530216