**Katherine L. Felton**

| | |
|---|---|
| **From:** | Ben Rubin |
| **Sent:** | Monday, May 12, 2025 4:02 PM |
| **To:** | Marla Fox |
| **Cc:** | Paul S. Weiland; Katherine L. Felton; Brian Ferrasci-O'Malley; Chris Sproul; Drevet Hunt; Brian Orion |
| **Subject:** | RE: [External] Re: Case No. 24-06854, Request to schdule David Spiegel 30(b)(6) deposition and to meet and confer pursuant to LR 37-1 regarding discovery matter |

Marla,

We will send a calendar invitation for tomorrow at 1 p.m.

As previously noted, we requested the availability of the witnesses multiple times, starting in April, and plaintiffs refused to provide their availability.  We understand that plaintiffs have recently asserted that the depositions cannot proceed, including on May 15, due to unavailability; however, we also note that plaintiffs have inquired as to the ability to depose the County's witness David Spiegel on May 15.  Disregarding this anomaly for the time being, we can agree to reissue the deposition subpoenas for the County's four standing witnesses if plaintiffs will agree to identify a separate date that each standing witness is available from the following list of dates:  May 19, May 27, May 29, May 30, June 2, and June 3.  We can then reissue the subpoenas, and after the meet and confer make a determination as to next steps, if any.

Regards,

Ben

**Ben Rubin**
Attorney at Law
NOSSAMAN LLP
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
brubin@nossaman.com
*Admitted only in California*
T 949.833.7800  F 949.833.7878
D 949.477.7674

 | SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** Marla Fox <mfox@enviroadvocates.com>
**Sent:** Monday, May 12, 2025 3:07 PM
**To:** Ben Rubin <brubin@nossaman.com>
**Cc:** Paul S. Weiland <pweiland@nossaman.com>; Katherine L. Felton <kfelton@nossaman.com>; Brian Ferrasci-O'Malley <bferrasciomalley@nossaman.com>; Chris Sproul <csproul@enviroadvocates.com>; Drevet Hunt <dhunt@cacoastkeeper.org>; Brian Orion <borion@enviroadvocates.com>

1

**FELTON EXHIBIT 11**
**PAGE 60**

**Subject:** Re: [External] Re: Case No. 24-06854, Request to schdule David Spiegel 30(b)(6) deposition and to meet and confer pursuant to LR 37-1 regarding discovery matter

Kate and Ben,

We are available to meet tomorrow, **5/13, at 1 pm** to discuss the three discovery issues identified in Plaintiffs' May 2 letter and referenced in Ben Rubin's May 9 email. We could also meet later on Tuesday during the window you proposed, or Wednesday 1:30-3pm.

As previously noted on several occasions, the witnesses are not available on the dates noticed for deposition: May 15, 16, 20, and 22. However, Plaintiffs received notices from court reporters for the depositions this week. Please confirm that these depositions will not go forward on May 15 (Replogle) or May 16 (Hensley). Please also confirm that the subpoena will be withdrawn and modified/reissued (at a minimum, to provide for the deposition on a different date) to allow for a meaningful meet and confer regarding the necessity, proportionality, and scope of any proposed deposition.

Marla

Marla Fox (she/her)
Environmental Advocates
(651) 434-7737
mfox@enviroadvocates.com

On Fri, May 9, 2025 at 3:51 PM Ben Rubin <brubin@nossaman.com> wrote:

> Marla,
>
> Please see below our availability to meet and confer and discuss the following issues: (1) the County's privilege logs, which per the Discovery Plan are only due "within three weeks of the final production of documents responsive to a given set of RFPs"; (2) the production of Nossaman's revised redacted timesheets, which Plaintiffs have conceded are only relevant with respect to a potential award of attorneys' fees if there is a final adverse judgment against the County in this matter; and (3) the depositions of Plaintiffs' four standing witnesses.
>
> With respect to this latter issue, we wanted to point out that we requested the availability of Plaintiffs' standing witnesses on multiple occasions.  For example, on April 24 we asked for dates "between May 14 and May 30."  On May 2, Plaintiffs sent a letter refusing to provide any availability for its standing witnesses, citing as one basis the fact that deposition subpoenas had not been issued.  While this is clearly not a reasonable basis for discussing potential deposition dates, the County obliged the Plaintiffs' request and sent depositions subpoenas on May 6.  Thus, the Plaintiffs' recent claim that the County did not provide reasonable notice of these depositions rings hollow, as it is purely a situation of Plaintiffs' own making.
>
> While Plaintiffs' have also taken the position that the County is required to make a showing in order to depose Plaintiffs' standing witnesses, the cases that were cited in Plaintiffs' letter do not support this position.  For example, Plaintiffs' letter cited a number of cases in which the courts have stated that a plaintiff may demonstrate standing via declarations at the summary judgment stage.  However, none of those cases held that a defendant is precluded from testing a plaintiff's standing witness at a deposition.  Plaintiffs also cited a few cases that found that a particular line of deposition inquiry could raise First Amendment concerns.  But none of those cases held that a defendant was absolutely barred from deposing a plaintiff's standing witness.  Plaintiffs have also recently asserted in an email communication that the County should be satisfied with the statements in the declarations that were submitted in support of their preliminary injunction motion.  But there is no law

**FELTON EXHIBIT 11**
**PAGE 61**

stating that a party is precluded from deposing someone because they submitted a declaration. The fact that they submitted a declaration put all of the statements made in that declaration at issue in this matter. Notably, Plaintiffs have themselves asked some of the County's declarants questions related to their declarations. Finally, Plaintiffs assert that the standing witnesses do not have a "reasonable time to comply, and improperly subject the non-parties to undue burden." As for a "reasonable time to comply," these individuals need only testify as to what is in their personal knowledge. There is no obligation, like under 30(b)(6), to become aware of reasonably available facts. Further, the depositions will focus on the claims set forth in their declarations, the allegations in the complaint, and other relevant factual issues. As for the "undue burden" assertion, these indivdiuals put themselves at the center of this controversy by becoming standing witnesses in this matter, and providing declarations to the Court. If any of the individuals wish to now withdraw as standing witnesses from this matter, the County is certainly amendable to withdrawing the deposition subpoena for that individual.

Monday (5/12): 1-2 pm
Tuesday (5/13): 1-4:30 pm
Wednesday (5/14): 1:30-4:30 pm

Regards,

Ben

On May 9, 2025, at 11:33 AM, Marla Fox <mfox@enviroadvocates.com> wrote:

Counsel,

This is to follow up on Plaintiffs' May 2 request to schedule David Spiegel for a 30(b)(6) deposition on May 14 to discuss the topics identified in paragraphs 3, 6, 7, 8, 10, and 5 as it relates to stream flows, water releases, water diversions, surface water, groundwater, and water quality in Arroyo Grande Creek. Could you please confirm if this date still works?

Plaintiffs also request to meet and confer pursuant to Local Rule 37-1 regarding several discovery matters. As Brian indicated, we will be providing an estimate of the additional time requested for the 30(b)(6) depositions. There are two additional matters identified in Plaintiffs' letter: (1) the County's privilege logs for its responses to Plaintiffs' requests for documents and (2) the production of Nossaman's revised redacted timesheets that Nossaman had agreed to provide on April 30 (for the 2024 timesheets). Please advise when the County is available to meet and confer on these matters.

Thank you,
Marla

Marla Fox (she/her)
Environmental Advocates
(651) 434-7737
mfox@enviroadvocates.com

**FELTON EXHIBIT 11**
**PAGE 62**

On Fri, May 2, 2025 at 11:40 AM Marla Fox <mfox@enviroadvocates.com> wrote:

Hello Counsel,

Plaintiffs would like to schedule David Spiegel for a 30(b)(6) deposition for May 14 to cover the topics the County identified: topics in paragraphs 3, 6, 7, 8, 10, and 5 as it relates to stream flows, water releases, water diversions, surface water, groundwater, and water quality in Arroyo Grande Creek.. Please confirm.

Also, attached please find a letter requesting to meet and confer pursuant to Local Rule 37-1 regarding several discovery matters.

Thank you,
Marla

Marla Fox (she/her)
Environmental Advocates
(651) 434-7737
mfox@enviroadvocates.com

**FELTON EXHIBIT 11**
**PAGE 63**