**Katherine L. Felton**

| | |
|---|---|
| **From:** | Chris Sproul <envirosproul@gmail.com> |
| **Sent:** | Thursday, May 15, 2025 11:24 AM |
| **To:** | Ben Rubin; csproul@enviroadvocates.com |
| **Cc:** | Paul S. Weiland; Katherine L. Felton; Brian Ferrasci-O'Malley; Brian Orion; Marla Fox; Drevet Hunt |
| **Subject:** | Re: [External] Re: Case No. 24-06854, Request to schdule David Spiegel 30(b)(6) deposition and to meet and confer pursuant to LR 37-1 regarding discovery matter |
| **Attachments:** | email to Rubin 1.pdf; 2025 05 02 Letter re Standing Witness Depos.docx |

Ben,

Gordon Hensley could be available for deposition on May 27, 29 or 30, however, one important qualification on a date for a Gordon Hensley deposition. Plaintiffs have most certainly not offered Gordon Hensley for deposition. We unequivocally, in writing, and in our oral representations have made it clear that we are not agreeing to provide Mr. Hensley for deposition. This was for example spelled out unambiguously in Drev Hunt's May 12 email message that I have attached as a PDF and also cut-and-paste it below. We have provided dates that you can issue subpoenas for only for the purpose of potential deposition dates that we will not object to on the grounds that the witness is not available on that date. However, in providing dates we have expressly indicated that we still oppose the depositions and if you intend to proceed with them we will move to quash them. We made our objections to the depositions plain in our May 2 letter, that I have attached again as well.

In our May 2 letter, we stated that we would not be providing the witnesses for deposition absent the County conferring with us over our objections and proposals for alternatives that would avoid or at least substantially limit the depositions. The County ignored our conferral request in this May 2 letter for new every two weeks, until belatedly agreeing to a conferral on May 13. In this conferral, we proposed the compromise of providing only Sean Bothwell for deposition, while still plainly indicating that we opposed and intended to move to quash depositions of the three remaining witnesses.

In our May 13 conferral, the County responded to our offer of providing Mr. Bothwell for deposition and dropping the three remaining depositions that it would only do so if we agreed that we would not use the other three witnesses to establish our standing. We indicated that we were not willing to agree to that and thus it appeared plain that the parties were at impasse on whether depositions of Mr. Hensley, Mr. PItterle, and Ms. Repogle will proceed. However, if the County is reconsidering its position and is willing to potentially drop its subpoenas of the other three witnesses after completing its deposition of Mr. Bothwell and determining that Mr. Bothwell's testimony alone will establish the Plaintiffs standing, we would consider holding off on a motion to quash the subpoenas. For us to agree to do so, the County will have to state in writing: 1, it will let us know by the end of the day on Monday, May 19 after completing its deposition of Mr. Bothwell whether it is dropping it subpoenas for the other three witnesses. 2, it will not argue that our motion to quash should be denied because we have delayed filing it to wait for the completion of Mr. Bothwell's deposition and the opportunity for the County to further weigh in on whether it intends to proceed with the three remaining subpoenas. 3, the parties will agree that the depositions will be held in abeyance pending a ruling on our motion to quash (the Plaintiffs and

FELTON EXHIBIT 12
PAGE 64

witnesses, in turn, will agree to submit to deposition after the June 12 fact discovery cutoff if Judge Sagar's ruling favors the County but does not come in time to hold the depositions before June 12. In so proposing, we are mindful that Judge Sagar has not acted promptly on our motion to compel filed last December, but she has acted promptly on the discovery dispute that we brought to her via her informal dispute resolution process. We propose that the parties would bring this matter to her attention via her informal dispute resolution process such that a ruling in the reasonably near future will be assured, well in time for the County to complete a deposition before dispositive motion pleading).

With respect to the form of a motion to quash, we take your message as presently refusing to agree our request for consent to Magistrate Sagar hearing a motion to quash through her informal discovery dispute process--effectively leaving us no recourse but to seek relief ex parte given timing imitations. If we are mistaken in this respect, we request that you promptly indicate that we are wrong and that the County will agree to the informal discovery dispute process next week if it intends to proceed with deposition subpoenas. We point out that time is of the essence given that the County has indicated its intention to subpoena the witnesses to attend depositions on May 29, May 30, June 2 or June 3, i.e. as soon 10 days after Monday's Sean Bothwell deposition. This is plainly not enough time to resolve our discovery dispute via the Local Rule 37 process.

Chris

Ben -

I did not see an invitation for a call tomorrow (Tuesday) at 1pm. If you already sent it, will you please forward to me again.

Thank you for agreeing to reissue the subpoenas for dates that the witnesses are not unavailable. We agree to provide dates for each witness, and have inquired with each witness regarding the specific dates you identified. It may be that only parts of a day work for some of them. Dates we can confirm availability are provided below. We note however, that in providing the dates neither the standing witnesses nor the Plaintiffs are agreeing to go forward with the depositions and expressly reserve all rights to move to quash or otherwise seek to modify or limit the depositions. As stated in prior communications and multiple requests to meet and confer, including the May 2 letter, Plaintiffs and the standing witnesses oppose the County's subpoenas to all four standing witnesses. Reasons and grounds for this opposition include that the subpoenas to all four non-party witnesses are without limitation on the duration or scope of topics and thus pose an undue burden, including because much of the information sought from these non-party witnesses is equally available from the Plaintiffs. Further the depositions as noticed are not proportional to the needs of the case, including because deposing each standing witness is unnecessary if it is clear from the affidavit (and potential deposition) of any single standing witness that that the organization of which they are a member has standing. We also want to be clear that if the parties are unable to resolve the issues raised, the deponents intend to file a motion to quash or modify because the subpoenas subject the recipients to undue burden and seek privileged matters.

Regarding available dates, and subject to reservation of rights above:

- Sean Bothwell is available May 27 and 30, and June 2 and 3.
- Cynthia Replogle is available May 29 and 30, and June 2 and 3.

We are still waiting to hear from Ben Pitterle and Gordon Hensley.

**FELTON EXHIBIT 12**
**PAGE 65**

Plaintiffs and the standing witnesses expect that the meeting set for tomorrow May 13 at 1 pm is pursuant to Local Rule 37-1. We look forward to discussing the issues tomorrow.

-Drev

**Drevet Hunt** | Legal Director

**California Coastkeeper Alliance**

415.606.0864

he/him

On 5/14/2025 9:48 PM, Ben Rubin wrote:

> Chris,
>
> That is not an accurate summary of the County's position.  As I clearly explained yesterday, because we do not know whether Mr. Bothwell will be able to establish standing via his deposition testimony and necessary supporting documentation, we cannot agree at this time that we will not proceed with the deposition of any other standing witness after taking Mr. Bothwell's deposition.  Instead, we would have to make that determination after Mr. Bothwell's deposition.  It appears that you are purposefully misrepresenting our position in an effort to create an exigency.  We plan to point this out in the opposition that we will be filing to your ex parte application, which we understand per your email will be filed "before the end of the day tomorrow."  Please note that if that time period should slip, we feel it is necessary to remind you of the Central District's Civility and Professionalism Guidelines, and Judge Garnett's Standing Order for Newly Assigned Civil Cases, which requires counsel to comply with these guidelines, and which states that counsel "will not serve papers . . . in a manner designed to inconvenience an adversary, such as late on Friday afternoon or the day preceding a secular or religious holiday."  Therefore, if you do not serve the ex parte application before the end of the day tomorrow, we expect you will be filing the ex parte application on Monday or shortly thereafter.
>
> Please also note that plaintiffs have agreed to provide Mr. Hensley's availability for a deposition, a fact that was reconfirmed during yesterday's call.  Therefore, even though you will be proceeding with the ex parte application, we expect you to comply with your agreement to provide Mr. Hensley's availability for his deposition.  We note that if you decline to do so, that would be a clear violation of our agreement.  A fact that we would be compelled to point out to the Court.
>
> Regards,
>
> Ben
>
> **Ben Rubin**
> Attorney at Law
> NOSSAMAN LLP
> 18101 Von Karman Avenue, Suite 1800
> Irvine, CA 92612
> brubin@nossaman.com
> *Admitted only in California*
> T 949.833.7800  F 949.833.7878

D 949.477.7674



SUBSCRIBE TO E-ALERTS
nossaman.com

---

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** Chris Sproul <envirosproul@gmail.com>
**Sent:** Wednesday, May 14, 2025 8:01 PM
**To:** Ben Rubin <brubin@nossaman.com>; Drevet Hunt <dhunt@cacoastkeeper.org>
**Cc:** Paul S. Weiland <pweiland@nossaman.com>; Katherine L. Felton <kfelton@nossaman.com>; Brian Ferrasci-O'Malley <bferrasciomalley@nossaman.com>; Chris Sproul <csproul@enviroadvocates.com>; Brian Orion <borion@enviroadvocates.com>; Marla Fox <mfox@enviroadvocates.com>
**Subject:** Re: [External] Re: Case No. 24-06854, Request to schdule David Spiegel 30(b)(6) deposition and to meet and confer pursuant to LR 37-1 regarding discovery matter

Ben, et al.,

We have further conferred internally about the County's subpoenas to the third-party witnesses that the Plaintiffs intend to rely on as standing witnesses and further given thought to the County's positions expressed yesterday. It seems clear to us from what the County had to say that it intends to go forward with deposing all four witnesses no matter what the results are of the first deposition. We are also mindful of the short calendar left for fact discovery. Given these considerations, we have decided that we are going to bring a motion to quash the depositions of Ben Pitterle, Gordon Hensley, and Cynthia Replogle. We will, as we have agreed, provide Mr. Bothwell for deposition.

It is clear that there is not enough time before the deposition dates that the County is proposing to have a motion to quash heard by the normal Local Rule 37 process. Accordingly, we request that the County agree that we may proceed via Judge Sagar's informal dispute resolution process and that we meet one more time tomorrow and then file the informal pleading document on Friday or Monday at the latest.

If the County does not promptly indicate its agreement to proceed to the informal dispute resolution process, then the plaintiffs will file an ex parte application before the end of the day tomorrow. The County's opposition to our ex parte application, if one is needed, will be due within 24 hours as provided for by Judge Sagar's website.

Chris

On 5/13/2025 10:33 PM, Ben Rubin wrote:

> Hi Drevet,
>
> As we discussed earlier today, the depositions of Ms. Replogle and Mr. Hensley will not be going forward this week. We anticipate sending revised deposition subpoenas for Ms. Replogle (for one of the following days: May 29, May 30, June 2,

**FELTON EXHIBIT 12
PAGE 67**

or June 3), Mr. Pitterle (for one of the following days: May 29 or May 30), and Mr. Bothwell (for May 19) in the next few days based on the updated availability that you provided. Please let us know when you have Mr. Hensley's updated availability so that we may send a revised deposition subpoena for him as well.

Thanks,

Ben


**Ben Rubin**
Attorney at Law
NOSSAMAN LLP
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
brubin@nossaman.com
*Admitted only in California*
T 949.833.7800  F 949.833.7878
D 949.477.7674



SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the i recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please n sender by reply e-mail and delete the message. Thank you.

**From:** Drevet Hunt <dhunt@cacoastkeeper.org>
**Sent:** Monday, May 12, 2025 10:39 PM
**To:** Ben Rubin <brubin@nossaman.com>; Marla Fox <mfox@enviroadvocates.com>
**Cc:** Paul S. Weiland <pweiland@nossaman.com>; Katherine L. Felton <kfelton@nossaman.com>; Brian Ferrasci-O'Malley <bferrasciomalley@nossaman.com>; Chris Sproul <csproul@enviroadvocates.com>; Brian Orion <borion@enviroadvocates.com>
**Subject:** Re: [External] Re: Case No. 24-06854, Request to schdule David Spiegel 30(b)(6) deposition and to meet and confer pursuant to LR 37-1 regarding discovery matter

Ben -

I did not see an invitation for a call tomorrow (Tuesday) at 1pm. If you already sent it, will you please forward to me again.

Thank you for agreeing to reissue the subpoenas for dates that the witnesses are not unavailable. We agree to provide dates for each witness, and have inquired with each witness regarding the specific dates you identified. It may be that only parts of a day work for some of them. Dates we can confirm availability are provided below. We note however, that in providing the dates neither the standing witnesses nor the Plaintiffs are agreeing to go forward with the depositions and expressly reserve all rights to move to quash or otherwise seek to modify or limit the depositions. As stated in prior communications and multiple requests to meet and confer, including the May 2 letter, Plaintiffs and the standing witnesses oppose the County's

**FELTON EXHIBIT 12**
**PAGE 68**

subpoenas to all four standing witnesses. Reasons and grounds for this opposition include that the subpoenas to all four non-party witnesses are without limitation on the duration or scope of topics and thus pose an undue burden, including because much of the information sought from these non-party witnesses is equally available from the Plaintiffs. Further the depositions as noticed are not proportional to the needs of the case, including because deposing each standing witness is unnecessary if it is clear from the affidavit (and potential deposition) of any single standing witness that that the organization of which they are a member has standing. We also want to be clear that if the parties are unable to resolve the issues raised, the deponents intend to file a motion to quash or modify because the subpoenas subject the recipients to undue burden and seek privileged matters.

Regarding available dates, and subject to reservation of rights above:

1. Sean Bothwell is available May 27 and 30, and June 2 and 3.
2. Cynthia Replogle is available May 29 and 30, and June 2 and 3.

We are still waiting to hear from Ben Pitterle and Gordon Hensley.

Plaintiffs and the standing witnesses expect that the meeting set for tomorrow May 13 at 1 pm is pursuant to Local Rule 37-1. We look forward to discussing the issues tomorrow.

-Drev


**Drevet Hunt** | Legal Director

**California Coastkeeper Alliance**

415.606.0864

he/him

---

**From:** Ben Rubin
**Sent:** Monday, May 12, 2025 4:02 PM
**To:** Marla Fox
**Cc:** Paul S. Weiland; Katherine L. Felton; Brian Ferrasci-O'Malley; Chris Sproul; Drevet Hunt; Brian Orion
**Subject:** RE: [External] Re: Case No. 24-06854, Request to schdule David Spiegel 30(b)(6) deposition and to meet and confer pursuant to LR 37-1 regarding discovery matter


Marla,

We will send a calendar invitation for tomorrow at 1 p.m.

As previously noted, we requested the availability of the witnesses multiple times, starting in April, and plaintiffs refused to provide their availability.  We understand that plaintiffs have recently asserted that the depositions cannot proceed, including on May 15, due to unavailability; however, we also note that plaintiffs have inquired as to the ability to depose the County's witness David Spiegel on May 15.  Disregarding this anomaly for the time being, we can agree to reissue the deposition subpoenas for the County's four standing witnesses if plaintiffs will agree to identify a separate date that each standing witness is available from the following list of dates:  May 19, May 27, May 29, May 30, June 2, and June 3.  We can then reissue the subpoenas, and after the meet and confer make a determination as to next steps, if any.

Regards,

Ben

**Ben Rubin**
Attorney at Law
NOSSAMAN LLP
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
brubin@nossaman.com
*Admitted only in California*
T 949.833.7800  F 949.833.7878
D 949.477.7674



SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the i recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please n sender by reply e-mail and delete the message. Thank you.

**From:** Marla Fox <mfox@enviroadvocates.com>
**Sent:** Monday, May 12, 2025 3:07 PM

**FELTON EXHIBIT 12**
**PAGE 70**

**To:** Ben Rubin <brubin@nossaman.com>
**Cc:** Paul S. Weiland <pweiland@nossaman.com>; Katherine L. Felton <kfelton@nossaman.com>; Brian Ferrasci-O'Malley <bferrasciomalley@nossaman.com>; Chris Sproul <csproul@enviroadvocates.com>; Drevet Hunt <dhunt@cacoastkeeper.org>; Brian Orion <borion@enviroadvocates.com>
**Subject:** Re: [External] Re: Case No. 24-06854, Request to schdule David Spiegel 30(b)(6) deposition and to meet and confer pursuant to LR 37-1 regarding discovery matter

Kate and Ben,

We are available to meet tomorrow, **5/13, at 1 pm** to discuss the three discovery issues identified in Plaintiffs' May 2 letter and referenced in Ben Rubin's May 9 email. We could also meet later on Tuesday during the window you proposed, or Wednesday 1:30-3pm.

As previously noted on several occasions, the witnesses are not available on the dates noticed for deposition: May 15, 16, 20, and 22. However, Plaintiffs received notices from court reporters for the depositions this week. Please confirm that these depositions will not go forward on May 15 (Replogle) or May 16 (Hensley). Please also confirm that the subpoena will be withdrawn and modified/reissued (at a minimum, to provide for the deposition on a different date) to allow for a meaningful meet and confer regarding the necessity, proportionality, and scope of any proposed deposition.

Marla

Marla Fox (she/her)

Environmental Advocates

(651) 434-7737

mfox@enviroadvocates.com

On Fri, May 9, 2025 at 3:51 PM Ben Rubin <brubin@nossaman.com> wrote:

8

**FELTON EXHIBIT 12**
**PAGE 71**

Marla,

Please see below our availability to meet and confer and discuss the following issues: (1) the County's privilege logs, which per the Discovery Plan are only due "within three weeks of the final production of documents responsive to a given set of RFPs"; (2) the production of Nossaman's revised redacted timesheets, which Plaintiffs have conceded are only relevant with respect to a potential award of attorneys' fees if there is a final adverse judgment against the County in this matter; and (3) the depositions of Plaintiffs' four standing witnesses.

With respect to this latter issue, we wanted to point out that we requested the availability of Plaintiffs' standing witnesses on multiple occasions. For example, on April 24 we asked for dates "between May 14 and May 30." On May 2, Plaintiffs sent a letter refusing to provide any availability for its standing witnesses, citing as one basis the fact that deposition subpoenas had not been issued. While this is clearly not a reasonable basis for discussing potential deposition dates, the County obliged the Plaintiffs' request and sent depositions subpoenas on May 6. Thus, the Plaintiffs' recent claim that the County did not provide reasonable notice of these depositions rings hollow, as it is purely a situation of Plaintiffs' own making.

While Plaintiffs' have also taken the position that the County is required to make a showing in order to depose Plaintiffs' standing witnesses, the cases that were cited in Plaintiffs' letter do not support this position. For example, Plaintiffs' letter cited a number of cases in which the courts have stated that a plaintiff may demonstrate standing via declarations at the summary judgment stage. However, none of those cases held that a defendant is precluded from testing a plaintiff's standing witness at a deposition. Plaintiffs also cited a few cases that found that a particular line of deposition inquiry could raise First Amendment concerns. But none of those cases held that a defendant was absolutely barred from deposing a plaintiff's standing witness. Plaintiffs have also recently asserted in an email communication that the County should be satisfied with the statements in the declarations that were submitted in support of their preliminary injunction motion. But there is no law stating that a party is precluded from deposing someone because they submitted a declaration. The fact that they submitted a declaration put all of the statements made in that declaration at issue in this matter. Notably, Plaintiffs have themselves asked some of the County's declarants questions related to their declarations. Finally, Plaintiffs assert that the standing witnesses do not have a "reasonable time to comply, and improperly subject the non-parties to undue burden." As for a "reasonable time to comply," these individuals need only testify as to what is in their personal knowledge. There is no obligation, like under 30(b)(6), to become aware of reasonably available facts. Further, the depositions will focus on the claims set forth in their declarations, the allegations in the complaint, and other relevant factual issues. As for the "undue burden" assertion, these indivdiuals put themselves at the center of this controversy by becoming standing witnesses in this matter, and

providing declarations to the Court. If any of the individuals wish to now withdraw as standing witnesses from this matter, the County is certainly amendable to withdrawing the deposition subpoena for that individual.

<u>Monday (5/12)</u>: <u>1-2 pm</u>

<u>Tuesday (5/13)</u>: <u>1-4:30 pm</u>

<u>Wednesday (5/14)</u>: <u>1:30-4:30 pm</u>

Regards,

Ben

> On May 9, 2025, at 11:33 AM, Marla Fox <<mfox@enviroadvocates.com>> wrote:
>
> Counsel,
>
> This is to follow up on Plaintiffs' May 2 request to schedule David Spiegel for a 30(b)(6) deposition on May 14 to discuss the topics identified in paragraphs 3, 6, 7, 8, 10, and 5 as it relates to stream flows, water releases, water diversions, surface water, groundwater, and water quality in Arroyo Grande Creek. Could you please confirm if this date still works?
>
> Plaintiffs also request to meet and confer pursuant to Local Rule 37-1 regarding several discovery matters. As Brian indicated, we will be providing an estimate of the additional time requested for the 30(b)(6) depositions. There are two additional matters identified in Plaintiffs' letter: (1) the County's privilege logs for its responses to Plaintiffs' requests

for documents and (2) the production of Nossaman's revised redacted timesheets that Nossaman had agreed to provide on April 30 (for the 2024 timesheets). Please advise when the County is available to meet and confer on these matters.

Thank you,

Marla

Marla Fox (she/her)

Environmental Advocates

(651) 434-7737

mfox@enviroadvocates.com

On Fri, May 2, 2025 at 11:40 AM Marla Fox <mfox@enviroadvocates.com> wrote:

> Hello Counsel,
>
> Plaintiffs would like to schedule David Spiegel for a 30(b)(6) deposition for May 14 to cover the topics the County identified: topics in paragraphs 3, 6, 7, 8, 10, and 5 as it relates to stream flows, water releases, water diversions, surface water, groundwater, and water quality in Arroyo Grande Creek.. Please confirm.
>
> Also, attached please find a letter requesting to meet and confer pursuant to Local Rule 37-1 regarding several discovery matters.
>
> Thank you,

FELTON EXHIBIT 12
PAGE 74

> Marla
>
> Marla Fox (she/her)
>
> Environmental Advocates
>
> (651) 434-7737
>
> [mfox@enviroadvocates.com](mailto:mfox@enviroadvocates.com)

```
--
Christopher A. Sproul (he/him)
Environmental Advocates
5135 Anza Street
San Francisco, California 94121
(415) 533-3376
Fax:   (415) 358-5695
Email:  csproul@enviroadvocates.com
--
Christopher A. Sproul (he/him)
Environmental Advocates
5135 Anza Street
San Francisco, California 94121
(415) 533-3376
Fax:   (415) 358-5695
Email:  csproul@enviroadvocates.com
```

12