UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 24-06854-SPG (ASx) | Date | May 20, 2025 |
|---|---|---|---|
| Title | San Luis Obispo Coastkeeper, et al. v. County of San Luis Obispo | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| None present | None present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION TO STAY OR IN THE ALTERNATIVE QUASH DEPOSITION SUBPOENAS (DKT. NO. 121)**

On Friday, May 16, 2025, Plaintiffs filed an Ex Parte Application to Stay or in the Alternative Quash Deposition Subpoenas for three of their Article III standing witnesses: Benjamin Pitterle, Gordon Hensley, and Cynthia Replogle. (Dkt. No. 121). Plaintiffs contend that the depositions violate Federal Rules of Civil Procedure 26 and 45 because they are unduly burdensome and disproportionate to the needs of the case. (Id. at 15–20). Plaintiffs offer the deposition of Sean Bothwell, another one of Plaintiff's standing witnesses, in lieu of the three witnesses whose depositions Defendant has noticed, and argue that Defendant can obtain the information it seeks from the three witnesses in written discovery requests which are less burdensome and expensive than depositions. (Id. at 16). Plaintiffs attest that they are entitled to ex parte relief because the witnesses subject to the subpoenas "will be irreparably prejudiced if forced to proceed with the depositions" and aver that Defendant is to blame for the urgency of the relief sought. (Id. at 7–15). On Sunday, May 18, 2025, Defendant filed its opposition to the ex parte application, asserting, first, that Plaintiffs are not entitled to ex parte relief because they failed to demonstrate lack of fault or irreparable prejudice. (Dkt. No. 124 at 5–14). Defendant also maintains that Plaintiffs failed to meet their burden to persuade the Court that the depositions are unduly burdensome, redundant, or unwarranted. (Id. at 11–19). The Court, having reviewed the parties' submissions, attached declarations, and exhibits, DENIES the requested relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 24-06854-SPG (ASx) | Date | May 20, 2025 |
|---|---|---|---|
| Title | San Luis Obispo Coastkeeper, et al. v. County of San Luis Obispo | | |

In order to justify ex parte relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. See Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995); see also Local Rule 37-3.

Here, Plaintiffs have not established that they are without fault in creating the timing crisis on which they rely to seek a stay of the depositions pending a hearing on a motion to quash or an order quashing the depositions ex parte. See Mission Power Eng'g Co., 883 F. Supp. at 492. As Defendant points out, Plaintiffs failed to act diligently when they waited more than three weeks after Defendant requested deposition dates to file this application, (Dkt. No. 124 at 7–8), and were, in fact, put on notice of the possibility that Defendant would seek to depose the four standing witnesses in November 2024 when the parties filed their discovery plan. (Dkt. No. 50-1 at 8–9).

The Court also finds that Plaintiffs have failed to demonstrate that the subpoenas subject Plaintiffs or their witnesses to undue burden. See In re Subpoena of DJO, LLC, 295 F.R.D. 494, 497 (S.D. Cal. 2014) (quoting Fed. R. Civ. P. 45(d)(3)(A)(iv)); see also In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020, 337 F.R.D. 639, 645 (N.D. Cal. 2020) ("The moving party bears the burden of persuasion on a motion to quash."). The burdens to which Plaintiffs refer—e.g., witnesses will have to be available for the full day, preparing for these depositions will take time, and the depositions are costly—are standard burdens of discovery and were foreseeable by Plaintiffs, who chose to commence this lawsuit. Additionally, to the extent Plaintiffs claim that the witnesses will be questioned about information which they have already submitted in standing declarations, it does not follow that the depositions create an *undue* burden. As Defendant highlights, "standing witnesses [choose] voluntarily to serve in that capacity," and thus subject themselves to "duties and commitments" inherent to their jurisdictional role, such as being examined by the opposing party about their claims of injury. (Dkt. No. 124 at 11–12). Because Plaintiffs intend to rely on all four individual standing witnesses, Defendant should be permitted to question them to determine whether each of them has standing that will endure throughout the litigation.

For these reasons, the Ex Parte Application to Stay or in the Alternative Quash Deposition Subpoenas for Benjamin Pitterle, Gordon Hensley, and Cynthia Replogle (Dkt. No. 121) is DENIED. The parties are directed to meet and confer forthwith regarding the scheduling of the depositions noticed by Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 24-06854-SPG (ASx) | Date | May 20, 2025 |
|---|---|---|---|
| Title | San Luis Obispo Coastkeeper, et al. v. County of San Luis Obispo | | |

**IT IS SO ORDERED.**

cc: Sherilyn Peace Garnett
    United States District Judge