UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| No. | CV 24-06854-SPG (ASx) | Date | June 9, 2025 |
|---|---|---|---|
| Title | *San Luis Obispo Coastkeeper, et. al., v. County of San Luis Obispo* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | Not reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: |
| Marla Fox | | Paul Weiland |
| Christopher Sproul[1] | | Katherine Felton |

**Proceedings (In Chambers):**     **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL (DKT. NO. 60)**

On December 19, 2024, the parties filed a joint stipulation regarding Plaintiffs' Motion to Compel Production of Documents from Non-Parties Sharon Kramer, H.T. Harvey, Ethan Bell, and Stillwater Sciences. (Dkt. No. 60). On December 26, 2024, Plaintiffs filed a supplemental memorandum in support of the Motion, (Dkt. No. 64). A hearing was held by video teleconference on January 23, 2025. Having considered the parties' submissions and the arguments presented at the hearing, the Court issues the following order:

## I.  Background

Plaintiffs San Luis Obispo Coastkeeper, Los Padres Forest Watch, California Coastkeeper Alliance, and Ecological Rights Foundation (collectively, "Plaintiffs"), filed this action against the County of San Luis Obispo ("County") alleging a violation of Section 9 of the Endangered Species Act ("ESA") based on the County's operation and maintenance of Lopez Dam, Lopez Lake, a three-mile buried steel transmission line that conveys water to the Lopez Terminal Reservoir, the Lopez Water Treatment Plant, and various in-stream infrastructure downstream from Lopez Dam. Plaintiffs contend that the County's maintenance of the Dam threatens the South-Central California Coast ("SCCC") Distinct Population Segment ("DPS") of Steelhead trout in Arroyo Grande Creek and the County has

---

[1] Mr. Sproul joined the video teleconference after it had commenced.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 24-06854-SPG (ASx) | Date | June 9, 2025 |
|---|---|---|---|
| Title | *San Luis Obispo Coastkeeper, et. al., v. County of San Luis Obispo* | | |

failed to develop and complete an adequate Habitat Conservation Plan ("HCP") and application for an ESA Section 10 incidental take permit for its operation of the dam. (Dkt. 60 at 1).

Plaintiffs note that the County has employed environmental consultants to assist and analyze the impact of the County's actions on the Arroyo Grande Creek and the Steelhead trout. Id.. Plaintiffs seek documents and testimony from Sharon Kramer and Ethan Bell, two of the environmental consultants employed by the County. The County has withheld production of certain responsive documents identified on two privilege logs ("second revised Kramer privilege log" and "second revised Bell Privilege log") (Dkt. 60-1: Appendix), based on their assertions of non-testifying expert material, attorney work product and attorney-client privilege. Plaintiffs challenge these assertions.

Plaintiffs' objection to the privilege logs as not sufficiently describing the documents that are withheld is overruled. The privilege logs adequately sets forth the parties to the communication, the date of the communication, and the subject matter of the communication. The Court rejects Plaintiffs' claim that the County has waived the non-testifying expert privilege by identifying Bell and Kramer as potential fact witnesses in its initial disclosures. The County's designation of these potential fact witnesses was subject to their limitations as non-testifying expert witnesses. *Rubalcava v. City of San Jose,* 2022 WL 484988, at *7 (N.D. Cal. Feb. 16, 2022).

II.   **Non-Testifying Expert Privilege**

The County withheld production of documents identified in rows 5-8, 9-14, 17, 27-28, 40-41, 46-105, 112-114, 114, 123, and 125-53 of the Bell privilege log and all of the entries (rows 1-75) in the Kramer privilege log as communications protected by the non-testifying expert privilege. Plaintiffs claim that Bell and Kramer do not qualify as non-testifying experts because their consulting work on the impacts of the County's actions on endangered and threatened species began before June 6, 2024, when the County first received Plaintiffs' notice of intent to sue. (Dkt. 60 at 12). Plaintiffs point out that the County's contract for Ms. Kramer's "Professional Environmental Consulting Services" is dated June 16, 2015, and the contract for Mr. Bell's Contract for "Professional Consultant Services Meadow Creek Lagoon Habitat Restoration Project" is dated March 2, 2021.Id.

The Court finds that the County has appropriately designated as non-testifying expert material, the communications involving Kramer and Bell beginning on August 12, 2024, the date of their retention agreement with the County in this case, but also the communications prior to that date which relate to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 24-06854-SPG (ASx) | Date | June 9, 2025 |
|---|---|---|---|
| Title | *San Luis Obispo Coastkeeper, et. al., v. County of San Luis Obispo* | | |

the subject matter of the June 6, 2024, notice of intent to sue.  See *In re Grand Jury Subpoena (Torf),* 357 F.3d 900 (9th Cir. 2004); and *U.S. Inspection Services Inc. v. NL Engineered Solutions, LLC,* 268 F.R.D. 614, 618-619 (N.D. Cal, 2010).  Here, the timing of the retention agreement and the nature of the work performed by Bell and Kramer before the June 6, 2024, notice is inextricably intertwined with the work they were retained to perform after receipt of the notice.  Accordingly, the County has properly asserted the above-listed rows on the privilege logs as non-testifying expert material.

Plaintiffs' objection to the Kramer privilege log rows 59-64, involving communications relating to the retention agreement is well taken.   The Court finds that that communications that relate solely to the drafting of the retention agreement must be disclosed, but communications that relate to legal analysis or strategy with respect to this litigation are properly withheld from production.  The County is ordered to review these entries and produce all communications concerning the drafting of the retention agreement.

Accordingly, the County has properly asserted the non-testifying expert material privilege for the rows on the Kramer privilege log (Nos. 1-75) subject to their review of Nos. 59-64 for communications that relate to the drafting of the retention agreement.  The same analysis applies to the Bell privilege log entries that assert the non-testifying expert privilege.  Rows 5-8, 9-14, 17, 27-28, 40-41, 46-105, 112-114, 123, and 125-153, which involve communications that post-date the August 12, 2024 retention agreement or communications after the June 6, 2024, notice regarding the subject matter of this litigation.  These communications are also properly withheld from production as non-testifying expert material.

### III.   Attorney Client Privilege

Plaintiffs object to the County's assertions of attorney client privilege on rows 1-4, 15, 18-26, 29-39, 42-45, 106-111, 115-122, 124, and 154-280 on the Bell privilege log, claiming that these communications, which occurred prior to the notice dated June 6, 2024, do not pertain to legal advice, and are only between Nossaman and Stillwater, were improperly designated as privileged because the County was Nossaman's client and Stillwater was not a functional employee of the County.  The County agrees that it, and not Stillwater, was Nossaman's client and that Stillwater was not its functional employee. However, the County argues that it retained Nossaman to provide legal services regarding its implementation of a biologic opinion regarding the Meadow Creek Lagoon Project and that it was necessary for Nossaman, in order to provide legal advice to the County, to communicate with and provide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 24-06854-SPG (ASx) | Date | June 9, 2025 |
|---|---|---|---|
| Title | *San Luis Obispo Coastkeeper, et. al., v. County of San Luis Obispo* | | |

Stillwater with legal analysis on issues relating to the implementation of the project as requested by Stillwater. The County further contends that Stillwater's involvement was necessary due to the technical aspects of the compliance issues involved and Stillwater played an integral role in the County's implementation of the opinion. The communications at issue solely involved the Meadow Lagoon Project, necessarily occurred before the June 6, 2024 notice (and therefore are not in anticipation of this litigation) and concerned compliance issues relating to the implementation of the biologic opinion regarding the Meadow Creek Restoration project. It is not clear that these communications involved the provision of legal advice. As Plaintiffs point out, the County contracted with Stillwater to provide it with technical assistance and Stillwater reached an agreement with Nossaman *to provide Stillwater with services as requested by Stillwater*. See Joint Stip, Exh. 16 Moreover, the purpose of the agreement between Stillwater and Nossaman was for Nossaman to facilitate Stillwater's ability to provide its technical environmental expertise to the County. The Nossaman-Stillwater agreement expressly provides that the County is Nossaman's client. For these reasons, the Court finds that the attorney client privilege does not apply to communications between Nossaman and Stillwater. The County is not entitled to assert the attorney client privilege for these communications.

Plaintiffs claim that communications between Nossaman and the County which include Stillwater are also not subject to the attorney client privilege because the presence of a third party waives the privilege. However, given the circumstances involving Stillwater's role in the County's implementation of the Meadow Creek Lagoon project, the Court does not find that Stillwater's presence abrogates the attorney-client privilege in the County's communications with Nossaman. The County may assert the attorney client privilege for communications with Nossaman that include Stillwater, if such communications are for the purpose of seeking legal advice.

Plaintiffs also challenge the attorney-client privilege assertions for rows 1, 3, 106-111, 199, and 240 on the Bell privilege log as communications that do appear for the purpose of obtaining legal advice. In particular, Plaintiffs point out that the County has improperly asserted the attorney client privilege for internal communications between Stillwater employees when these communications are part of an email chain that includes subsequent communications with counsel for which the attorney-client privilege is claimed. The Court agrees. The attorney client privilege does not apply to communications between non-attorneys under these circumstances. The County is directed to review these entries and redact only those communications which include counsel where the subject matter involves the provision of legal advice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 24-06854-SPG (ASx) | Date | June 9, 2025 |
|---|---|---|---|
| Title | *San Luis Obispo Coastkeeper, et. al., v. County of San Luis Obispo* | | |

### IV. Attorney Work Product Privilege

Plaintiffs object to the County's assertions of work product on the Bell privilege log, rows 40, 49, 51-54, 57, 60-61, 64-65, 70-71, 81, 112-116, 123, 125-32, 134-37, 142-43 and 149 consisting of communications between Nossaman attorneys (counsel for the County), and Sitllwater and/or Harvey Kramer which concern the litigation and the June 6, 2024, notice. However, these communications (from June 7, 2024 to October 17, 2024) post-date the County's receipt of the June 6, 2024, notice and relate to the notice and the anticipation of litigation and are properly designated as work product. Plaintiffs' objections are overruled.

### V. Conclusion

Plaintiffs' motion to compel is GRANTED IN PART and DENIED IN PART as set forth in this Order. The parties are ordered to meet and confer to set a time frame for the County's compliance with this Order.

**IT IS SO ORDERED.**

cc: Sherilyn Peace Garnett
United States District Judge

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | AF | | |