UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06854-SPG-AS | Date | June 18, 2025 |
| Title | SAN LUIS OBISPO COASTKEEPER ET AL. v. COUNTY OF SAN LUIS OBISPO | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) ORDER GRANTING MOTION TO STAY THE CASE PENDING RESOLUTION OF INTERLOCUTORY APPEAL OF THE PRELIMINARY INJUNCTION ORDER [ECF NO. 99]

Before the Court is a Motion to Stay the Case Pending Resolution of Interlocutory Appeal of the Preliminary Injunction Order (ECF No. 99 ("Motion")) filed by Defendant County of San Luis Obispo ("Defendant" or the "County"). Plaintiffs San Luis Obispo Coastkeeper, Los Padres Forestwatch, California Coastkeeper Alliance, and the Ecological Rights Foundation ("Plaintiffs") opposed, *see* (ECF No. 106 ("Opp.")), and Plaintiffs have replied, *see* (ECF No. 107 ("Reply")). The Court has read and considered the parties' submissions and concluded that the Motion is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

## Background

The Court has previously discussed at length the underlying facts of this action. *See* (ECF No. 54). Relevant to this instant Motion, the Court granted, in part, Plaintiffs' motion for a preliminary injunction, *see generally* (*id.*), and required Defendant to undertake several measures to remedy and prevent harm to the South-Central California Coast Steelhead population, *see* (ECF No. 58 ("Preliminary Injunction Order")). Shortly thereafter, Defendant filed an interlocutory appeal of the preliminary injunction order, which remains pending before the Ninth Circuit. *See* (ECF No. 63). Thus far, Defendant has timely complied with the actions mandated by the preliminary injunction order. *See, e.g.*, (ECF Nos. 62, 72, 84, 87, 88, 104, 105, 111, 112, 118). Defendant has fulfilled such obligations while simultaneously engaging in discovery, which according to Defendant, has involved production of voluminous documents and evidence. *See* (Mot. at 10). Under the pre-trial and trial scheduling order, any pre-trial motions, including dispositive summary judgment motions, shall conclude by November 2025, and trial is scheduled to begin in early March of 2026. *See* (ECF No. 79-1). In the meantime,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06854-SPG-AS | Date | June 18, 2025 |
| Title | SAN LUIS OBISPO COASTKEEPER ET AL. v. COUNTY OF SAN LUIS OBISPO | | |

the Ninth Circuit has scheduled oral arguments on Defendant's interlocutory appeal for August 2025.

### Legal Standard

District courts have the discretionary authority to stay proceedings. This authority "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). As such, a court may stay a case "pending resolution of independent proceedings which bear upon the case," even though those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). In determining whether to exercise its discretion to grant a stay, a district court considers the competing interests of the parties, to include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

### Discussion

Defendant requests that the Court exercise its discretion to stay this matter, including discovery, pre-trial, and trial dates, until the Ninth Circuit renders a ruling on Defendant's interlocutory appeal of the Court's preliminary injunction order. Defendant, however, does not seek to stay the preliminary injunction order and intends to continue implementing the various remedial measures mandated therein. *See* (Mot. at 5). The three *Landis* factors, Defendant maintains, counsel in favor of this partial stay; each of which the Court addresses in turn.

A. Possible Damage Resulting from a Stay

First, the Court considers the possible damage to the non-moving party resulting from a stay. Under the first factor, Defendant argues that this partial stay will not harm Plaintiffs' interests. This is because, according to Defendant, its continued implementation of the preliminary injunction measures serves to redress the harms alleged in Plaintiffs' preliminary injunction motion. *See* (*id.* at 7). Moreover, staying the pre-trial and trial dates pending the Ninth Circuit's resolution of the interlocutory appeal will result in a modest delay because the Ninth Circuit automatically expedites briefing for preliminary injunction appeals. *See* (*id.* at 8) (citing Ninth Cir. R. 3-3). In opposition, Plaintiffs urge that a stay would, nonetheless, harm their interest in litigating this case and pursuing other injunctive remedies that they did not initially seek in their previous preliminary injunction motion.

The Court acknowledges Plaintiffs' concern that a stay delays final resolution of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06854-SPG-AS | Date | June 18, 2025 |
| Title | SAN LUIS OBISPO COASTKEEPER ET AL. v. COUNTY OF SAN LUIS OBISPO | | |

case. Although Defendant notes that the Ninth Circuit will hear oral arguments in August 2025, the Ninth Circuit's procedures for preliminary injunction appeals do not necessarily require a ruling under a particular timeframe. *See* Ninth Cir. R. 3-3, 34-3. Nonetheless, it also bears emphasis that Defendant's timely compliance with the preliminary injunctive order redresses many harms to the Steelhead population that Plaintiffs alleged. Moreover, the preliminary injunction order currently "remain[s] in effect until entry of a final judgment on the merits" and, therefore, a partial stay of this action would not impair the progress achieved by the injunctive measures implemented thus far. *See Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *4 (N.D. Cal. Apr. 15, 2019) (finding that the preliminary injunction order remaining in effect during a stay pending resolution of the interlocutory appeal "weighs against a finding of harm to plaintiffs"); *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1061 (E.D. Cal. 2023); *E. Bay Sanctuary Covenant v. Trump*, No. 18-CV-06810-JST, 2019 WL 1048238, at *2 (N.D. Cal. Mar. 5, 2019).

The Court acknowledges that Plaintiffs may seek additional injunctive remedies that they did not request in their previous preliminary injunction motion. However, as discussed below, *see infra* Section C, the Ninth Circuit's forthcoming ruling on critical legal issues will inform how both the parties and this Court address Plaintiffs' additional requests for injunctive relief. In sum, Plaintiffs have raised minimal damage resulting from a stay, which the Court must balance with the other competing interests.

B. <u>The Moving Party's Hardship or Inequity Absent a Stay</u>

With the first factor considered, the *Landis* opinion cautions that "if there is even a fair possibility that the stay . . . will work damage to someone else," the moving party "must make out a clear case of hardship or inequity." 299 U.S. at 255. Defendant contends that it will suffer hardship, absent the Court staying the proceedings. Specifically, as a local public agency with limited staff capacity, Defendant has dedicated resources to not only implementing the remedial measures required by the preliminary injunction order, but also engaging in extensive discovery and motion practice in this complex case—all while maintaining its normal operations and obligations to service the County's residents. *See* (Mot. at 9); *see also* (ECF No. 99-2 ("Ballantyne Decl.") ¶¶ 8–10) (discussing the significant resources expended by County and its staff).[1]

---

[1] The parties offer different views about the discovery process undertaken in this action thus far. Defendant, on one hand, represents that Plaintiffs have pursued this litigation in a "hyper-aggressive and costly manner," (Mot. at 10), whereas Plaintiffs assert that the "complex" facts in this case have, in part, impacted the "volume of discovery propounded," (Opp. at 22). To be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06854-SPG-AS | Date | June 18, 2025 |
| Title | SAN LUIS OBISPO COASTKEEPER ET AL. v. COUNTY OF SAN LUIS OBISPO | | |

Relying on *Lockyer*, Plaintiffs respond that merely "being required to defend a suit, *without more*, does not constitute a clear case of hardship or inequity." 398 F.3d at 1112 (emphasis added). Plaintiffs' reliance on *Lockyer*, however, is slightly misplaced because the moving party in *Lockyer* argued that it would face hardship by merely "proceed[ing] to[] trial in the suit in the district court." *Id.* Contrary to Plaintiffs' assertion, Defendant's hardship in this present case does not rest on the obligation to defend itself in this action. Instead, Defendant's continued efforts to implement the measures mandated by the preliminary injunction order—coupled with its participation in extensive discovery and anticipated motion practice—have strained its limited resources to maintain its normal operations. Accordingly, the Court finds that Defendant has demonstrated a clear case of hardship, thereby favoring a partial stay during the pending interlocutory appeal.

C. <u>Orderly Course of Justice</u>

The last factor—the orderly course of justice—considers whether a stay pending appeal would simplify or complicate issues, proof, and questions of law. Although not dispositive, "[c]onsiderations of judicial economy are highly relevant in determining whether the orderly course of justice weighs in favor of a stay." *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2016 WL 9021536, at *2 (N.D. Cal. Mar. 22, 2016) (internal quotation marks omitted). As a preliminary matter, the Court is mindful that the Ninth Circuit has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018). In so holding, the Ninth Circuit has explained that, "[b]ecause of our limited scope of review and the paucity of the factual record on a preliminary injunction application, our disposition may provide little guidance as to the appropriate disposition on the merits and will often result in unnecessary delay to the parties and inefficient use of judicial resources." *Glob. Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058-59 (9th Cir. 2007) (internal quotation marks omitted).

There are, however, circumstances when "the concerns [that] the Ninth Circuit expressed in *Azar*, warning against staying an action pending an appeal of a preliminary injunction are not present . . . ." *Flores*, 675 F. Supp. 3d at 1064. For example, when the parties "present[] a fairly developed factual record" or mainly dispute "questions of law and application of law to facts," the Ninth Circuit's ruling on the preliminary injunction may "likely provide highly relevant guidance and possibly create dispositive authority" on controlling legal issues in the district court proceedings. *Id.* Under such circumstances, district courts within this Circuit have granted a stay of the proceedings pending resolution of the interlocutory appeal. *See id.*; *see*

---

clear, the Court refrains from taking any position about the reason for the extensive discovery and, most importantly, in reaching its ruling, the Court need not and does not consider the disputed reasons for the extensive discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06854-SPG-AS | Date | June 18, 2025 |
| Title | SAN LUIS OBISPO COASTKEEPER ET AL. v. COUNTY OF SAN LUIS OBISPO | | |

also *Mobilize the Message LLC v. Bonta*, No. 221CV05115VAPJPRX, 2021 WL 6104312, at *2 (C.D. Cal. Sept. 17, 2021) (collecting cases); *Kuang*, 2019 WL 1597495, at *6–7.

Similarly here, the parties presented a voluminous factual record for the Court's consideration of Plaintiffs' preliminary injunction motion. Additionally, the Ninth Circuit's resolution of legal questions may potentially reshape the course of this litigation. For example, Defendant asked the Ninth Circuit to consider whether the preliminary injunction test tailored to claims under the Endangered Species Act ("ESA"), *see TVA v. Hill*, 437 U.S. 153 (1978), applies when a preliminary injunction may provide relief to some ESA-protected species while allegedly harming other ESA-protected species. *See* (Mot. at 12–13). The Ninth Circuit's ruling on this legal question would likely streamline the parties' disputed legal issues and inform this Court's analysis of any additional injunctive relief, including permanent injunctions, that Plaintiffs intend to seek.[2]

Contrary to Plaintiffs' assertion, the Ninth Circuit's decision need not settle all of Plaintiffs' claims to warrant a stay. *See Lockyer*, 398 F.3d at 1110 ("True, a decision in the cause then pending in New York may not settle every question of fact and law in suits by other companies, but in all likelihood it will settle many and simplify them all."); *see also Calvillo Manriquez v. DeVos*, No. 17-CV-07210-SK, 2018 WL 5316174, at *3 (N.D. Cal. Aug. 30, 2018) (concluding that a stay was in the interest of orderly justice even though "the resolution of the issue on appeal will not address all of the claims alleged by plaintiffs").[3] In sum, the preliminary

---

[2] In fact, in their opposition, Plaintiffs state that they may seek additional injunctive remedies for both Steelhead and other ESA-designated species. *See* (Opp. at 25–26). This requested remedy would, once again, raise the same legal question—namely being whether the Court should consider the balance of equities and public interest when there may be competing harms to other ESA-protected species. As such, the Ninth Circuit's decision about the appropriate injunctive test would, in turn, impact both the parties' anticipated motions and the Court's rulings. Absent a stay, this Court would waste judicial resources by grappling with the same legal question currently before the Ninth Circuit.

[3] Plaintiffs assert that Defendant will not likely prevail on appeal, thereby weighing against a stay. The moving party's likelihood of success on appeal, however, is not relevant to determine a stay under the *Landis* test. Such inquiry would be relevant if Defendant moved to stay the Court's preliminary injunction order that is currently on appeal, thereby triggering application of the four-factor test articulated in *Nken v. Holder*, 556 U.S. 418 (2009). *See Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1106 (C.D. Cal. 2021) (explaining that "courts have reasoned that the *Nken* test is applicable when there is a request to stay a district court's judgment or order pending an appeal of the same case, while *Landis* applies to the decision to stay proceedings" (internal quotation marks omitted)); *see also Andrade Rico v. Beard*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06854-SPG-AS | Date | June 18, 2025 |
| Title | SAN LUIS OBISPO COASTKEEPER ET AL. v. COUNTY OF SAN LUIS OBISPO | | |

injunction remains in effect, thereby redressing many of Plaintiffs' alleged harms. Although a stay will likely delay trial, the interest of "economy of time and effort for [the Court], for counsel, and for litigants" substantially outweighs the risk of undue prejudice to the parties in delaying trial. *Landis*, 299 U.S. at 254.

**Conclusion**

For the foregoing reasons, the Court GRANTS the Motion.

Initials of Preparer   pg

---

217CV1402KJMDBP, 2019 WL 4127206, at *6 (E.D. Cal. Aug. 30, 2019) ("Determining which standards apply is important because they have significant distinctions. Under *Hilton/Nken*, defendants must show both a strong likelihood of success on the merits of the appeal and irreparable injury if a stay is not issued. The *Landis* standards do not require these two showings."). Accordingly, because Defendant requests a stay of the proceedings—as opposed to the preliminary injunction order—the Court does not consider the likelihood of success on the merits of Defendant's appeal.