NOSSAMAN LLP
PAUL S. WEILAND (SBN 237058)
pweiland@nossaman.com
BENJAMIN Z. RUBIN (SBN 249630)
brubin@nossaman.com
ELIZABETH KLEBANER (SBN 261735)
lklebaner@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone:   949.833.7800
Facsimile:    949.833.7878

KATHERINE L. FELTON (WA SBN 30382)
*Admitted Pro Hac Vice*
kfelton@nossaman.com
BRIAN FERRASCI-O'MALLEY (WA SBN 46721)
*Admitted Pro Hac Vice*
bferrasciomalley@nossaman.com
719 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone:   206.395.7630
Facsimile:    206.257.0780

Attorneys for Defendant
COUNTY OF SAN LUIS OBISPO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SAN LUIS OBISPO COASTKEEPER, LOS PADRES FORESTWATCH, CALIFORNIA COASTKEEPER ALLIANCE, and THE ECOLOGICAL RIGHTS FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN LUIS OBISPO,<br><br>Defendant. | Case No. 2:24-cv-06854 SPG (ASx)<br><br>**DEFENDANT COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL EMBEDDED IN PLAINTIFFS' SECOND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Sherilyn Peace Garnett<br>Hearing Date and Time: May 20, 2026<br>Location: 5C |

Case No. 2:24-cv-06854 SPG (ASx)

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED
EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................ 1

II.  FACTUAL BACKGROUND ...................................................................... 3

    A.  Procedural Background .................................................................... 3

    B.  Plaintiffs' Chosen Special Master and Expert Panel Nominees ........... 5

    C.  Plaintiffs' Proposed Delegation of Authority ...................................... 7

III.  LEGAL BACKGROUND ........................................................................... 8

IV.  STANDARD OF REVIEW ...................................................................... 10

    A.  Special Master Appointments under Rule 53 ..................................... 10

    B.  Court-Appointed Experts Under Evidence Rule 706 ......................... 12

V.  ARGUMENT ........................................................................................... 13

    A.  The Court Must Deny Plaintiffs' Special Master Appointment ......... 14

        1.  *"Exceptional Conditions" Are Not Present* ............................. 14

        2.  *Plaintiffs' Claims of "Intransigence" Are False* ...................... 17

        3.  *Plaintiffs Improperly Delegate the Court's Article III Decision-Making Authority to the Special Master and Expert Panel* ........................................................................ 18

        4.  *Dr. Spies Is Not Qualified to be Special Master* ...................... 19

    B.  The Court Should Deny Plaintiffs' ER 706 Expert Panel .................. 20

        1.  *Anthony Spina is Plaintiffs' Retained Consulting Expert.* ....... 20

        2.  *The Request to Side-Step the Ethics Act Should Be Denied* .................................................................................. 21

    C.  If the Court Were to Consider Appointing a Special Master or Expert, the County Should not Bear the Cost. ................................... 23

VI.  CONCLUSION ........................................................................................ 25

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED
EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*21X Cap. Ltd. v. Werra*
No. C 06-04135 JW, 2008 WL 11387035 (N.D. Cal. Sept. 30, 2008) .................................................................................................... 24

*Armstrong v. Brown*
768 F.3d 975 (9th Cir. 2014) ............................................................... 12, 13

*Burlington N. R.R. v. Dep't of Rev. of State of Wash.*
934 F.2d 1064 (9th Cir. 1991) .................................................................. *passim*

*Castaneda v. Burger King Corp.*
264 F.R.D. 557 (N.D. Cal. 2009) ........................................................ 12, 18

*Christian v. Cnty. of Los Angeles*
Case No. CV 18-05792 CJC (JDE), 2020 WL 8410438 (C.D. Cal. Apr. 9, 2020) ...................................................................................... 13

*Cornerstone Staffing Solutions, Inc. v. James*
No. C12-1527 RS, 2013 WL 12306441 (N.D. Cal. Oct. 21, 2013) .................. 13

*Cymbidium Restoration Tr. v. Am. Homeowner Pres. Tr. Series AHP Servicing*
Case No. 2:24-cv-00025-JNW, 2024 WL 3598580 (W.D. Wash. Jul. 31, 2024) ...................................................................................... 12, 18

*Defs. of Wildlife v. Bernal*
204 F.3d 920 (9th Cir. 2000) ....................................................................... 18

*Federal Trade Com'n v. Enforma Natural Products, Inc.*
362 F.3d 1204 (9th Cir. 2002) ..................................................................... 20

*Hart v. Cmty. Sch. Bd. of Brooklyn, New York Sch. Dist. No. 21*
383 F.Supp. 699 (E.D.N.Y. 1974), *aff'd sub nom*, 512 F.2d 37 (2d Cir. 1975) ................................................................................................ 15

*La Buy v. Howes Leather Co.*
352 U.S. 249 (1957) .............................................................. 11, 12, 16, 18

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

*Long Beach v. Monsanto Co.*
No. CV 16-3493 FMO, 2020 WL 7060140 (C.D. Cal. Nov. 25, 2020)................................................................................................15

*Madrigal Audio Laboratories v. Cello, LTD.*
799 F.2d 814 ....................................................................................16

*McCoy v. Stronach*
494 F.Supp.3d 736 (E.D. Cal. 2020)...................................................20

*McKinney v. Anderson*
924 F.2d 1500 (9th Cir. 1991)............................................................24

*Morgan Hill Concerned Parents Assoc. v. Cal. Dep't of Educ.*
No. 2:11 cv-03471-KJM-AC, 2015 WL 10939711 (E.D. Cal. Jul. 2, 2015)..............................................................................................24

*Newmark Group v. Dopaco, Inc.*
No. 2:08-CV-02623-GEB-DAD, 2011 WL 6012414 (E.D. Cal. Dec. 1, 2011) .....................................................................................12

*Nw. Env't. Def. Ctr. v. Corps*
558 F. Supp. 3d 1056 (D. Or. 2021), *amended* No. 3:18-CV-00437-HZ, 2021 WL 12319692 (D. Or. Sept. 21, 2021) ...................13

*San Luis Obispo Coastkeeper v. San Luis Obispo County*
161 F.4th 590 (9th Cir. 2025)....................................................14, 17

*United States v. Suquamish Indian Tribe*
901 F.2d 772 (9th Cir. 1990)......................................................11, 15

*United States v. Sweeney*
No. 2:17-cv-00112-KJM-KJN, 2022 WL 17555626 (E.D. Cal. Dec. 9, 2022), *appeal docketed*, No. 23-15089 (9th Cir. Jan. 24, 2023)..............................................................................................15

*Whitfield v. Lee Daniels*
Case No. 5:25-cv-01035-MWC, 2025 WL 3691903 (C.D. Cal. Aug. 18, 2025).......................................................................13, 20

*Wishtoyo Found. v. United Water Conservation Dist.*
No. CV 16-3869-DOC, 2018 WL 7571315 (C.D. Cal. Dec. 1, 2018).................................................................................................16

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED
EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

*Wishtoyo Found. v. United Water Conservation Dist.*
No. CV 16-3869-DOC-PLA, 2025 U.S. Dist. LEXIS 266968 (C.D. Cal. Sept. 25, 2025) ................................................................................. 16

**STATUTES**

16 U.S.C. § 1538(a)(1)(B) ................................................................. 3, 15, 16

18 U.S.C. § 207 .......................................................................................... 8

18 U.S.C. § 207(i) ...................................................................................... 9

18 U.S.C. § 207(a)(1) ......................................................................... 2, 9, 21

18 U.S.C. § 207(j) ..................................................................................... 10

**OTHER AUTHORITIES**

5 C.F.R. § 2641.101 .................................................................................... 8

5 C.F.R. § 2641.201(a) ........................................................................... 9, 21

5 C.F.R. § 2641.201(c) .......................................................................... 10, 21

5 C.F.R. § 2641.201(d) ............................................................................... 9

5 C.F.R. § 2641.201(e) ............................................................................... 9

5 C.F.R. § 2641.201(f) ............................................................................... 9

5 C.F.R. § 2641.201(h) ............................................................................... 9

5 C.F.R. § 2641.201(i) .............................................................................. 10

5 C.F.R. § 2641.201(j) .......................................................................... 10, 23

15 C.F.R. § 2641.301(e) ..................................................................... 2, 10, 21

15 C.F.R. § 2641.301(f) ...................................................................... 2, 10, 21

Fed. R. Civ. P. 53(a)(1)(B)(i) .............................................................. 1, 11, 14

Fed. R. Civ. P. 53(a)(1)(C) ................................................................... 11, 12

Fed. R. Civ. P. 53(a)(2) ....................................................................... 2, 12, 14

Fed. R. Civ. P. 53(a)(3) ......................................................................... 2, 3

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

Fed. R. Civ. P. 53(b)(3) ................................................................................................ 2

Fed. R. Civ. P. 53 advisory committee note (2003) .......................................... 1, 10

Federal Rule of Evidence 706 ..................................................................................... 2

Local Rule 7-3 .......................................................................................................... 1, 13

Local Rule 7-4 .......................................................................................................... 1, 13

*San Luis Obispo Coastkeeper v. San Luis Obispo County*
     No. 2:24-cv-06854-SPG-AS (Jan. 28, 2026) .................................................... 1, 4

USFWS, *Habitat Conservation Plans under the Endangered Species
     Act* (Oct. 2021) ................................................................................................. 18

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED
EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

## I.      INTRODUCTION

Plaintiffs' renewed Motion to Appoint a Special Master and Expert Panel (Motion), embedded in Plaintiffs' Second Motion for Preliminary Injunction (ECF No. 179 at 31–38), should be denied. As an initial matter, Plaintiffs failed to comply with Local Rule 7-3 and 7-4 by failing to meet and confer with the County prior to filing the Motion and failing to identify the Motion in Plaintiffs' notice of motion. These requirements are not optional, and this Court should not reward Plaintiffs' purposeful disregard of them.

Further, Plaintiffs have failed to produce competent expert testimony to meet their burden of proof for a mandatory preliminary injunction. *See* County's Motion to Exclude Declaration Testimony of Tevin Schmitt and County's Opposition to Plaintiffs' Second Motion for Preliminary Injunction. As the Court recently stated, Plaintiffs cannot rely on a Court-appointed special master or expert panel as a substitute for producing competent expert evidence to establish their case. Transcript of Status Conference at 34–35, *San Luis Obispo Coastkeeper v. Cnty. of San Luis Obispo*, No. 2:24-cv-06854-SPG-AS (Jan. 28, 2026). Given Plaintiffs' failure to meet their burden, the Motion should be denied.

Special master appointments under Rule 53 are the exception, not the rule. Plaintiffs fail to demonstrate "exceptional conditions" exist to warrant a special master, and none exist. Fed. R. Civ. P. 53(a)(1)(B)(i); Fed. R. Civ. P. 53 advisory committee note (2003); *see also Burlington N. R.R. v. Dep't of Rev. of State of Wash.*, 934 F.2d 1064, 1073–74 (9th Cir. 1991). Plaintiffs also ask the Court to impermissibly delegate its Article III decision-making authority over core legal and factual issues to the special master and expert panel, and to appoint a non-lawyer to perform significant legal work (including compelling discovery, taking testimony, conducting hearings and preparing findings of fact) for which he is not qualified, disregarding the applicable procedural and evidentiary rules. Plaintiffs further violate Rule 53 by ignoring its mandatory requirements concerning

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

conflicts of interest and protecting against unreasonable expense and delay. Fed. R. Civ. P. 53(a)(2)–(3), (b)(3).

Plaintiffs' request for a three-expert panel under Evidence Rule 706 is also flawed and must be denied. The role of a Court-appointed expert is to advise the trier of fact, not to advocate for a litigant. Thus, a Rule 706 expert must be neutral. **However, Anthony Spina is Plaintiffs' consulting expert in this litigation**. **He is working *for* the plaintiffs.** He is disqualified from appointment under Rule 706. Mr. Spina and Dr. Brian Cluer are also barred from offering expert testimony in this case pursuant to the Ethics in Government Act ("Ethics Act"), 18 U.S.C. § 207(a)(1). Prior to being retained by Plaintiffs, Mr. Spina was employed by the National Marine Fisheries Service ("NMFS") where he worked on the County's Habitat Conservation Plan ("HCP"). Until 2025, Dr. Cluer was employed by NMFS and worked on the Biological Opinion and Incidental Take Statement that NMFS issued for the County's Waterway Management Plan ("WMP"). Plaintiffs cannot demonstrate "exceptional circumstances" under the Ethics Act regulations to warrant the Court instructing either Mr. Spina or Dr. Cluer to sidestep 18 U.S.C. § 207(a)(1) by ordering their participation as Rule 706 experts to the special master and Court. 5 C.F.R. § 2641.301(f) (Example 4). Mr. Spina and Dr. Cluer also cannot avail themselves of the exemption for providing purely scientific or technical information. *Id.* § 2641.301(e).

Even if the forgoing defects could be ignored (which they cannot), Plaintiffs' proposal that a special master and "expert panel" be empowered to dictate revisions to the County's draft HCP and to direct the County's operations and actions in Arroyo Grande ("AG") Creek presents a significant risk that the County would be subject to contradictory instructions from NMFS and the U.S. Fish and Wildlife Service ("USFWS") (i.e., the agencies with regulatory authority over the HCP) on the one hand, and the special master and "expert panel" on the other. The significant risk of conflicting instructions on the HCP and other actions

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED
EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

in AG Creek supports the Court denying the Motion.

Finally, if a special master and/or expert panel were appointed, the County should not bear the entire cost. Rule 53 mandates that the Court "consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3). Plaintiffs' proposal exposes the County to unreasonable expense and delay. Plaintiffs commenced this litigation. They request these appointments. They should bear a significant portion of the cost. It would be manifestly unjust to grant Plaintiffs' motion and then saddle the County with 100 percent of the associated costs.

## II.    FACTUAL BACKGROUND

### A.    Procedural Background

The full procedural history of this case is set forth in prior filings and is not re-stated here. Relevant to the instant Motion is that Plaintiffs assert a claim under Section 9 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1538(a)(1)(B), relating to South-Central California Coast Steelhead ("Steelhead"). ECF No. 65. ¶¶ 243–244. Plaintiffs allege that the County violated the ESA by engaging in unauthorized take of Steelhead in AG Creek by operating the Lopez Project without an approved HCP from NMFS, and by implementing the WMP in violation of NMFS' 2017 Biological Opinion and Incidental Take Statement for the project. *Id.*

While the County's appeal of the now vacated preliminary injunction was pending, the parties completed fact discovery, which closed on June 13, 2025. ECF No. 79-1.[1] Plaintiffs propounded a combined 465 written requests, served eight document subpoenas on non-parties, and served seven deposition notices, including a Rule 30(b)(6) deposition notice to the County. ECF No. 99-3 ¶ 6. The County devoted significant staff resources to responding to Plaintiffs' voluminous

---

[1] The only outstanding fact discovery is the deposition of Plaintiffs' standing witness, Benjamin Pitterle, postponed at Plaintiffs' request. ECF No. 130.

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

discovery, which was time-consuming and incredibly burdensome on County staff. *See* Decl. of Kate Ballantyne in Supp. of Opp'n to Mot. for Prelim. Inj. ("Ballantyne Decl.") ¶¶ 6, 23, 24, 27.On June 18, 2025, the Court stayed the litigation pending resolution of the appeal, save for the County's obligation to continue complying with PI Order. ECF No. 131 at 1. One week later, Plaintiffs moved for contempt, alleging the County was not complying. ECF No. 132. The Court subsequently denied the motion, finding no defect in the County's performance. ECF No. 139.

In December 2025, the Ninth Circuit vacated the preliminary injunction. ECF No. 144 at 7; ECF No. 149. The Court thereafter set a status conference for January 28, 2026. ECF No. 152. Two days before the status conference, plaintiffs filed a Motion to Appoint Special Master and Expert Panel—identifying Dr. Spies as proposed special master and Jeff Alvarez and two former NMFS employees, Anthony Spina and Dr. Brian Cluer, as the proposed "expert panel." ECF No. 159 at 1–2. On January 28, 2026, the Court denied Plaintiffs' motion and struck the hearing before the County had opportunity to submit briefing. ECF No. 163 at 2. The Court indicated that it would consider potentially appointing an expert or special master after reviewing all the briefing submitted by the parties relating to Plaintiffs' second motion for preliminary injunction, but it did not order or authorize the parties to file briefing on the merits of any Civil Rule 53 or Evidence Rule 706 appointment. *Id.* The Court advised that "it is incumbent upon the plaintiffs to bring the evidence that they have suggesting that a mandatory injunction should be imposed" and cautioned that "if the plaintiffs' proposal is, we need a special master to gather the information so we can present it to the Court" that would not satisfy the standard. Transcript of Status Conference at 34–35, *San Luis Obispo Coastkeeper v. Cnty. of San Luis Obispo*, No. 2:24-cv-06854-SPG-AS (Jan. 28, 2026).

Following the Status Conference, the Court directed the parties to "meet,

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

confer, and file" (1) "a stipulation and proposed order containing language directing [USFWS] and/or [NMFS] to identify current or former employees who are able to serve as possible experts" and (2) "a list of possible experts upon which the parties' [sic] agree." ECF No. 163 at 2. On February 27, 2026, the parties filed a stipulation proposing language for a possible letter from the Court to NMFS and USFWS requesting those agencies to identify possible experts. ECF No. 174. Because the U.S. Department of Justice ("DOJ") had been provided with the Court's civil minute order (ECF No. 163) and the transcript of the Status Conference, DOJ provided its response, which was included. ECF Nos. 174, 174-1. The parties also filed a Joint Statement advising that they did not reach agreement to jointly identify any candidates to the Court but separately identified potential candidates in several scientific fields. ECF No. 175 at 1–3. On March 4, 2026, Plaintiffs filed the instant Motion embedded in their Second Motion for Preliminary Injunction. ECF No. 179 at 31.

### B.    Plaintiffs' Chosen Special Master and Expert Panel Nominees

In November 2025, Plaintiffs' counsel advised in a letter that:

> The NGOs wish to alert the County that the NGOs have retained Anthony Spina as our consulting expert, who we assume the County is aware was employed by the National Marine Fisheries Services ("NMFS") until this past summer as a NMFS staff member assigned to NMFS implementation of ESA regulation with respect to steelhead.
>
> * * *
>
> The NGOs are now relying *extensively* on Mr. Spina's technical advice in developing their views concerning the County's HCP generally and the County's proposed Lopez Dam by flow regime in particular. The comments that we plan to send to the County by early next week concerning what would be an appropriate Lopez Dam bypass flow regime reflect our consideration of Mr. Spina's guidance. The NGOs would want to have Mr. Spina attend any technical meetings and/or mediations with the County, especially given that Mr. Spina and the individuals working for the County at Stillwater Sciences have worked together for many years on similar issues.

Decl. of Katherine L. Felton in Supp. Of Cnty. Opp. to Pl.'s Renewed Mot. To

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

Appoint Special Master and Expert Panel ("Felton Decl."), Ex. A at 2 (emphasis added). Plaintiffs do not disclose their relationship with Mr. Spina in their Motion. Further, while employed by NMFS, Mr. Spina worked for years on the County's HCP for the Lopez Project as well as multiple NMFS Biological Opinions in the AG Creek watershed. He was the lead NMFS staff on the Biological Opinions for the Biddle Park culverts and the Lopez Dam Seismic Retrofit. Ballantyne Decl. ¶ 30. He attended meetings, provided verbal and written comments, acted as lead staff, and supervised staff associated with the HCP for an extended duration of that effort. *Id.*

Dr. Brian Cluer also worked on NMFS' 2017 Biological Opinion for the County's WMP. He attended a site meeting with the County regarding the development of the reasonable and prudent alternative for the WMP. Ballantyne Decl. ¶ 29. Dr. Cluer's CV lists, as one of five "Notable Projects," his work on the "Arroyo Grande Creek flood control evaluation in support of NMFS Biological Opinion." ECF No. 159-6 at 4. This is the WMP. He further indicates that he "[l]ed field evaluations and review of consultant's model and recommendations for revising flood control actions." *Id.*

On February 25, 2026, DOJ sent a letter to counsel advising that it had received *Touhy* requests from Plaintiffs on February 18, 2026 "ask[ing] the agency to authorize testimony by former NMFS employees Anthony Spina and Brian Cluer for purposes of service as experts or special masters." ECF No. 174-1 at 5, fn. 3. DOJ reviews *Touhy* requests to provide expert testimony "with heightened scrutiny due to the significant risk of such testimony relying on confidential or deliberative government information." *Id.* DOJ stated that such requests "are generally only granted in 'exceptional circumstances' and "[g]iven these concerns . . . the Services are unlikely to authorize testimony from current Service employees or former employees who worked personally and substantially on the Lopez Dam matter." *Id.* (citing 15 C.F.R. § 15.14(g)(1)–(2)(i)). DOJ further advised that the

appointment of a former employee as special master or expert would implicate the Ethics Act and that under Ethics Act regulations, "a court should only order a former employee to which Ethics in Government Act applies to provide exert testimony in 'extraordinary circumstances' like 'where no other equivalent expert testimony can be obtained and an employee's prior involvement in the matter would not cause her testimony to have an undue influence on proceedings." *Id.* (citing 5 C.F.R. § 2641.301(f)). DOJ concluded "the Services are confident that, should the Court determine it would like to appoint an expert to assist it . . . experts that do not raise such serious ethical and institutional concerns could advise the Court equally well." *Id.*

In addition to Mr. Spina and Dr. Cluer, Plaintiffs seek to appoint Mr. Jeff Alvarez to the expert panel and to assign Dr. Brenton Spies as special master. ECF No. 159 at 1–2. Based on their CV, Dr. Spies is not a lawyer, and neither Dr. Spies nor Mr. Alvarez have experience developing an HCP. ECF Nos. 159-3, 159-5.

### C.    Plaintiffs' Proposed Delegation of Authority

Plaintiffs seek for this Court to appoint a special master and "expert panel" to "provide oversight" on implementation of the Proposed Preliminary Injunction Order ("Proposed Order"), "guidance to the Court" concerning "new information learned during the process" for "future modification" of the Proposed Order, and "to assume direction and control over the County's development of" its HCP to NMFS and USFWS. ECF No. 182-5 at ¶ 1. Specifically, Plaintiffs seek Dr. Spies to be appointed special master and made "ultimately responsible for making recommendations and findings of fact to the Court as necessary to [fulfill] the tasks listed in" the Proposed Order. *Id.* at ¶ 1.a. He would decide whether and when to report to the Court. *Id.* at ¶ 1.c. He would also decide if the County is complying with the Proposed Order, and if the terms should be modified to reflect "new information learned during implementation." *Id.* He would have authority to instruct the County to re-do its draft HCP "to comport with the criteria for HCP

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

and ITS approval set forth in 16 U.S.C. § 1539(a)(2)(B)" and "monitor the County's compliance" with instructions. *Id.* at ¶ 1.e.; *id.* at ¶ 33 (reiterating authority to dictate an "improved HCP" and mandating County compliance). Dr. Spies could also "assume development and drafting of the HCP" and hire consultants. *Id.* at ¶ 1.f.

Dr. Spies would also dictate changes to the County's Final Listed Species Monitoring Plan which the County must implement and direct additional changes in future years. *Id.* at ¶¶ 6–7, 9.  He would have authority to mandate revisions to and implementation of various plans in the Proposed Order absent a Court order exempting the County from complying. *Id.* at ¶¶ 12–22, 24, 28.

Dr. Spies would also be empowered to re-open discovery. He could subject a party to unlimited document production, require a party *or its witnesses* to submit to "interviews" (which Dr. Spies would decide whether to record), and convene hearings "on any matter pertinent to the Special Master's appointment." *Id.* at ¶ 1.k. The "expert panel" would provide input *to the special master*. *Id.* at ¶ 1.b. (expert panel to collaborate and provide recommendations to the special master); *id.* at ¶ 1.c. (the special master will report to the Court the "collective guidance of the Special Master and Expert Panel"); *id.* at ¶ 1.d. (special master has authority to convene meetings of the expert panel). The County would be required to pay 100% of the cost of the special master, the expert panel consulting with him, and any other consultants the special master unilaterally decides to retain. ECF No. 182-5 at ¶ 1.n.

### III.   LEGAL BACKGROUND

The purpose of 18 U.S.C. § 207, adopted as part of the Ethics Act, is to prevent former executive branch employees from engaging in certain post-employment acts that "involve, or *may appear to involve,* the unfair use of prior Government employment." 5 C.F.R. § 2641.101 (emphasis added). The statute prohibits a former executive branch employee from:

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED
EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

knowingly, with the intent to influence, mak[ing] any communication to or appearance before an employee of the United States on behalf of any other person in connection with a particular matter involving a specific party or parties, in which he participated personally and substantially as an employee, and in which the United States is a party or has a direct and substantial interest.

*Id.* § 2641.201(a); *see also*, 18 U.S.C. § 207(a)(1). A "communication" is made "with the intent to influence" when the former employee "imparts or transmits information of any kind, including facts, opinions, ideas, questions or direction, to an employee of the United States, whether orally, in written correspondence, by electronic media, or by any other means" for the purpose of "[s]eeking a Government ruling, benefit, approval, or other discretionary Government action" or "[a]ffecting Government action in connection with an issue or aspect of a matter which involves an appreciable element of actual or potential dispute or controversy." 5 C.F.R. § 2641.201(d)(1), (e)(1)(i)–(ii). The federal courts are included within the definition of "an employee of the United States." *Id.* § 2641.201(f)(1)(iii).

A "particular matter" broadly includes, *inter alia*, any application, request for a determination, or other proceeding involving a specific party. 18 U.S.C. § 207(i)(3); 5 C.F.R. § 2641.201(h)(1). A matter may be the "same particular matter" even if it continues in another form or in part, 5 C.F.R. § 2641.201(h)(5), provided it involves a specific party both at the time the former government employee participated on behalf of the government and at the time the former employee makes the communication or appearance. *Id.* § 2641.201(h)(3). To "participate" in a matter means to "take action as an employee through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or other such action, or to purposefully forbear in order to affect the outcome of a matter." *Id.* § 2641.201(i)(1). Participation may be individual, as part of a group, or through direct and active supervision of others, including subordinates. *Id.* § 2641.201(i)(1)–(3). It is "substantial" if the employee's

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED
EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

involvement is of significance to the matter, but it need not be determinative of the outcome. *Id.* § 2641.201(i)(3) Finally, whether the United States has a "direct and substantial interest" in a matter is determined *by the agency*. *Id.* § 2641.201(j)(2)(i)–(ii).

When applicable, this restriction applies for the "life of the particular matter involving specific parties in which the employee participated personally and substantially." *Id.* § 2641.201(c). The statute specifically prohibits a former employee from serving as an expert witness for any other person in the matter (other than the United States) *except* pursuant to court order. 18 U.S.C. § 207 (j)(6)(A); 5 C.F.R. § 2641.301(f)(2); *see also id.* § 2641.301(f)(3)(ii) (absent court order former employee may not make statements under penalty of perjury as an expert witness). Such an order is warranted only in "extraordinary circumstances" such as when no alternative expert can be identified *and* the former employee's testimony would not have "undue influence" on the proceedings. 5 C.F.R. § 2641.301(f) (Example 4). "Without such extraordinary circumstances, ordering such expert witness testimony would undermine the bar on such testimony." *Id.*

Even if a former employee's communications are to be made "solely for the purpose of furnishing scientific or technological information," they must be made "in accordance with procedures adopted by the agency" for doing so, or made after the department or agency head, in coordination with the Director of the Office of Government Ethics, has published a certification in the Federal Register concerning. *Id.* § 2641.301(e)(4), (5).

## IV.  STANDARD OF REVIEW

### A.  Special Master Appointments under Rule 53

Special master appointments under Rule 53 "must be the exception and not the rule." Fed. R. Civ. P. 53 advisory committee note (2003). Absent party agreement, a district court may appoint a trial master "to hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury" only

upon a showing of "exceptional conditions." Fed. R. Civ. P. 53(a)(1)(B)(i). Appointment of a special master for pre-trial or post-trial functions is limited to matters that cannot "effectively and timely" be addressed by an available district judge or magistrate judge in the district. *Id.* 53(a)(1)(C). "If a master is to be used for such matters as a preliminary injunction hearing . . . the master should be a trial master." *Id.* 53 advisory committee note (2003).

The Supreme Court of the United States has limited what constitutes "exceptional conditions" under Rule 53(a)(1)(B). Unusual complexity of an action, the length of time a trial would require, and congestion of the court's calendar are insufficient. *La Buy v. Howes Leather Co.*, 352 U.S. 249, 258–59 (1957). The Ninth Circuit strictly applies the "exceptional conditions" requirement. *Burlington N. R.R.*, 934 F.2d at 1071 ("Although 'masters may . . . be appointed because of the complexity of litigation,' we strictly apply Rule 53(b) to require a showing of exceptional conditions to justify appointment.") (citing *U.S. v. Suquamish Indian Tribe*, 901 F.2d 772, 775 (9th Cir. 1990); *White v. Gen. Svcs. Admin.*, 652 F.2d 913 (9th Cir. 1981)). Neither exigency in obtaining resolution of a motion for preliminary injunction nor the public interest impacts of the matter constitute "exceptional conditions." *Id.* at 1073. "Judicial efficiency" alone also is not an "exceptional condition." *Id.* at 1073 n.5 ("Indeed, it is almost impossible to justify appointment of a master based solely on 'judicial efficiency.'") (discussing *La Buy*, 352 U.S. 249).

Appointing a pretrial master is limited to matters that cannot be "effectively or timely" addressed by an available district judge or magistrate judge in the district. Fed. R. Civ. P. 53(a)(1)(C). "A pretrial master should be appointed only when the need is clear" and "[d]irect judicial performance of judicial functions may be particularly important in cases that involve important public issues or many parties." *Id.* 53 advisory committee note (2003).

When appointment is justified, the Court is prohibited from delegating its

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

Article III decision-making authority to the special master or otherwise allowing the special master to "displace the court." *Burlington N. R.R.*, 934 F.2d at 1072 (quoting *La Buy*, 352 U.S. at 257) (reversing preliminary injunction order decided by referral to special master with deferential standard of review by district court.). Accordingly, courts apply Rule 53 narrowly. *See e.g.*, *Cymbidium Restoration Tr. v. Am. Homeowner Pres. Tr. Series AHP Servicing*, Case No. 2:24-cv-00025-JNW, 2024 WL 3598580, *3 (W.D. Wash. Jul. 31, 2024) (denying referral to a special master to decide "meat-and-potatoes" liability issues in breach of contract case and to direct and oversee remedy as violation of Rule 53 and Article III of the Constitution); *Castaneda v. Burger King Corp.*, 264 F.R.D. 557, 570 (N.D. Cal. 2009) (denying appointment of a special master to determine issues of liability and damages relating to accessibility at 92 restaurants as an impermissible delegation of the Court's decision making duty to determine liability and fashion injunctive relief).

The special master must also be qualified to perform the tasks assigned and satisfy the conflict-of-interest disclosures and certifications requirements prior to appointment. Fed. R. Civ. P. 53(a)(2), (b)(3).

### B.    Court-Appointed Experts Under Evidence Rule 706

The Court has discretion under Evidence Rule 706 to appoint an expert *to advise the trier of fact* when scientific, technical, or other specialized knowledge is necessary to assist the trier of fact to understand the evidence and decide a fact in issue. *Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014) ("A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters."). The mere fact that the litigants' experts disagree without more is generally insufficient to justify the court appointing additional experts. *Newmark Group v. Dopaco, Inc.*, No. 2:08-CV-02623-GEB-DAD, 2011 WL 6012414, *1 (E.D. Cal. Dec. 1, 2011) (denying Rule 706 request where it was unclear how an additional expert could provide meaningful assistance and the adversary system is

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

usually sufficient to allow accurate fact finding); *Cornerstone Staffing Solutions, Inc. v. James*, No. C12-1527 RS, 2013 WL 12306441, *2–3 (N.D. Cal. Oct. 21, 2013) (denying Rule 706 request where parties' experts held 'divergent' opinions but it was unclear how a third opinion would be useful to the trier of fact).

When appointed, Rule 706 experts must be neutral. Where a litigant seeks the appointment to benefit their interests, such as when they lack their own expert, or when they seek an advocate for their position, courts deny the request. *See e.g.*, *Whitfield v. Lee Daniels*, Case No. 5:25-cv-01035-MWC (BFMx), 2025 WL 3691903, *1 (C.D. Cal. Aug. 18, 2025) (Rule 706 expert denied where court determined plaintiff sought the appointment for his own benefit); *Christian v. Cnty. of Los Angeles*, Case No. CV 18-05792 CJC (JDE), 2020 WL 8410438, *2 (C.D. Cal. Apr. 9, 2020) (same). As with special masters, court-appointed experts may not be delegated Article III decision-making authority or otherwise be allowed to displace the Court. *Armstrong*, 768 F.3d 975, 987 (court's delegation of authority to Rule 706 expert was impermissible where expert was authorized to decide disputes over production of information, party compliance with the Court's order, and corrective action with no mechanism for review); *Nw. Env't. Def. Ctr. v. Corps*, 558 F. Supp. 3d 1056, 1075 (D. Or. 2021), *amended* No. 3:18-CV-00437-HZ, 2021 WL 12319692 (D. Or. Sept. 21, 2021) (court in APA litigation denied delegation of oversight and adaptive management to technical advisory team as violation of Article III but established panel of parties' experts).

## V.   ARGUMENT

Plaintiffs' motion should be denied on both procedural and substantive grounds. To begin with, as the Court knows well, Local Rule 7-3 requires "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution," and Local Rule 7-4 states the "notice of motion shall

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

contain a concise statement of the relief or Court action the movant seeks." Plaintiffs' failure to comply provides sound basis for denial.

### A.    The Court Must Deny Plaintiffs' Special Master Appointment

Plaintiffs' Motion should be denied as to the appointment of a special master because "exceptional conditions" are not present to warrant a special master, and plaintiffs' impermissibly seek the Court to delegate its Article III decision-making authority to the special master. Furthermore, Plaintiffs' proposed appointee Dr. Spies has no experience in developing or approving HCPs, is not a lawyer, and lacks qualifications to perform the legal work proposed to be assigned to him.[2] Finally, Plaintiffs seek his appointment without adhering to Rule 53's express conflict of interest disclosure requirements.

#### 1.    "Exceptional Conditions" Are Not Present

Rule 53 appointments must be the exception and not the rule. Fed. R. Civ. P. 53 advisory committee (2003). Rule 53(a)(1)(B) expressly requires that "exceptional conditions" exist to appoint a special master charged with "hold[ing] trial proceedings and make or recommend findings of fact on issues to be decided without a jury." Fed. R. Civ. P. 53(a)(1)(B). This requirement is strictly enforced. *Burlington N. R.R.*, 934 F.2d at 1071. Plaintiffs erroneously argue that "exceptional conditions" are demonstrated because this case involves "conflicting expert testimony" about "complex scientific and technical issues," ECF No. 159 at 7–8. Plaintiffs further suggest that the Court's lack of knowledge of the species, its need to apply a new legal test articulated by the Ninth Circuit in *San Luis Obispo Coastkeeper v. San Luis Obispo County*, 161 F.4th 590, 600–03 (9th Cir. 2025), and the fact that a judge in another ESA case appointed a special master also constitute "exceptional conditions." ECF No. 179 at 31–32. They do not.

---

[2] Plaintiffs' proposed appointment of Dr. Spies is also improper for its attempt to side-step the conflict-of-interest disclosure requirements of Rule 53. Fed. R. Civ. P. 53(a)(2), (b)(3).

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

Courts frequently must resolve complex issues in a variety of matters. ESA cases have been litigated for nearly half a century, and it is common for courts to resolve these cases based on the testimony of qualified experts offered by the parties. Although Plaintiffs suggest that courts routinely appoint special masters in litigation involving environmental claims, the few cases Plaintiffs cite are inapposite, and only one involves a claim under ESA section 9. ECF No. 159 at 8–9. Several cases Plaintiffs cite concern appointment of a post-trial or settlement special master, which is inapplicable here. *See Long Beach v. Monsanto Co.*, No. CV 16-3493 FMO (ASx), 2020 WL 7060140, *5 (C.D. Cal. Nov. 25, 2020) (court denied approval of a $500 million class action settlement because, *inter alia*, it lacked a mechanism to implement the settlement claims administration process which necessarily required a monitor or special master); *U.S. v. Sweeney*, No. 2:17-cv-00112-KJM-KJN, 2022 WL 17555626, *17 (E.D. Cal. Dec. 9, 2022), *appeal docketed*, No. 23-15089 (9th Cir. Jan. 24, 2023) (court in Clean Water Act case advised it would appoint a post-trial special master to oversee permanent injunction and invited input on the special master's role and duties); *Hart v. Cmty. Sch. Bd. of Brooklyn, New York Sch. Dist. No. 21*, 383 F.Supp. 699, 765–67 (E.D.N.Y. 1974), *aff'd sub nom*, 512 F.2d 37 (2d Cir. 1975) (court appointed special master post-trial to assist in developing a desegregation plan involving city, state, and federal educational and housing agencies).

Plaintiffs' reliance on *U.S. v. Suquamish Indian Tribe*, 901 F.2d 772 (9th Cir. 1990) is similarly misplaced. It was one of fourteen separate sub-proceedings instituted under primary litigation adjudicating tribal treaty fishing rights in western Washington. *Id.* at 773–74. The case arose as part of the district court's ongoing jurisdiction over implementation of a consent decree that contemplated potential referrals to a special master, and the Ninth Circuit found that appointment was warranted because the litigation was ongoing for 16 years, spawned more than a dozen sub-proceedings, and resulted in more than 11,000 court filings. *Id.* at

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

774–75. None of these factors are present here. Finally, the sole ESA section 9 case Plaintiffs cite, *Wishtoyo Found. v. United Water Conservation Dist.*, No. CV 16-3869-DOC (PLAx), 2018 WL 7571315 (C.D. Cal. Dec. 1, 2018), also involved a post-trial special master appointed by Judge Carter to "monitor compliance with the Permanent Injunction and the progress of the parties." *Wishtoyo*, 2018 WL 7571315, *5.[3]

None of these cases support finding "exceptional conditions" in this case based on the mere presence of "conflicting expert testimony" or "complex scientific and technical issues." ECF No. 159 at 7–8. Federal court litigation regularly involves conflicting experts and complex subject matter, but these facts alone do not, nor should they, establish "exceptional conditions" for courts to appoint a special master. *La Buy*, 352 U.S. 249, 258–59; *See also*, *Madrigal Audio Laboratories v. Cello, LTD.*, 799 F.2d 814, 818 n.1, 821 n.2(2d Cir. 1986) (reprimanding district court for referring trademark case to special master based on lack of expertise in trademark law noting lack of knowledge would not satisfy "exceptional condition" under Rule 53). As set forth in the County's Motion to Strike or Exclude Portions of Tevin Schmitt Declaration Testimony, Mr. Schmitt is unqualified as an expert in engineering, hydrology, geomorphology, CRLF, and TWG. Accordingly, there are no "conflicting" expert opinions on these subjects.

Further, Plaintiffs' argument that the Court will need to apply a new legal test articulated by the Ninth Circuit also does not constitute "exceptional circumstances." It is the Court, not a special master or expert panel, that "must balance the equities and consider the public interest as to the other listed species."

---

[3] Notably, *Wishtoyo* is a cautionary tale. After nearly a decade of litigation, the district court recently entered an order abstaining from "re-adjudicat[ing] the issues before it on the merits" in addressing the parties' requests to modify the permanent injunction and instead deferring to NMFS's regulatory process. *Wishtoyo Found. v. United Water Conservation Dist.*, No. CV 16-3869-DOC-PLA, 2025 U.S. Dist. LEXIS 266968, *5 (C.D. Cal. Sept. 25, 2025).

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

*Coastkeeper*, 161 F.4th at 600.

> ### 2.    Plaintiffs' Claims of "Intransigence" Are False

Plaintiffs also erroneously assert that County "intransigence" in pursuing an HCP is an additional basis upon which the Court should appoint a special master. ECF No. 159 at 10–11. But the facts demonstrate otherwise. As detailed in paragraphs 18 and 19 of the Ballantyne Declaration, the County's work to develop the HCP has been extensive. *See* Ballantyne Decl. ¶¶ 18–19. The County's work to develop the HCP began in 1999.  *Id.* at ¶ 18. It has been a lengthy and expensive process for a variety of reasons including the need to coordinate with NMFS and USFWS, conduct studies necessary to understand the hydrology of the system, habitat improvement opportunities, operations models, water availability analysis, and assisted migration or volitional passage potential, among others, and to understand the potential impacts on multiple listed species. *Id*. With the passage of time, and changing conditions, many studies needed to be updated or redone.  *Id.* Much of the work that occurred from 2019 to 2024 was informed by discussions with NMFS. *Id.* at ¶ 19. The development of an HCP in California requires a multi-year, iterative process that can span decades. Declaration of Stephanie Parsons ("Parsons Decl.") ¶ 66; *id.* ¶¶ 67–84 (detailing the HCP process with examples). The mere fact that the process has taken time is not an indication of intransigence, but a practical reality given the regulatory process and scientific studies required. *Id.* The Court has acknowledged the complexity of the regulatory permitting process. ECF No. 139 at 5–6.

Further, the County has repeatedly secured incidental take coverage for its actions in AG Creek, including coverage for the presence of Lopez Dam. Ballantyne Decl., ¶¶ 8–17; *id.*, Ex. A–G. And it diligently complied with the vacated PI Order, while in effect, and the Court found no fault with the County's compliance.  ECF No. 139 at 6. Plaintiffs cannot establish "intransigence" as a basis to appoint a special master to "oversee" the County's compliance with any

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED
EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

order this Court may enter and the Court should reject it.

          3.     *Plaintiffs Improperly Delegate the Court's Article III Decision-Making Authority to the Special Master and Expert Panel*

Plaintiffs also improperly seek to delegate the Court's Article III decision making authority over core legal and factual issues to the special master. *See Burlington N. R.R.*, 934 F.2d at 1072 (quoting *La Buy*, 352 U.S. at 257) (reversing preliminary injunction order decided by referral to special master with deferential standard of review by district court). This includes deciding legal and factual issues relating to the County's compliance with the Proposed PI Order and its future modification, and the substantive content and requirements of the six required interim plans and their implementation. ECF No. 182-5 at 8–11, 14–24. The Court must reject the delegation of core legal and factual issues to the special master. *See e.g.*, *Cymbidium Restoration Tr.,*, 2024 WL 3598580 at *3(referral to special master to decide "meat-and-potatoes" liability issues and direct and oversee remedy would violate Rule 53 and Article III of the Constitution); *Castaneda,* 264 F.R.D. at 570 (special master referral to determine liability and damages would impermissibly delegate the Court's power).

Even more egregious is that Plaintiffs are asking the Court to grant powers to the special master that the Court itself does not have. Plaintiffs want the special master to adjudicate whether the County's draft HCP complies with ESA section 10, and if not, to seize control over its content and develop the County's HCP and Incidental Take Statement applications with other consultants. ECF No. 182-5 at 9. The Ninth Circuit has held repeatedly that the decision whether to apply for an ITP is voluntary, not mandatory. *E.g.*, *Defs. of Wildlife v. Bernal*, 204 F.3d 920, 927 (9th Cir. 2000) ("We have established that pursuing an ITP is not mandatory and a party can choose whether to proceed with the permitting process"); *see also* USFWS, *Habitat Conservation Plans under the Endangered Species Act* (Oct. 2021) ("The applicant decides whether to seek an incidental take permit. While

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

FWS staff members provide detailed guidance and technical assistance throughout the process, the applicant develops an HCP and applies for a permit."). Thus, the Court does not have authority to delegate to a special master the performance of the County's voluntary acts. The Court should reject Plaintiffs' motion for appointment of a special master.

### 4.    Dr. Spies Is Not Qualified to be Special Master

In addition, Dr. Spies is not qualified to perform the tasks that Plaintiffs propose be assigned to him. Dr. Spies is an Associate Teaching Professor in the Environmental Science and Resource Management Program at California State University, Channel Islands. ECF No. 159-3 at 1. There is no indication he has participated in developing an HCP or has experience with approval and implementation of HCPs. ECF No. 159-3; Ballantyne Decl. ¶ 25. He is also not a lawyer, has no legal training, and has never served as a special master. ECF No. 159-3; Ballantyne Decl. ¶ 28. Yet Plaintiffs propose that he be empowered to oversee and control the County's HCP, and direct County revisions to, and implementation of, various plans all of which could result in the County being subject to inconsistent direction from the regulatory agencies on the one hand and Dr. Spies on the other, resulting in delay to the HCP and repeated motions to the Court. Ballantyne Decl. ¶¶ 25–26.

Plaintiffs further propose that Dr. Spies be permitted to re-open discovery and compel the production of documents, take "interviews" of the parties *and their witnesses*, and conduct hearings. ECF No. 182-5 at ¶¶ 1.i.–1.k. It is unclear how he can do this with no legal background or training. There would be no requirement that he abide by applicable procedural or evidentiary rules. *Id.* If the special master is provided with authority to direct limitless discovery, this will result in a significant drain on County resources, pulling staff away from continued coordination with NMFS and USFWS on the HCP. Ballantyne Decl. ¶ 27.

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

**B.    The Court Should Deny Plaintiffs' ER 706 Expert Panel**

*1.        Anthony Spina is Plaintiffs' Retained Consulting Expert.*

Court appointed experts under Rule 706 must be neutral and independent. *E.g.*, *McCoy v. Stronach*, 494 F.Supp.3d 736, 740 (E.D. Cal. 2020) ("Rule 706(a) of the Federal Rule of Evidence permits the court to appoint *only* neutral expert witnesses.")(citing *Students of Cal. School for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds*, 471 U.S. 148 (1985)). Their role is to advise *the trier of fact*, not to advance the interests of, or advocate for, a litigant. *Whitfield,* 2025 WL 3691903 at \*1 ("The appointment of an independent expert is to assist the trier of fact, not a particular litigant."); *see also, Federal Trade Com'n v. Enforma Natural Products, Inc.*, 362 F.3d 1204, (9th Cir. 2002) (endorsing the procedural safeguards to ensure neutrality and independence of court-appointed experts including screening for bias and impartiality set out in *Ass'n of Mexican-American Educators v. Cal.*, 231 F.3d 572, 611–14 (9th Cir. 2000) (Tashima, J., dissenting)).

Plaintiffs retained Mr. Spina months ago and are "relying extensively" on him as their consulting expert. Felton Decl., Ex. A. His work has included developing plaintiffs' adversarial positions concerning the County's HCP and Lopez Dam flows. *Id.* Plaintiffs also wanted him to actively participate, *on their behalf*, in technical meetings or mediations in the litigation. *Id.* Mr. Spina's contractual relationship with, and loyalty to, Plaintiffs presents a serious conflict of interest and raises insurmountable concerns that, if elevated to the role of a court-appointed advisor, he would be motivated to advance Plaintiffs' interests and causes. Mr. Spina's relationship with Plaintiffs is fundamentally incompatible with serving as a neutral expert to the Court.

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

*2.        The Request to Side-Step the Ethics Act Should Be Denied*

As former NMFS employees, Anthony Spina and Dr. Cluer are barred by the Ethics Act from providing expert opinions and testimony in this litigation. The Ethics Act prohibits a former executive branch employee from:

> knowingly, with the intent to influence, make any communication to or appearance before an employee of the United States on behalf of any other person in connection with a particular matter involving a specific party or parties, in which he participated personally and substantially as an employee, and in which the United States is a party or has a direct and substantial interest.

5 C.F.R. § 2641.201(a), (c) (restriction lasts for the "life of the particular matter"); *see also* 18 U.S.C. § 207(a)(1). The prohibition includes serving as an expert witness, unless ordered to by the court order in "extraordinary circumstances." 5 C.F.R. § 2641.301(f) (Example 4); *see also id.* § 2641.301(f)(2)–(3) (prohibition against serving as an expert witness except as provided in paragraph (f)(2)) extends to ability to make statements under penalty of perjury). The regulations are clear that an exemption is appropriate when no alternative expert on a subject exists *and* the former employee's testimony would not unduly influence the proceedings. *Id.* § 2641.301(f) (Example 4). Plaintiffs cannot demonstrate that there is no other fisheries biologist or geomorphologist who could serve as the Court's expert.[4] Indeed, NMFS and USFWS are "confident" that there are. ECF No. 174-1 at 5.

Contrary to Plaintiffs' argument, Mr. Spina and Dr. Cluer's prior work at NMFS and this litigation concern the same matter for purposes of the Ethics Act. During his tenure at NMFS, Anthony Spina worked directly on the County's HCP. Ballantyne Decl. ¶ 30. He attended meetings, provided verbal and written

---

[4] The exemption for testifying "solely for the purpose of furnishing scientific or technological information" also does not apply as it requires that the testimony be made "in accordance with procedures adopted by the agency" or if the agency head, in coordination with the Director of the Office of Government Ethics, publishes a certification in the Federal Register. 5 C.F.R. § 2641.301(e). Plaintiffs make no showing of compliance with this exemption.

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED
EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

comments, acted as lead staff, and supervised staff associated with the HCP for an extended duration of that effort. *Id.* He was the lead NMFS staff on the Biological Opinions for the Biddle Park culverts and the Lopez Dam Seismic Retrofit. *Id.* Dr. Brian Cluer worked on NMFS' 2017 Biological Opinion for the County's WMP. *Id.* ¶ 29. He lists it as one of five "Notable Projects" that he worked on. ECF No. 159-6 at 3.

Plaintiffs assert that the County violated the ESA by operating the Lopez Project without the approved HCP (and cast aspersions that its HCP effort has been dilatory.) ECF No. 65 ¶¶ 3, 57–71. Plaintiffs further assert that the County has violated the ESA by allowing fish passage barriers to persist in AG Creek, including the dam itself and the culverts at Biddle Park, and that it failed to comply with the WMP Biological Opinion. *Id.* at ¶ 151–153, 167–170. Plaintiffs seek an injunction that would require the County to revise its HCP (currently under review by NMFS and USFWS) and its other operations in AG Creek. ECF No. 182-5 at ¶1.e–1.g.

The United States has also indicated it has a direct and substantial interest in this matter. NMFS, USFWS, and DOJ have each written letters stating that the appropriate path forward in this matter is to continue with the Section 10 administrative process with the County to complete the HCP.  ECF No. 174-1 at 2 (proceeding with the regulatory process under Section 10 of the ESA is appropriate and that if NMFS and USFWS issue permits to the County it will likely moot Plaintiffs' take claim); ECF No. 72-1 ("[T]he County has already been engaging with NMFS in the ITP process with regard to the Lopez Dam, and the FWS looks forward to working with the County within the ITP process."); ECF No. 78-1 at 2 ("San Luis Obispo County has already been engaging in the Permit process with regard to the Lopez Dam, and NMFS looks forward to working with the County within that process."). It is the agencies, not Plaintiffs, that determine if the United States has  a direct and substantial interest in a matter. 5 C.F.R. § 2641.201(j)(2).

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED
EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

The Court should not permit Mr. Spina and Dr. Cluer to side-step the prohibitions in the Ethics Act, by ordering them to serve as Court-appointed experts to either the Court or a special master.

**C.    If the Court Were to Consider Appointing a Special Master or Expert, the County Should not Bear the Cost.**

Even if the Court determines that it may wish to appoint a special master or Court-appointed expert, it would be grossly inequitable for the County to be forced to pay 100% of the cost. Although the Court has discretion to allocate costs under Rule 706, Rule 53 mandates that the Court consider fairness in allocating cost and that it "must protect against unreasonable expense or delay." Fed. R. Civ. P. 53.

Plaintiffs brought this lawsuit. From the outset, they have demonstrated little interest in cost-containment and equally little success. In discovery, Plaintiffs propounded hundreds of discovery requests to the County, eight document subpoenas on non-parties, and seven notices of deposition. ECF No. 99-3 ¶ 6; Ballantyne Decl. ¶ 28.[5] The County responded to all of it at significant expense and resources to the County. Ballantyne Decl. ¶¶ 6, 23, 24, 27. When the County issued deposition subpoenas to Plaintiffs' standing witnesses, Plaintiffs filed an *ex parte* application to quash the subpoenas. ECF No. 121. Magistrate Judge Sagar denied Plaintiffs' application, but the County was forced to incur considerable time and expense responding over a weekend. ECF No. 125. Plaintiffs also unsuccessfully opposed a motion to stay the litigation and failed in their motion for contempt. ECF Nos. 106, 131, 132, 139. Finally, the Ninth Circuit vacated their preliminary injunction order. ECF No. 144.

Now Plaintiffs seek to drastically increase the litigation costs by adding four court appointees to the mix and allocating 100% of the cost to the County.

---

[5] Plaintiffs also issued thirteen Public Record Act Requests to the County resulting in the production of well over 50,000 pages to Plaintiffs. ECF No. 99-3 ¶ 6.

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

Plaintiffs' reliance on *Morgan Hill Concerned Parents Assoc. v. Cal. Dep't of Educ.*, No. 2:11 cv-03471-KJM-AC, 2015 WL 10939711 (E.D. Cal. Jul. 2, 2015) and *McKinney v. Anderson*, 924 F.2d 1500 (9th Cir. 1991) is misplaced. *McKinney* involved a *pro se indigent prisoner* proceeding *in forma pauperis* in a civil rights action against prison officials. *McKinney*, 924 F.2d at 1510–11. The case affirms that the district court has discretion "in an appropriate case" to allocate the cost of Rule 706 expert entirely to one party or the other, but it does not state that the Court *must* or *should* do so in a particular case. *Id.* at 1511. *Morgan Hill* also does not mandate that the County pay 100% of the cost. Notably, it involved a discreet discovery issue assigned to a special master. *Morgan Hill*, 2015 WL 10939711 at *1 (special master assigned "the limited role of assisting the parties in developing an electronic discovery protocol."). The court also observed that the record was "not yet developed enough" for the court to determine if one side was more responsible for the referral and made an interim allocation, subject to later revision. *Id.* at *2.

None of the four plaintiffs in this case are indigent or imprisoned like the plaintiff in *McKinney*. Each organization admits that it is funded by individuals, and/or private or public foundations, and that each has fundraising capabilities, including pursuing donations and grants. ECF No. 182-2 ¶¶ 8, 10; ECF No. 182-4 ¶ 6, 11; ECF No. 182-3 ¶¶ 6, 15; ECF No. 182-1 ¶¶ 6, 15. The evidence does not support concluding that the Plaintiff entities could not or should not pay for their fair share of a special master and/or court appointed expert panel, should the court appoint them. It is Plaintiffs' proposal. The number of appointments and the scope of the proposed duties is all-encompassing. Plaintiffs should bear a significant portion of the costs of any appointments in this case. Other courts have applied *pro rata* allocations in cases involving multiple parties. *See e.g.*, *21X Cap. Ltd. v. Werra*, No. C 06-04135 JW, 2008 WL 11387035, *2 (N.D. Cal. Sept. 30, 2008) (allocating cost of Rule 706 expert on a *per capita* basis across all parties and

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL

ordering parties to pay their share of an estimated budget into escrow from which the expert would be paid).

## VI.    CONCLUSION

For the foregoing reasons, the County respectfully requests the Court deny Plaintiffs' renewed motion to appoint special master and expert panel.

Date:    April 8, 2026

NOSSAMAN LLP
PAUL S. WEILAND
BENJAMIN Z. RUBIN
ELIZABETH KLEBANER
KATHERINE L. FELTON
BRIAN FERRASCI-O'MALLEY

By: */s/ Paul S. Weiland*

Paul S. Weiland

*Attorneys for Defendant*
*COUNTY OF SAN LUIS OBISPO*

COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' RENEWED EMBEDDED MOTION TO APPOINT SPECIAL MASTER AND EXPERT PANEL