Christopher Sproul (Cal. Bar No. 126398)
Marla Fox (Cal. Bar. No. 349813)
Environmental Advocates
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Facsimile: (415) 358-5695
Email: csproul@enviroadvocates.com
Email: mfox@enviroadvocates.com

Lucas Williams (Cal. Bar No. 264518)
Community Environmental Lawyers
30 Otis Street #2301
San Francisco, CA 94103
Telephone: (707) 849-5198
Email: lucas@celpc.org

**Attorneys for Plaintiffs**

**Additional Counsel Listed on Next Page**

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN LUIS OBISPO COASTKEEPER, LOS PADRES FORESTWATCH, CALIFORNIA COASTKEEPER ALLIANCE, and THE ECOLOGICAL RIGHTS FOUNDATION, <br><br> Plaintiffs, <br> v. <br><br> COUNTY OF SAN LUIS OBISPO, <br><br> Defendant. | Case No: 2:24-cv-06854-SPG-AS <br><br> PLAINTIFFS' OPPOSED EX PARTE APPLICATION TO STRIKE, OR IN THE ALTERNATIVE FOR EXTRA BRIEFING PAGES AND LEAVE TO FILE RESPONSIVE PLEADING, AND TO AMEND THE PRELIMINARY INJUNCTION BRIEFING AND HEARING SCHEDULE <br><br> Judge: Hon. Sherilyn Peace Garnett |

*Additional Counsel for Plaintiffs*

Jesse Colorado Swanhuyser (Cal. Bar No. 282186)
Sycamore Law Inc.
1004 O'Reilly Avenue
San Francisco, California 94129
Telephone: (805) 689-1469
Email: jesse@sycamore.law


Drevet Hunt (Cal. Bar No. 240487)
California Coastkeeper Alliance
1100 11th Street, 3rd Floor
Sacramento, California 95814
Tel: (415) 606-0864
Email: dhunt@cacoastkeeper.org

## NOTICE OF EX PARTE APPLICATION

TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Central District Local Rule 7-19, Plaintiffs San Luis Obispo Coastkeeper, Los Padres Forestwatch, California Coastkeeper Alliance, and Ecological Rights Foundation (collectively "Plaintiffs") hereby apply *ex parte* for an order granting this Application to Strike, or in the Alternative for Extra Briefing Pages and Leave to File Responsive Pleading, and for Amending the Preliminary Injunction Briefing and Hearing Schedule ("Application"). In an attempt to avoid the Court's Order Granting Stipulation Regarding Briefing Schedule and Hearing Date for Plaintiffs' Second Preliminary Injunction Motion ("Order") (Dkt. 73), Defendant County of San Luis Obispo ("the County") filed an overlength brief in opposition (Dkt. 191) ("Opposition") and also filed an additional, unpermitted brief, styled as an opposition to a non-existent motion that Plaintiffs never filed (Dkt. 190) ("Second Opposition"), both of which were actually responses to Plaintiff's single Second Motion for Preliminary Injunction (Dkt. 179) ("Motion"). After negotiation, the County agreed to stipulate to withdraw the overlength Opposition and file a replacement within 24 hours of the Court's order on such stipulation ("Stipulation"). The Plaintiffs propose the Court should Order the Stipulation and also strike the County's Second Opposition and order the County to refile its new opposition briefing as a single opposition in conformance with the Court's order within 24 hours, and provide Plaintiffs with 14 days from the County's resubmission of a conforming single opposition brief in response to the Court's order for Plaintiffs to file their reply.

The County has also filed material in its Second Opposition, a redacted version of a settlement offer letter ("Plaintiffs' Settlement Letter") to the County that refers to opinions offered by former National Marine Fisheries Service ("NMFS") employee Anthony Spina, testimony from whom the County has repeatedly asserted is improper for this Court to consider. Plaintiffs propose that the Court order that, should the County's replacement opposition briefing cite to and/or attach these materials, that Plaintiffs be

Ex Parte App. to Strike                1

specifically authorized to respond and further explain Mr. Spina's opinions that the County has referred to. Alternatively, if the Court strikes the Second Opposition in full, Plaintiffs propose that the Court also explicitly provide that the County is not to refile this improper material or make these improper arguments or, if the Court does not strike the Second Opposition in full, the Court should at least strike the specific portions of the brief containing and referring to this material and the attachment of Plaintiffs' Settlement Letter thereto or provide that Plaintiffs be specifically authorized to respond and further explain Mr. Spina's opinions that the County has referred to.

While the County has offered to withdraw its oversize Opposition and file a new Opposition that meets page limits, which the Court should grant through the Stipulation as part of the necessary relief here, the County has refused to withdraw its Second Opposition and refile a single opposition brief that conforms to the Court's Order and has further refused to withdraw its filing of Plaintiffs' Settlement Letter and its briefing discussion of the same. Plaintiffs' reply brief to the Opposition is currently due on April 22, 2026. Plaintiffs cannot tenably draft its reply until it knows what briefing from the County will be allowed. Due to this timing, Plaintiffs cannot seek the relief herein by regular noticed motion.

This Application is based on this Notice, the accompanying Memorandum of Points and Authorities, Declaration of Christopher Sproul ("Sproul Decl."), proposed *Ex Parte* Order, and all attachments hereto. This Application is made consistent with Local Rule 7-19 and for good cause as shown below.

Pursuant to Local Rule 7-19.1, Plaintiffs made reasonable, good faith efforts to advise the County's counsel of the date and substance of this Application via phone communication and email taking place on April 9 and 10, 2026. Sproul Decl. ¶¶ 5-10. Counsel for the County's response indicated that it opposes the Application. *Id.*

Dated: April 10, 2026

/s/ Christopher Sproul
Christopher Sproul
Environmental Advocates
*Attorney for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs apply to this Court *ex parte* for an order striking the County's unpermitted Second Opposition as being far in excess of the Court's allowance for responding to Plaintiffs Motion and for an order to file a single opposition brief limited to 45 pages, inclusive of table of contents and table of authorities, within 24 hours of the Court's order. In conjunction with these requirements, Plaintiffs further request that the Court extend Plaintiffs' reply deadline to 14 days after the County submits its conforming single opposition, subject to the Court's order on this Application. As of now, the County has filed far more pages of briefing opposing the Motion than it is allowed to, and Plaintiffs have no conforming operative brief to reply to by their current reply deadline. The County's Second Opposition also includes argument based on the opinions of Anthony Spina that, if the County's own arguments are deemed correct, the County violated the Ethics in Government Act by revealing to the Court. While the Plaintiffs have contended that Anthony Spina's opinions concerning Lopez Dam operations may permissibly be represented to the Court, the County has argued otherwise. The Court has not issued any ruling resolving who is correct on this point and absent a Court order, the Plaintiffs have deemed that they will not provide the Court with any statements from Mr. Spina. It is unfair for the County to be able to provide its distorted representations concerning Mr. Spina's participation in this matter and views on Lopez operations without the Plaintiffs being allowed to respond. Accordingly, the County's briefing that cites Mr. Spina's views on Lopez Project operations and the Plaintiffs' Settlement Letter exhibit that the County filed that refers to these views should be stricken or the Court should order that Plaintiffs can also further explain Mr. Spina's communications with the Plaintiffs about his opinions in its reply.

The County's actions should not be allowed to stand as they are a plain end run around the Court's Order and subject Plaintiffs to serious and unreasonable prejudice. In the alternative, should the Court deny any portion of the relief discussed above, the Court

should grant Plaintiffs 14 days from entry of the Court's order denying any portion of this Application to reply to the County's opposition(s) to the Motion and should grant Plaintiffs at least 15 additional reply brief pages, much less than the additional pages the County used, without leave, in its Opposition and Second Opposition, which exceeded the Court's grant of page limitations by 8 and 30 pages respectively. As stated above, this Application is made consistent with Local Rule 7-19.

On February 23, 2026, the Court issued the Order, which laid out explicit briefing requirements, which include delineating the briefs to be filed and the maximum number of pages for those briefs. Dkt. 173. The Order explicitly provided, *inter alia*, that Plaintiffs' Motion and the County's Opposition were each limited to "45 pages, inclusive of a table of contents and table of authorities." Plaintiffs filed the Motion, which complies with the 45-page limit, on March 4, 2026. Dkt. 179. The Motion requests certain preliminary injunctive relief to ameliorate the County's ongoing harm to Steelhead. As relevant to this Application, the Motion requests relief including, *inter alia*, that the County be required to adhere to a specified schedule for releasing sufficient water from Lopez Dam to ameliorate the harm to Steelhead as well as the other Endangered Species Act ("ESA")-listed species at issue in this case and that the Court appoint a special master and/or court-appointed experts to advise the Court on the proper injunction remedy to address the County's harm to ESA-listed species and to assist the Court in overseeing the County's compliance with the injunction. On April 8, 2026, the County filed its Opposition, which, contrary to the Order, is 53 pages inclusive of the table of contents and table of authorities. Dkt. 191. Also on April 8, 2026, the County, without leave, filed the Second Opposition, an additional 30-page brief in opposition to the Motion that the County purported to file as to a non-existent motion "embedded" within Plaintiffs' Motion that Plaintiffs did not in fact file. Dkt. 190. Through these improper filings, the County blew past the Court's 45-page opposition limit by 38 pages. Not only that, but the County's Second Opposition also relies on a confidential settlement communication from Plaintiffs, to provide to the Court an incomplete and misleading

Ex Parte App. to Strike                                        5

assertion of the role of Mr. Spina, a former NMFS employee, in advising the Plaintiffs on the appropriate flow release remedy for Lopez Dam, contrary to the County's assertion that revealing to the Court Mr. Spina's views concerning Lopez is barred under the Ethics in Government Act.

The only way to avoid prejudice to Plaintiffs and to avoid rewarding the County for its plain violations of the Court's order is for the Court to order the Stipulation, strike the Second Opposition, and order the County to promptly prepare a single brief meeting the Court's page limits from the Order and to provide Plaintiffs a reasonable time to reply to such single opposition brief. The Court should also either strike the references to Mr. Spina's opinion, directing the County to not make such statements or include this material in its replacement opposition briefing, or affirmatively order that Plaintiffs can respond and further explain Mr. Spina's advice to the Plaintiffs that the County has referred to. Plaintiffs are not inclined to so respond to the County and inform the Court concerning Mr. Spina's advice to the Plaintiffs without an order indicating such reliance would not violate the Ethics in Government Act. While the Plaintiffs have in briefing to the Court pointed out why that the Ethics in Government Act should not be construed to bar the Plaintiffs from providing the Court with Mr. Spina's advice, the County has contended otherwise, and the Court has not issued an order resolving who is correct.

Plaintiffs must seek *ex parte* relief because a regularly noticed hearing pursuant to Local Rule 6-1 would occur after Plaintiffs' current reply brief deadline, and thus it is not possible for the Plaintiffs to pursue a regularly noticed motion seeking this relief as they currently do not know which opposition brief(s) they must respond to and what information they may rely on in responding to the opposition briefing. Such relief is necessary without delay as failure to secure an order granting this relief significantly in advance of Plaintiffs' reply deadline to allow Plaintiffs adequate time to prepare such reply brief(s) is highly prejudicial to Plaintiffs. Pursuant to Local Rule 7-19, contact information for the County's counsel is as follows:

NOSSAMAN LLP
BENJAMIN Z. RUBIN (SBN 249630)
brubin@nossaman.com
PAUL S. WEILAND (SBN 237058)
pweiland@nossaman.com
ELIZABETH KLEBANER (SBN 261735)
lklebaner@nossaman.com
Katherine L. Felton
kfelton@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612

## II.    FACTUAL BACKGROUND

On August 13, 2024, Plaintiffs filed the Complaint (Dkt. 1) alleging that the County is violating ESA section 9, 16 U.S.C. § 1538, by operating and maintaining Lopez Dam, Lopez Lake, a three-mile buried steel transmission line that conveys water to Lopez Terminal Reservoir, the Lopez Water Treatment Plant, and various in-stream infrastructure downstream from Lopez Dam (collectively, the "Project") in a manner that causes unlawful "take" of Steelhead. Plaintiffs' Complaint, *inter alia*, alleges that the County's operation and maintenance of the Project also harms threatened California red-legged frog ("CRLF") and endangered Tidewater Goby. *Id.*

Plaintiffs filed their first Motion for Preliminary Injunction (Dkt. 13) on August 17, 2024. Plaintiffs' Motion for Preliminary Injunction detailed how the County's ongoing operation and maintenance of the Project is causing irreparable harm to Steelhead and to Plaintiffs' members and is seeking time sensitive relief to protect the pending Steelhead migration season. The Court granted Plaintiffs' Motion for Preliminary Injunction in part on December 9, 2024. Dkt. 57. The Ninth Circuit vacated this Preliminary Injunction, directing this Court that it could consider issuing a new preliminary injunction, but only if it thoroughly analyzed the impacts of injunctive relief not only on Steelhead but also on CRLF and tidewater goby. Upon further conferral with the Court and a status conference, the parties and the Court agreed that the Plaintiffs

Ex Parte App. to Strike                                    7

could file a renewed motion for preliminary injunction according to a briefing schedule worked out by stipulation.

The Court issued its Order on February 23, 2026, granting the Parties' stipulation regarding a briefing and hearing schedule *and explicitly including page limits* for briefing of Plaintiffs' renewed preliminary injunction motion. The Order provides that the County has leave to file a single opposition brief. Dkt. 173 at 1 ("The County's *opposition* to the motion for preliminary injunction shall be filed by no later than April 8, 2026.") (emphasis added). The Order further provides that "the County may file a response brief[, again stated in the singular,] *that does not exceed 45 pages, inclusive of a table of contents and table of authorities*." Dkt. 173 at 2.

In compliance with the Order, Plaintiffs filed their Motion on March 4, 2026. Dkt. 179. In further compliance with the Order, Plaintiffs' opening brief does not exceed 45 pages, including its table of contents and table of authorities. *Id.*

Contrary to the Court's Order, on April 8, 2026, the County filed two briefs in opposition to Plaintiffs' Motion: (1) the Opposition, which is 53 pages inclusive of the table of contents and table of authorities (Dkt. 191), and (2) the Second Opposition, which extends this already-overlength opposition briefing by an additional 30 pages (Dkt. 190). In total, the County's filings represent an additional, unapproved brief and 38 additional pages over the Court's page allowance, which was already well in excess of the default page limits set forth in this Court's civil standing order. The County has argued that it can submit the Second Opposition because it claims there was a second motion "embedded" in the Motion because Plaintiffs sought, as part of their requested relief, appointment of a special master and expert panel. Dkt. 190 at 1; Dkt. 179 at 31-36.

The County, through its Second Opposition, also argues that Mr. Spina is prohibited from providing opinion in this case under the Ethics in Government Act. Dkt. 190 at 1. The County then later exposes Mr. Spina's opinion by quoting at length from, and attaching, a confidential settlement communication from Plaintiffs that discusses

Ex Parte App. to Strike                                    8

Plaintiffs' use of Mr. Spina as a non-testifying expert and his work developing and endorsing Plaintiffs' proposed Lopez flow release regime. *Id.* at 5-6.

On communications taking place from April 9-10, 2026, both by telephone and email communication, Plaintiffs conferred with the County in an attempt to have the County withdraw the improper Opposition and Second Opposition and to address its inconsistent positions with regard to the Ethics in Government Act. Sproul Dec. ¶¶ 5-10. Through these conferral discussions, the County agreed via the Stipulation to withdraw its oversize Opposition and file a new opposition that meets page limits within 24 hours of a court order so directing--and to allow the Plaintiffs two weeks from when it files its new opposition to file its reply. However, the County has refused to withdraw its Second Opposition and refile a single opposition brief that conforms to the Court's Order and has further refused to withdraw its filing of Plaintiffs' Settlement Letter and its briefing discussion of the same. The County did, however, agree that if the Court does not strike the Second Opposition then Plaintiff should be allowed 15 additional pages of reply briefing to address the Second Opposition in addition to the 20 pages the Court's Order currently allows the Plaintiffs for their response to the new opposition brief. Sproul Dec. ¶¶ 6-10. The inability to resolve this dispute in its entirety through negotiation and the lack of adequate time that would be required to have this dispute resolved via noticed motion necessitates the present Application.

**III.    LEGAL BACKGROUND**

When seeking *ex parte* relief, the applicant must show: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crises that require *ex parte* relief, or that the crises occurred due to excusable neglect. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492-93 (C.D. Cal. 1995). The use of an *ex parte* application procedure "is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine

procedural order that cannot be obtained through a regularly noticed motion (*i.e.*, to file an overlong brief or shorten the time within which a motion may be brought)." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013).

## IV.    ARGUMENT

### A. Ex Parte Relief is Warranted.

Plaintiffs' request for *ex parte* relief is warranted for three reasons. One, Plaintiffs will be irreparably prejudiced if the County's Second Opposition is not stricken, forcing the County to file a single comprehensive opposition brief meeting the Court's maximum page limit under the Stipulation. Two, the urgency of the relief is not Plaintiffs' fault, but instead has been created by the County's filing of the improper Opposition and Second Opposition in the midst of a short briefing schedule, leaving Plaintiffs with insufficient lead time within which to bring a motion to strike and have such motion heard on the normal calendar before the Plaintiffs' reply briefing is due. Three, the portions of this Application that request revision to the briefing schedule seek a routine procedural order that cannot be obtained through a regularly noticed motion.

The irreparable harm that Plaintiffs will experience if the Application is not quickly granted is at least threefold: (1) Plaintiffs will potentially have to draft two reply briefs, including a separate reply to the County's Second Opposition in support of the County's imagined "embedded" Plaintiffs' motion--thereby engaging in the same sort of improper extra briefing conduct that the County has carried out; (2) the County will have *de facto* been granted double briefing, contrary to the Court's Order; and (3) Plaintiffs will be forced to draft their reply(s) during a truncated period wherein they are uncertain what arguments, or even what opposition(s), to respond to with some responsive arguments potentially being in violation of the law under the County's argument regarding the Ethics in Government Act. If the Court does not quickly rule on whether the County must withdraw its noncompliant briefing and file a single, page-limit-compliant brief, as provided for in the Order, Plaintiffs will be forced to either blindly begin drafting its own noncompliant briefing, drafting an unauthorized additional reply,

Ex Parte App. to Strike                    10

or risk having some of the County's arguments treated as uncontested, none of which Plaintiffs are inclined to do. Should any of these eventualities come to pass, the harm Plaintiffs seek to avoid will have been realized and cannot be undone.

Plaintiffs sought to avoid this issue by seeking the County's agreement to withdraw the Opposition and Second Opposition through conferral with the County. Sproul Dec. ¶¶ 5-10. However, the County has only been willing to withdraw the overlength Opposition. The County has refused to withdraw its Second Opposition and incorporate this excess briefing into its new opposition brief or to withdraw its improperly filed Plaintiffs' Settlement Letter and statements referring thereto. *Id.* ¶¶ 6-10. If the Plaintiffs' request to strike the Second Opposition and order a new, single opposition brief that complies with the Court's page limits is not heard and resolved on this *ex parte* basis, Plaintiffs would have already been subject to having to file their reply(s) to the improper opposition briefing, subjecting Plaintiffs to the prejudice, inconvenience, costs, and other burdens that they here seek to avoid. This *ex parte* request is the only means available to the Plaintiffs to be heard on the request to strike before they will otherwise be effectively forced to draft reply briefing and forgo any opportunity for judicial relief.

Further, the County has argued that Plaintiffs cannot relay Mr. Spina's opinions to the Court, but have then have effectively, and incorrectly, divulged Mr. Spina's views on Lopez Dam operations and incompletely, and therefore misleadingly, presented how the Plaintiffs have utilized Mr. Spina's advice. This places Plaintiffs in a difficult spot. Plaintiffs' position on this issue is that the Parties are not barred by the Ethics in Government Act from providing Mr. Spina's opinions to the Court, but, despite taking action that would represent a violation of the Act if they are correct by filing and discussing this material, the County has argued that the Act presents a bar to Mr. Spina's testimony. This has created a situation where Plaintiffs cannot effectively respond to the County's arguments while ensuring they will not later be found to have violated the law. As a result, before Plaintiffs can file their reply addressing these arguments, the Court

Ex Parte App. to Strike                           11

should either order that Plaintiffs can also inform the Court about Mr. Spina's opinions and the Plaintiffs' reliance on them or strike the County's material referencing Mr. Spina. Given that this must occur before the reply is filed, this issue must be resolved *ex parte.*

Plaintiffs are without fault in creating the need for this *ex parte* relief. Plaintiffs sought to convince the County to withdraw the Opposition, Second Opposition, and Plaintiffs' Settlement Letter and to file a single compliant opposition brief through conferral the day after the County filed these improper documents with the Court. When that failed and the County made it plain that the County will not withdraw all improper briefing and file a single compliant opposition brief, Plaintiffs are promptly filing this present Application seeking to strike the Second Opposition and provide direction, and time, necessary to file their reply.

**B. The Court Should Grant the Stipulation, Strike the Second Opposition, and Order the County to Promptly Re-File a Single Compliant Brief.**

The Court should grant the Stipulation and should also, at the same time, strike the Second Opposition for three reasons: (1) even if the County's new opposition brief will be less than 45 pages, the Second Opposition causes the County's opposition briefing to effectively be 30 pages overlength by providing further briefing opposing the same single Motion; (2) the Second Opposition is an entirely unpermitted filing as it is not actually an opposition to any separable motion and is instead an unpermitted second opposition brief to the Motion; and (3) the Second Opposition's reliance on a confidential settlement communication, Plaintiffs' Settlement Letter, to characterize a former government employee's, Mr. Spina's, position on a matter on which he worked when in government is not only a sharp and unethical action but is also either a violation of the Ethics in Government Act or an attempt to be able to unilaterally use statements about Mr. Spina's opinions while preventing Plaintiffs from doing the same to rebut the County's incomplete and misleading representations.

With regard to the overlength briefing, the Order plainly limits opposition briefing to "not exceed 45 pages, inclusive of a table of contents and table of authorities." Dkt.

173 at 2. Absent a Court order to file only one brief, even if the County's re-filed opposition briefing is limited to 45 pages, inclusive of a table of contents and table of authorities, the Second Opposition adds an additional 30 pages, rendering this still overlength briefing. Dkt. 190. Absent Plaintiffs' requested order, assuming the County's re-filed opposition brief is 45 pages, the County will have filed 75 pages of opposition briefing to Plaintiffs' Motion where it was only permitted by the express language of the Order to file 45 pages of briefing. Not only is this contrary to the plain language of the Order, but it represents a particularly egregious violation of that Order. The County cannot be allowed to file 2/3 more pages than it was explicitly limited to in the Order, and the Court should strike both opposition briefs on this ground.

Not only do the County's actions present the Court with highly overlength briefing, but they also represent an improper multiplicity of filings in this matter. It is indisputable that the Order, by referring to the County's briefing opportunity in the singular, speaks only of a single opposition brief in two separate provisions. *See* Dkt. 173 ¶ 5 ("the County may file *a* response brief that does not exceed 45 pages, inclusive of a table of contents and table of authorities.") (emphasis added); Dkt. 173 ¶ 1 ("The County's *opposition* to the motion for preliminary injunction shall be filed by no later than April 8, 2026.") (emphasis added). The County's actions violate the scope of its leave by its filing of two opposition briefs.

The County argues that filing the Second Opposition is justified because the County incorrectly argues that the Motion has a second motion "embedded" in it. Dkt. 190 at 1. However, this contention does not stand up to scrutiny. The non-existent second motion to which the County refers is actually only a portion of the remedy that Plaintiffs seek in the Motion. Namely, Plaintiffs have requested the Court to appoint a special master and panel of court experts to: (a) provide the Court with neutral scientific advice on the Parties' competing expert evidence pertinent to this Motion, the forthcoming motions for summary judgment, and, potentially, trial; and (b) assist with compliance oversight over the injunctive relief that the Court should grant the Plaintiffs. Dkt. 179 at

Ex Parte App. to Strike                                    13

31-36. Having the special master and court-appointed expert panel in place is thus part of the injunctive remedy that the Plaintiffs are seeking. The County's argument is thus effectively that seeking more than one type of relief creates a separate motion and an opportunity to unilaterally decide to file an additional, unpermitted brief. Notably the County provides no authority in support of this novel and baseless argument. A contrary interpretation would allow a defendant to file two opposition briefs whenever a party seeks multiple forms of relief, such as, for example, both declaratory and injunctive relief. No such multiplicity of briefing is countenanced by any rule, and allowing the County's unsupported position to stand would risk clogging the already-busy Court with additional opposition and reply briefing. As such, the Court should reject the County's "embedded" motion argument for its briefing overreach.

In conferral, the County also contended that it should be granted the right to style the Plaintiffs' Motion as actually two motions in one and thus to file its separate Second Opposition because it did not have the opportunity to file an opposition brief in response to Plaintiffs' Motion to Appoint Special Master and Expert Panel, Dkt. 159. The Court denied this motion (without prejudice)—which the County seeks to complain left only the Plaintiffs with an opportunity for a full, separate brief on this issue. This is meritless, because Plaintiffs re-briefed their request to appoint a special master and expert panel in the Motion, within the generous page limits that the County requested and the Court approved at the January 2026 status conference. The Court informed the parties at the status conference that it would deny Plaintiffs' Motion to Appoint Special Master and Expert Panel and thus the County was effectively aware when it requested 45 pages for its preliminary injunction opposition that any response from it to Plaintiffs' Motion to Appoint Special Master and Expert Panel would be rendered moot by its denial. If the County thought that 45 pages would not be enough to brief opposition to Plaintiffs' special master and expert panel request given the other issues that the County would be briefing, it could and should have addressed such issues at the status conference. As it did not, it should be held to the same standard that Plaintiffs met--briefing all issues,

Ex Parte App. to Strike                                 14

including special master and expert panel appointment to interact with the injunction, in a single brief not to exceed 45 pages, as the Court ordered.

Finally, the Court should strike the County's attachment of and reliance on confidential settlement communications. Providing confidential communications in filings to the Court is a sharp and unethical action that interferes with the important purpose of encouraging settlement communications. *See, e.g., Low-Iacovino v. Ben. Plan Comm. of the Nonbargained Program of the AT&T Ben. Plan*, No. 16-6614, 2018 U.S. Dist. LEXIS 227976, at *12-14 (C.D. Cal. June 20, 2018) (striking references to confidential settlement communications and collecting cases striking disclosures of confidential settlement communications); *Med. Assurance Co. v. Weinberger*, No. 06-117, 2011 U.S. Dist. LEXIS 62580, at *14 (N.D. Ind. May 26, 2011) ("Without confidentiality, the discussions and exchange of information necessary to the settlement process may not occur."); *Liberty Surplus Ins. Corp v. Ledesma & Meyer Constr. Co.*, No. 12-900, 2012 U.S. Dist. LEXIS 195771, at *8 (C.D. Cal. June 19, 2012) (striking settlement communications made during mediation under California law based on same policy of encouraging settlement communications).

In addition to disclosing confidential settlement communications, the County's discussion of this document is inconsistent with its argument that 18 U.S.C. section 207 (the Ethics in Government Act) prohibits Mr. Spina's participation in this matter. The County, by citing to Mr. Spina's opinions in the Second Opposition, seeks to have it both ways—preventing Plaintiffs and the Court from benefitting from Mr. Spina's opinions while also seeking to use confidentially made statements to the County about Mr. Spina's advice to the Plaintiffs to support its own argument. The quoted portions of Plaintiffs' Settlement Letter proffered by the County effectively reveal Mr. Spina's opinion to the Court concerning the propriety of the Lopez flow regime that the Plaintiffs' Motion seeks as an injunctive remedy. As a result, the Court should either strike this reference to Mr. Spina and the attachment the County relies on for the same or should also allow

Ex Parte App. to Strike                    15

Plaintiffs, by order, to further explain the full facts concerning their reliance on Mr. Spina's advice in this case.

Plaintiffs have previously explained, in their Motion brief, why Mr. Spina's testimony should be allowed in this case and why the County's contrary arguments lack merit. Dkt. 179 at 31-38; *see also* Plaintiff's Motion to Appoint Special Master and Expert Panel, Dkt. 159 at 15-18. As Plaintiffs pointed out, 18 U.S.C. section 207 bars former federal agency employees from communicating with, or appearing before, a federal agency or court "on behalf of any other person" "in connection with a particular matter" in which (a) the United States has a "direct and substantial interest," (b) the "person participated personally and substantially as such officer or employee," and (c) "which involved a specific party or specific parties at the time of such participation." *See* 18 U.S.C. § 207(a)(1). As Plaintiffs further pointed out, an exception to this prohibition applies for a person "giving testimony under oath, or . . . making statements required to be made under penalty of perjury." 18 U.S.C. § 207(j)(6). But in an exception-to-the-exception, 18 U.S.C. section 207(j)(6)(A) provides that any person falling within subsection (a)(1) "with respect to a particular matter may not, except pursuant to court order, serve as an expert witness for any other person . . . in that matter." Plaintiffs pointed out that section 207(a)(1)'s bar on appearing before a federal court should not apply to Mr. Spina here given that (1) this citizen suit case is not a particular matter that Mr. Spina worked on while at NMFS, and (2) neither NMFS nor any other federal agency has a direct and substantial interest in this case as demonstrated by NMFS and the U.S. Fish and Wildlife Service ("FWS") declining to bring their own enforcement case against the County or intervene in this case despite being given advance notice that the Plaintiffs would file this case and being provided copies of the complaint and other pleadings in this matter and by the agencies further declining to provide any comments to the Court concerning matters related to the case. *See, e.g., N.W. Envtl. Defense Ctr. v. U.S. Army Corps of Eng'rs*, No. 18-437, 2019 WL 2372591, at *5-6 (D. Or. June 5, 2019) (two former NMFS employees were not barred by 18 U.S.C. section 207 from testifying

Ex Parte App. to Strike                                    16

against NMFS and the U.S. Army Corps of Engineers in an ESA citizen suit over harms to salmon and steelhead caused by dams even though they worked on the NMFS biological opinion for those dams; biological opinion held to not be the same particular matter as the citizen suit); *see also FDIC v. Refco Group*, 46 F. Supp. 2d 1109, 1114 (D. Colo. 1999) (rejecting FDIC arguments that 18 U.S.C. section 207 regulations barred an FDIC employee from testifying as an expert witness against the FDIC, appointing the employee as court's own expert, and forbidding FDIC from pursing any sanction investigation against the employee or otherwise communicating with him to discourage him from testifying, noting the importance of having the witness testify to expedite case resolution). While Plaintiffs stand by these positions and urge the Court to affirmatively determine that Mr. Spina should be allowed to participate in this matter, the County has disagreed, arguing that the Court cannot be provided with Mr. Spina's opinions. Dkt. 190 at 2, 21-23.

If the Court agrees that Mr. Spina's participation is not barred by the Ethics in Government Act, which the Plaintiffs still contend is correct, then the Court should not strike on this ground (though it should still be stricken on the above bases) as the County would not be violating the Act by informing the Court about Mr. Spina's opinions. However, the County has expressly argued to the Court in its Second Opposition briefing that these arguments are wrong and that the Ethics in Government Act does apply to bar Mr. Spina from informing the Court of his views in this matter. Dkt. 190 at 2, 21-23. The County has thus effectively argued that it has violated the Ethics in Government Act by doing so itself because the prohibitions imposed by the Act apply not only to former federal employees themselves but to any other person who assists with a violation of the Act. *See* 18 U.S.C. § 2; 68 Fed. Reg. 7844, 7846 (Feb.19, 2009) (persons procuring a violation of 18 U.S.C. section 207 are punishable as a principal under 18 U.S.C. section 2). Thus, if the County's argument regarding Mr. Spina is credited, the County has violated 18 U.S.C. section 207 and the Court should strike these statements.

If the Court does not strike the County's statements then it should affirmatively order that Plaintiffs can discuss Mr. Spina's opinions to correct the County's incomplete and misleading representations. Without such an order, Plaintiffs are not inclined to brief this issue and risk being held to have violated the Ethics in Government Act.[1]

The Court should order that Plaintiffs have 14 days to file their reply from the date that the County files its single opposition brief, which the Court should order to replace both the Opposition and Second Opposition. Having this time period run from the submission of the new opposition brief is necessary so that Plaintiffs know what arguments the County will ultimately make and what information it will ultimately rely on, both of which are currently unknown due to the pendency of this Application.

**C. If the Court Declines to Strike the County's Improper Second Opposition, Plaintiffs Alternatively Request that They be Granted Additional Briefing Pages and Additional Time in Which to File Their Reply Briefing.**

If the Court is not inclined to strike the Second Opposition and order all opposition briefing to take place in a single 45-page opposition brief on this *ex parte* basis, it should at least grant Plaintiffs 15 extra pages for their reply brief, allowing Plaintiffs to reply as to both opposition briefs via a single reply brief of 35 pages. Notably, in conferral, the County indicated that it would not oppose the Plaintiffs being allowed to file an additional 15 pages of briefing responding to the Second Opposition if the Second Opposition is not struck. Sproul Decl. ¶ 8.

The Court should further grant the Plaintiffs the full 14-day period from the Court's order on this Application to complete their reply briefing. Currently Plaintiffs have had to pause aspects of their reply briefing because they do not yet have actual compliant opposition briefing to reply to. This is using up Plaintiffs' reply briefing time.

---

[1] Even if the Court does not allow Mr. Spina's opinions to come in as the County has attempted, the Court can still, and should still, appoint Mr. Spina as a court expert in this matter pursuant to 18 U.S.C. section 207(j)(6)(A). *See* Dkt. 179 at 31-38; *see also* Dkt. 159 at 15-18.

Further, even if Plaintiffs did have clarity as to the briefing they are replying to, which they do not, the County has unilaterally granted itself an additional 30 pages of briefing in this matter through the Second Opposition. Plaintiffs are not inclined to respond in kind by ignoring the Order and therefore would be effectively granted insufficient briefing pages to reply to the multiplicity of opposition briefing to show that the Motion should be granted. Thus, should the Court decline to strike the County's improper, excessive Second Opposition, Plaintiffs alternatively request that the Court grant Plaintiffs additional pages for their reply brief and that the Court change the briefing and hearing schedule to provide Plaintiffs with 14 days from the Court's order to file their reply. The Court should then further reset the preliminary injunction motion hearing for four weeks thereafter. This alternative relief would at least provide the Plaintiffs with some opportunity to respond to the County's excessive, improper opposition briefing.

## V.    CONCLUSION

In sum, the County's attempt to improperly file two oppositions to Plaintiffs' single Motion, representing both a number of pages and a number of briefs in excess of the Order, and to unilaterally provide information that the County argues is in violation of the Ethics in Government Act, must be remedied. The suitable remedy is striking the improper Second Opposition, ordering the County to file a single new opposition under the Stipulation that complies with the Order within 24 hours, providing Plaintiffs with 14 days after service of the new opposition within which to file their reply brief, and then ordering the hearing on Plaintiffs' Motion for four weeks thereafter. In the alternative, the Court should grant Plaintiffs an additional 15 pages, for a total of 35 pages, for their reply brief and should extend the deadline for such reply brief to a date 14 days after the Court's order on this Application, ordering the hearing on Plaintiffs' Motion for four weeks thereafter. The Court should also make clear whether the Parties can rely on Mr. Spina's opinions in their briefing or whether such reliance is in violation of the Ethics in Government Act. Providing insufficient, or no, timely relief will result in serious

Ex Parte App. to Strike                    19

prejudice to Plaintiffs and will effectively reward the County for its improper opposition briefing.

Dated: April 10, 2026          Respectfully submitted,

                              */s/ Christopher Sproul*
                              Christopher Sproul
                              Environmental Advocates
                              *Attorney for Plaintiffs*