NOSSAMAN LLP
PAUL S. WEILAND (SBN 237058)
pweiland@nossaman.com
BENJAMIN Z. RUBIN (SBN 249630)
brubin@nossaman.com
ELIZABETH KLEBANER (SBN 261735)
lklebaner@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone:   949.833.7800
Facsimile:    949.833.7878

KATHERINE L. FELTON (WA SBN 30382)
*Admitted Pro Hac Vice*
kfelton@nossaman.com
BRIAN FERRASCI-O'MALLEY (WA SBN 46721)
*Admitted Pro Hac Vice*
bferrasciomalley@nossaman.com
719 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone:   206.395.7630
Facsimile:    206.257.0780

Attorneys for Defendant
COUNTY OF SAN LUIS OBISPO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SAN LUIS OBISPO COASTKEEPER, LOS PADRES FORESTWATCH, CALIFORNIA COASTKEEPER ALLIANCE, and THE ECOLOGICAL RIGHTS FOUNDATION, | Case No: 2:24-cv-06854 SPG (ASx) |
| Plaintiffs, | **COUNTY OF SAN LUIS OBISPO'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION** |
| vs. | |
| COUNTY OF SAN LUIS OBISPO, | |
| Defendant. | Date Action Filed: August 13, 2024<br>First Amended Complaint Filed: December 27, 2024 |

COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION

70264590

# **TABLE OF CONTENTS**

**Page:**

I.    INTRODUCTION ........................................................................................... 1

II.   FACTUAL BACKGROUND .......................................................................... 1

III.  STANDARD OF REVIEW ............................................................................ 4

IV.   ARGUMENT ................................................................................................. 6

   A.   Disclosure of Portions of the Spina Letter was Lawful to Demonstrate that Plaintiffs are Purposely Misleading the Court. ................................... 6

      1.   Disclosure is permissible under Rule 408 and applicable caselaw. ..... 6

      2.   The County did not violate the Ethics in Government Act by disclosing portions of Plaintiffs' Spina Letter. .................................... 8

   B.   Filing a Separate Opposition to Plaintiffs' Renewed Expert Motion Was Lawful. ..................................................................................................... 10

      1.   Plaintiffs created this "crisis" by filing two motions in one. ............... 11

      2.   The relief Plaintiffs seek would prejudice the County by barring it from the opportunity to brief the matter that Plaintiffs have briefed extensively. ...................................................................................... 14

      3.   The County is also prejudiced by Plaintiffs' improper argument within their *Ex Parte* Application. ................................................................. 15

V.    CONCLUSION ............................................................................................ 19

COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION

70264590

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*ABM Indus., Inc. v. Zurich Am. Ins. Co.*,
237 F.R.D. 225 (N.D. Cal. 2006) ....................................................................... 7

*Babakhanlou v. Los Angeles Cnty.*,
No. CV 23-8682-MWC, 2025 WL 2631607 (C.D. Cal. Feb. 7,
2025) .................................................................................................................. 13

*Defenders of Wildlife v. Zinke*,
856 F.3d 1248 (9th Cir. 2017) .......................................................................... 19

*Esebag v. Whaley*,
No. LA CV18-08446, 2023 WL 12007143 (C.D. Cal. Apr. 27,
2023) .................................................................................................................... 7

*In re Intermagnetics Am., Inc.*,
101 B.R. 191 (C.D. Cal. 1989) ........................................................................... 5

*Klene v. Riggs*,
CV 22-8318-KK-JCx, 2024 U.S. Dist. LEXIS 240173 (C.D. Cal.
Dec. 13, 2024) .................................................................................................. 5, 6

*Microsoft Corp. v. Motorola, Inc.*,
795 F.3d 1024 (9th Cir. 2015) ......................................................................... 6, 7

*Mission Power Engineering Co. v. Continental Cas. Co.*,
883 F. Supp. 488 (C.D. Cal. 1995) ............................................................ 5, 6, 13

*Oregon Wild v. Connor*,
No. 6:09-CV-00185, 2012 WL 3756327 (D. Or. Aug. 27, 2012) ..................... 19

*Ramsey v. Kantor*,
96 F.3d 434 (9th Cir. 1996) .............................................................................. 19

*Rhoades v. Avon Prods., Inc.*,
504 F.3d 1151 (9th Cir. 2007) ............................................................................ 8

*Sifi Networks Fullerton, LLC v. Berkshire Hathaway Specialty Ins. o.*,
No. 8:23-cv-01417-FWS-JDE, 2025 U.S. Dist. LEXIS 4118 (C.D.
Cal. Jan. 8, 2025) ................................................................................................ 5

COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION

70264590

*Wild Equity Inst. v. City & Cnty. of San Francisco*,
    No. C 11-00958, 2012 WL 6082665 (N.D. Cal. Dec. 6, 2012) .......................... 19

**Federal Statutes**

16 U.S.C. § 1536(o)(2) ...................................................................................... 19

18 U.S.C. § 207 ............................................................................................. 8, 16

**Other Authorities**

5 C.F.R. § 2641.201 ................................................................................ 16, 17, 18

15 C.F.R. § 15.14(g) ......................................................................................... 18

Fed. R. Civ. P. 53 ........................................................................................*passim*

Fed. R. Evid. 408 .......................................................................................... 6, 7

Fed. R. Evid. 706 .......................................................................................*passim*

Standing Order for Newly Assigned Civil Cases .................................................. 4, 5

COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION
70264590

## I.    INTRODUCTION

For the second time in this litigation, Plaintiffs unnecessarily burden the Court and the County with a frivolous request for *ex parte* relief. *See* ECF No. 125 (Court denying Plaintiffs' *ex parte* application seeking to avoid depositions of their standing witnesses). Here, as before, "Plaintiffs are not entitled to *ex parte* relief because they fail[] to demonstrate lack of fault or irreparable prejudice." *Id.* at 1. Plaintiffs created the purported "crisis" they now complain about, having combined into one filing two distinct motions, including one that was unauthorized by the Court. Moreover, it is the County who would be prejudiced if Plaintiffs' *ex parte* application was successful, as the County would be precluded from responding to the more than 60 pages Plaintiffs have now filed in support of their request for a special master and expert panel. The County was well within its rights to file a separate brief opposing Plaintiffs' embedded and renewed motion. In addition, the letter from Plaintiffs' counsel setting out the true relationship between Plaintiffs and their consulting expert, whom Plaintiffs now seek to have the Court appoint as a neutral expert, is properly before the Court. The Court should see Plaintiffs' *ex parte* request for what it is—more gamesmanship by Plaintiffs designed to prejudice the County and hide Plaintiffs' true intentions from the Court—and deny Plaintiffs' request for *ex parte* relief.

## II.    FACTUAL BACKGROUND

On November 14, 2025, Plaintiffs' counsel sent the County's counsel a letter informing the County that Plaintiffs had retained Anthony Spina, a former NMFS employee, as Plaintiffs' consulting expert ("Spina Letter"). ECF No. 190-2.

In December 2025, the Ninth Circuit vacated this Court's prior preliminary injunction order. ECF No. 144 at 7; ECF No. 149. The Court thereafter set a status conference for January 28, 2026. ECF No. 152. Two days before the status conference, Plaintiffs filed a Motion to Appoint Special Master and Expert Panel—identifying Dr. Brenton Spies as proposed special master and Jeff Alvarez, Mr.

Spina, and another former NMFS employee, Dr. Brian Cluer, as the proposed "expert panel." ECF No. 159 at 1–2.

On January 28, 2026, the Court denied Plaintiffs' motion and struck the hearing before the County had opportunity to submit briefing. ECF No. 163 at 2. The Court indicated that it would consider potentially appointing an expert or special master after reviewing all the briefing submitted by the parties relating to Plaintiffs' second motion for preliminary injunction, but it did not order or authorize the parties to file briefing on the merits of any Civil Rule 53 or Evidence Rule 706 appointment. *Id.* Instead, the Court directed the parties to file a stipulation setting a briefing schedule for Plaintiffs' second preliminary injunction motion. *Id.* During the status conference, the County requested 45 pages to brief Plaintiffs' anticipated motion for preliminary relief, and at the status conference the Court agreed to grant 45 pages to Plaintiffs for their opening brief, 45 pages to the County for its opposition brief, and 20 pages to Plaintiffs for their reply brief. Decl. of Brian Ferrasci-O'Malley ("Ferrasci-O'Malley Decl.") ¶ 5, Ex. A (Transcript of Jan. 28, 2026 Status Conf.) at 37:21–38:8.[1] There was no discussion of including the table of contents and table of authorities in these page limits. The Court-issued Minutes confirmed the ability to file oversized briefs as follows: "Plaintiffs may file an opening brief not to exceed 45 pages, Defendant may file an opposition brief not to exceed 45 pages, and Plaintiffs may file a reply brief not to exceed 20 pages." ECF No. 163 at 2–3.

On February 20, 2026, the parties filed a stipulation proposing a briefing schedule for Plaintiffs' second preliminary injunction motion and agreeing that "Plaintiffs shall have 45 pages for its opening brief in support of its second preliminary injunction motion, the County shall have 45 pages for its preliminary

---

[1] The page numbers identified in a citation to Exhibit A herein reference the page number of the original document, not the exhibit pagination.

COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION

70264590

injunction opposition brief, and the Plaintiffs shall have 20 pages for its reply brief in support of its second preliminary injunction motion." ECF No. 171. On February 23, 2026, the Court issued an order accepting the parties' proposed schedule. ECF No. 173. However, the Court adjusted the proposed pages, granting 45 pages for the opening and opposition briefs "inclusive of a table of contents and table of authorities." *Id.*

On February 27, 2026, Plaintiffs filed, without the Court's permission, a three-page brief—which they misleadingly titled a "Separate Supplemental Case Status Report"—arguing that the Court should appoint their proposed experts. ECF No. 176. That same day, Plaintiffs also filed a 17-page brief arguing the merits of their request for a special master and expert panel. ECF No. 177. This briefing was again neither authorized nor requested by the Court.

On March 4, 2026, Plaintiffs filed their renewed Motion to Appoint a Special Master and Expert Panel ("Renewed Expert Motion"), embedded in their Second Motion for Preliminary Injunction ("Second PI Motion"). ECF No. 179 at 31–38. Plaintiffs' Renewed Expert Motion incorporated Plaintiffs' arguments from the prior motion that the Court denied, and the briefing that the Court did not authorize or request. *E.g.*, ECF No. 179 at 31("For the reasons briefed in the NGOs' January 26, 2026 Motion to Appoint special master and expert panel . . . (Dkt. 159), the court should appoint an expert panel . . . and a special master"); *id.* at 33 ("As the NGOs explained in their Supplemental Case Status Report . . . the NGOs continue to recommend the FRE 706 experts they nominated"); *id.* at 34 (citing declarations and exhibits submitted with ECF No. 159); *id.* at 33 ("NGOs provided the Court with a . . . response to the DOJ Letter" and citing ECF No. 177); *id.* at 37 ("NGOs' response to the DOJ letter explained" and citing ECF No. 177); *id.* at 38 (arguing "DOJ misstated the applicable regulation" and citing ECF No. 177); *id.* at 31 ("As also briefed in the NGOs' Expert Motion, the Court should require the County to pay for the expert panel and special master.").

COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION

70264590

On April 8, 2026, the County filed its Opposition to Plaintiffs' Second Motion for Preliminary Injunction ("Second PI Opposition"). ECF No. 191. The County's Second PI Opposition was 45 pages and one line in length, exclusive of the table of contents and table of authorities. Also on April 8, 2026, the County filed its Opposition to Plaintiffs' Renewed Motion to Appoint Special Master and Expert Panel ("Expert Panel Opposition"). ECF No. 190. The County's Expert Panel Opposition was 25 pages in length, exclusive of the table of contents and table of authorities. In support of the Expert Panel Opposition, the County also filed a partially redacted copy of the Spina Letter. ECF No. 190-2.

On April 10, 2026, the parties filed a joint Stipulation agreeing that the County would file a revised opposition to Plaintiffs' Second PI Motion that is 45 pages in length, inclusive of a table of contents and table of authorities, within 24 hours of an order from this Court. ECF No. 200. The Stipulation further provides that Plaintiffs would have 14 days from the latter of either the date on which the County's revised opposition to Plaintiffs' Second PI Motion is filed, or the date on which the Court issues an order on Plaintiffs' instant request for *ex parte* relief, to file their reply. *Id.* Later in the afternoon of April 10, 2026, Plaintiffs filed their Opposed Ex Parte Application to Strike, or in the Alternative for Extra Briefing Pages and Leave to File Responsive Pleading, and to Amend the Preliminary Injunction Briefing and Hearing Schedule ("*Ex Parte* Application"). ECF No. 201. In total to date, Plaintiffs have filed more than 60 pages on the issue of special masters and potential experts, ECF No. 159 (21 pages), ECF No. 176 (3 pages), ECF No. 177 (17 pages), ECF No. 179 at 31–38 (8 pages), ECF No. 201 (20 pages).

## III.    STANDARD OF REVIEW

This Court "highly disfavors" *ex parte* applications. Standing Order for Newly Assigned Civil Cases, Judge Sherilyn Peace Garnett, Jan. 10, 2025, at p. 16, available at https://www.cacd.uscourts.gov/honorable-sherilyn-peace-garnett (last

accessed April 11, 2026) ("Standing Order"). This is "especially true" when the *ex parte* application is due to "a crisis of the applicant's own making." *Id.* (citing *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)). The Court "strongly discourage[s]" *ex parte* applications, "and frivolous *ex parte* motions may result in sanctions being imposed on the moving party." *Id.*

*Ex parte* applications are "rarely justified" and "appropriate only in a narrow set of circumstances." *Sifi Networks Fullerton, LLC v. Berkshire Hathaway Specialty Ins. Co.*, No. 8:23-cv-01417-FWS-JDE, 2025 U.S. Dist. LEXIS 4118, *2 (C.D. Cal. Jan. 8, 2025) (citations omitted). One of the reasons *ex parte* motions are so disfavored is because "the parties' opportunities to prepare are grossly unbalanced . . . . This is due primarily to gamesmanship." *Mission Power Engineering Co.*, 883 F. Supp. at 490.

Courts also recognize that *ex parte* applications are "inherently unfair, and they pose a threat to the administration of justice" because such applications "impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason." *Id.* (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)); *see also Klene v. Riggs*, CV 22-8318-KK-JCx, 2024 U.S. Dist. LEXIS 240173, at *4 (C.D. Cal. Dec. 13, 2024); *SiFi Networks Fullerton, LLC*, No. 8:23-cv-01417-FWS-JDE, 2025 U.S. Dist. LEXIS 4118, at *4.[2] "It is rare that a lawyer's credibility is more on the

_____

[2] The County notes that its counsel has indeed been forced to drop everything, including other work on this litigation and work for other clients on other matters, in order to work all weekend to address Plaintiffs' Friday night filing of its *Ex Parte* Application. Ferrasci-O'Maley Decl. ¶ 4. The County received the Court's order Scheduling Notice and Order, ECF No. 202, issued on Monday morning, April 13, 2026, after having substantially completed this opposition.

COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION

70264590

line, more vulnerable, than when he or she has created this kind of interruption . . . . [F]iling an ex parte motion . . . is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." *Mission Power Engineering Co.*, 883 F. Supp. at 491–92.

To justify invoking *ex parte* procedures, the movant is required to demonstrate that (1) they are without fault in creating the crisis necessitating *ex parte* relief or it is the result of excusable neglect ***and*** (2) that the moving party's cause will be "irreparably prejudiced" if the underlying motion is heard according to regular procedures. *Id.*; *Klene v. Riggs*, 2024 U.S. Dist. LEXIS 240173, at \*4–5.

## IV.    ARGUMENT

### A.    Disclosure of Portions of the Spina Letter was Lawful to Demonstrate that Plaintiffs are Purposely Misleading the Court.

Plaintiffs have attempted to mislead the Court regarding the scope of their retention of Mr. Spina. When the full scope of Mr. Spina's retention in this matter was disclosed, it is clear that Plaintiffs' retention unquestionably precludes Mr. Spina's appointment as a court-appointed neutral expert in this matter. Disclosure of the redacted Spina Letter was therefore permitted under Rule 408. In addition, the excerpted material filed by the County did not disclose Mr. Spina's opinions and, therefore, could not possibly have constituted a violation of the Ethics in Government Act.

#### 1.    Disclosure is permissible under Rule 408 and applicable caselaw.

Federal Rule of Evidence 408 establishes that evidence of settlement offers and related statements are inadmissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a); *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1055 (9th Cir. 2015) ("Rule 408 prohibits introduction of evidence of acceptance of consideration for compromising a claim to prove the validity of the

claim."). However, such evidence of settlement offers and related statements can be admissible "for another purpose, ***such as proving a witness's bias or prejudice***, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b) (emphasis added); *ABM Indus., Inc. v. Zurich Am. Ins. Co.*, 237 F.R.D. 225, 228 (N.D. Cal. 2006) ("Under Rule 408, the evidence is not excluded if it is offered for another purpose.").

As an initial matter, the redacted Spina Letter does not even qualify as the type of evidence prohibited under Rule 408(a). The unredacted statements are neither "furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim." Fed. R. Evid. 408(a)(1). Nor are they "conduct or a statement made during compromise negotiations ***about the claim***." *Id.* 408(a)(2) (emphasis added). Plaintiffs' counsel's statements in the redacted Spina Letter relate solely to Plaintiffs' retention of Mr. Spina as their consulting expert and the scope of that retention.

Notably, Plaintiffs do not cite to or discuss Rule 408 a single time, likely because they recognize the language contained in the redacted Spina Letter they seek to strike is not prohibited by Rule 408. *Microsoft Corp.*, 795 F.3d at 1055. Furthermore, even if Plaintiffs could stretch the definition of what constitutes a "settlement offer" or "about the claim" to include the language in question, disclosure would still be allowed under Rule 408(b) because the County is properly using the Spina Letter solely to show the potential for "bias or prejudice" given that Plaintiffs have proposed that Mr. Spina be appointed a neutral expert for the Court under Evidence Rule 706. Fed. R. Evid. 408(b); *see also Esebag v. Whaley*, No. LA CV18-08446, 2023 WL 12007143, at *8 (C.D. Cal. Apr. 27, 2023) (examples in Rule 408(b) "are illustrative rather than exhaustive").

Plaintiffs complain that "[p]roviding confidential communications in filings to the Court is a sharp and unethical action that interferes with the important

purpose of encouraging settlement communications." ECF No. 201 at 15. However, it is Plaintiffs themselves who placed Mr. Spina's role at issue in their motion, particularly by knowingly misrepresenting to the Court the full nature of Mr. Spina's involvement on behalf of Plaintiffs. *Compare* Ferrasci-O'Malley Decl. Ex. A at 44:10–11, 14–16 ("Your honor, *we've retained him in a very limited* fashion. . . We retained him, as is entirely permissible under the statute, to give us some feedback, some advice on how does NMFS look at this?") (emphasis added) *with* ECF No. 190-2 at 2 ("The *NGOs are now relying extensively* on Mr. Spina's technical advice in developing their views concerning the County's HCP generally and the County's proposed Lopez Dam bypass flow regime in particular.") (emphasis added). The County did not include the entire Spina Letter; instead, the County intentionally and carefully redacted the majority of the letter to provide only those statements necessary to properly inform the Court. "When statements made during settlement are introduced for a purpose unrelated to liability, the policy underlying the Rule is not injured." *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1161–62 (9th Cir. 2007). Rule 408, "by its own terms, is one of limited applicability," and it is not implicated here. *Id.* The County introduced the Spina Letter to establish that Plaintiffs' Renewed Expert Motion omits key information about the true involvement of Mr. Spina in Plaintiffs' case in chief and to support the County's claim that Mr. Spina's relationship with Plaintiffs demonstrates his bias and prejudice that is irreconcilable with the neutrality required for court-appointed experts under Evidence Rule 706.

### 2.      The County did not violate the Ethics in Government Act by disclosing portions of Plaintiffs' Spina Letter.

The County has not violated the Ethics in Government Act, 18 U.S.C. § 207, because the County has not represented Mr. Spina's opinions or views to the Court. Plaintiffs make the illogical argument that somehow, in providing the Court with a redacted copy of *Plaintiffs' own* Spina Letter, the County "refers to opinions

COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION
70264590

offered by [Mr. Spina]." ECF No. 201 at 1. This is farcical and clearly repudiated by the plain language of the redacted Spina Letter itself. Plaintiffs' counsel wrote the Spina Letter, not the County. The County appropriately redacted the Spina Letter so that the only information presented was ***Plaintiffs' counsel's own statement*** of Mr. Spina's ***"extensive" involvement*** in this matter as ***an expert for Plaintiffs***. *See* ECF 190-2. The County's filing simply identifies for the Court the true breadth of Plaintiffs' employment of Mr. Spina; it does not state any opinions or views from Mr. Spina.

For similar reasons, Plaintiffs' request that they be "specifically authorized to respond and further explain Mr. Spina's opinions that the County has referred to," ECF No. 201 at 2, is also unwarranted and nonsensical. The County did not "refer" to any of Mr. Spina's opinions. *See* ECF 190-2. The County simply provided the following information, authored by Plaintiffs' counsel:

> The NGOs wish to alert the County that the NGOs have retained Anthony Spina as our consulting expert, who we assume the County is aware was employed by the National Marine Fisheries Services ("NMFS") until this past summer as a NMFS staff member assigned to NMFS implementation of ESA regulation with respect to steelhead.
>
> * * *
>
> The NGOs are now relying ***extensively*** on Mr. Spina's technical advice in developing their views concerning the County's HCP generally and the County's proposed Lopez Dam by flow regime in particular. The comments that we plan to send to the County by early next week concerning what would be an appropriate Lopez Dam bypass flow regime reflect our consideration of Mr. Spina's guidance. The NGOs would want to have Mr. Spina attend any technical meetings and/or mediations with the County, especially given that Mr. Spina and the individuals working for the County at Stillwater Sciences have worked together for many years on similar issues.

ECF No. 190-2 at 2 (emphasis added). This text does not provide any indication to the County or the Court of Mr. Spina's opinions. Nor does it "relay Mr. Spina's opinions to the Court" as Plaintiffs claim. ECF No. 201 at 11. It simply provides

- 9 -                            Case No. 2:24-cv-06854 SPG (ASx)
COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION
70264590

Plaintiffs' explanation of how Plaintiffs have used and intend to continue using Mr. Spina as their hired expert. There is no inconsistency in the County's position. This disclosure serves the specific, distinct purpose of informing the Court about the nature of the relationship between Plaintiffs and Mr. Spina, who they have asked this Court to appoint as a neutral expert under Evidence Rule 706 in this matter. The County's filing simply identifies the nature of the relationship, as described by Plaintiffs themselves, without disclosing Mr. Spina's substantive opinions.

There is nothing "unfair" about the County informing the Court about the true relationship between Plaintiffs and Mr. Spina. *C.f.* ECF No. 201 at 4. In fact, the opposite is true—Plaintiffs' attempt to mislead the Court regarding their relationship with Mr. Spina is blatantly unfair to the County.

For these reasons, the Court should not strike the redacted Spina Letter.  In addition, the Court should refuse Plaintiffs' request for even more pages to "explain Mr. Spina's communications with the Plaintiffs about his opinions." *Id.* The County continues to believe that the Ethics in Government Act prohibits Mr. Spina from participating in this manner as an impartial court-appointed expert. Plaintiffs are the party who put forward Mr. Spina and have sought to obscure and minimize his involvement to date. *Compare* Ferrasci-O'Malley Decl. Ex A at 44 ("Your Honor, we've retained him in a ***very limited fashion***.") (emphasis added) *with* ECF 190-2 at 2 ("The NGOs are ***now relying extensively*** on Mr. Spina's technical advice . . . . The NGOs would want to have Mr. Spina ***attend any technical meetings and/or mediations*** with the County") (emphases added).

**B.    Filing a Separate Opposition to Plaintiffs' Renewed Expert Motion Was Lawful.**

It was entirely proper and lawful for the County to file a separate opposition to Plaintiffs' Renewed Expert Motion. Plaintiffs created the situation about which they now complain. Their inclusion of their motion for a special master and expert panel, and all their other briefing related thereto, within their Second PI Motion

COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION

70264590

was improper. The Court did not order or authorize the parties to file briefing on the merits of any Civil Rule 53 or Evidence Rule 706 appointments. Fed. R. Civ. P. 53; Fed. R. Evid. 706. In fact, the Court indicated it would only consider such appointments *after* reviewing all the briefing submitted by the parties relating to Plaintiffs' Second PI Motion. Ferrasci-O'Malley Decl. Ex. A at 30:7–9 ("So I would think that the appropriate time for me to appoint a special master is sometime after receiving the briefs."); ECF No. 163 at 2 ("As discussed on the record, the Court will consider appointing a special master or designating an expert panel as necessary to evaluate any conflicting scientific evidence submitted in connection with a second motion for preliminary injunction, motion for summary judgment, or for trial."). Plaintiffs chose to embed the Renewed Expert Motion within their Second PI Motion and incorporate all their prior briefing on the issue – briefing that the County did not have an opportunity to respond to – necessitating the County's separate opposition.

### 1.    Plaintiffs created this "crisis" by filing two motions in one.

Plaintiffs seem to believe that simply because they combined two distinct motions into one document that the resulting creation is one motion. However, as Plaintiffs themselves note, this Court "laid out explicit briefing requirements, which include *delineating the briefs to be filed* and the maximum number of pages for those briefs." ECF No. 201 at 5 (citing to ECF No. 173) (emphasis added). Plaintiffs conveniently ignore that the Court in its order *only* granted Plaintiffs leave to file "an opening brief in support of *the second motion for preliminary injunction*" and "a reply brief in support of *the second preliminary injunction motion*." ECF No. 173 at 1 (emphases added). Nowhere in the Court's order were Plaintiffs granted leave to file their Renewed Expert Motion. *See id.*

In addition, the request for appointment of a special master and an expert panel is substantively different from mandatory injunctive relief. The Renewed Expert Motion involves different legal standards, different procedural

- 11 -                                Case No. 2:24-cv-06854 SPG (ASx)
COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION
70264590

considerations, and potential ongoing Court involvement that extends beyond typical preliminary injunctive relief or the separate relief sought by Plaintiffs in their Second PI Motion. Plaintiffs' request implicates Civil Rule 53 and Evidence Rule 706, requiring separate analysis of the propriety of court-appointed neutrals, their potential roles, and the limits of their authority. Fed. R. Civ. P. 53; Fed. R. Evid. 706. These considerations alone justify treating Plaintiffs' Renewed Expert Motion as a distinct motion requiring separate opposition briefing, particularly given the significant impact such appointments would have on the County and the overall litigation process.

Plaintiffs' Renewed Expert Motion is more than "only a portion of the remedy" that Plaintiffs seek for their Second PI Motion. ECF 201 at 13. Plaintiffs readily admit that what they seek goes beyond the preliminary injunction. "Plaintiffs have requested the Court to appoint a special master and panel of court experts to: (a) provide the Court with neutral scientific advice on the Parties' competing expert evidence pertinent to this Motion, *the forthcoming motions for summary judgment, and, potentially, trial*; and (b) *assist with compliance oversight over the injunctive relief that the Court should grant the Plaintiffs*." *Id.* (emphases added). This is not simply "relief" for Plaintiffs' preliminary injunction request. It is a wholesale separate motion. Plaintiffs' claims do not pass a straight-face test. If their request for a special master and expert panel is not a request deserving of and requiring a separate motion, why did Plaintiffs earlier move separately for the same relief? *See* ECF No. 159.

Plaintiffs' claim that they "re-briefed their request to appoint a special master and expert panel in the [Second PI Motion], within the generous page limits that the County requested and the Court approved" rings hollow given Plaintiffs repeatedly incorporate argument from and cite to their initial Expert Motion within their Second PI Motion, including directing the Court to the Expert Motion for Plaintiffs' reasoning why the Court should appoint a special master and expert

- 12 -                                    Case No. 2:24-cv-06854 SPG (ASx)
COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION
70264590

panel. *See, e.g.,* ECF No. 179 at 31 ("For the reasons briefed in the NGOs' January 26, 2026 Motion To Appoint special master and expert panel ('NGOs' Expert Motion') (Dkt. 159), the Court should appoint an expert panel."); *id.* at 33 ("As the NGOs explained in their Supplemental Case Status Report (Dkt. 159), the NGOs continue to recommend the FRE 706 experts they nominated in the NGOs' Experts Motion: Anthony Spina, Jeff Alvarez, and Dr. Brian Cluer. Dkt. 159 at 12-14."); *id.* at 34 ("Accordingly, the NGOs' proposed Dr. Spies is the only expert listed by the parties that could aid the Court in considering impacts of requested relief on TWG. Dkt. 159 at 12."). Plaintiffs even incorporate their arguments from their initial Expert Motion in their *Ex Parte* Application. *See* ECF No. 201 at 16, 18.

Plaintiffs fail to meet the threshold requirement for *ex parte* relief because they have not and cannot establish that they were without fault in creating the current situation. *Mission Power Engineering Co.*, 883 F. Supp. at 493 ("Nor does plaintiff establish that it was without fault in creating whatever it is that it perceives as a crisis condition. Accordingly, the ex parte motion . . . is denied."); *Babakhanlou v. Los Angeles Cnty.*, No. CV 23-8682-MWC (JPRX), 2025 WL 2631607, at *1 (C.D. Cal. Feb. 7, 2025) ("Plaintiff clearly contributed to the 'crisis' he now seeks to avert with his ex parte filing."). Plaintiffs do not explain why they could not simply respond to the County's Second PI Opposition and separately respond to the County's Expert Motion Opposition.[3] *Babakhanlou*, No. CV 23-8682-MWC (JPRX), 2025 WL 2631607, at *1 ("In any event, there is no 'crisis' here requiring immediate attention. Plaintiff never explains why he could not simply amend his complaint.").

---

[3] The County continues to believe, as indicated by the Court, that "the appropriate time to brief these issues, if at all, is after the Court has decided that it will consider appointing one or more individuals under Federal Rule of Evidence 706 or Federal Rule of Civil Procedure 53, and the Court identifies the topics for which it is considering making an appointment." ECF No. 175 at 3.

- 13 -                                    Case No. 2:24-cv-06854 SPG (ASx)
COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION

70264590

**2.      The relief Plaintiffs seek would prejudice the County by barring it from the opportunity to brief the matter that Plaintiffs have briefed extensively.**

Plaintiffs' *Ex Parte* Application also fails because Plaintiffs have not and cannot show that they will be "irreparably prejudiced" if their *Ex Parte* Application is not granted. If any party is "irreparably prejudiced" by the situation created by Plaintiffs' behavior, it is the County.

Plaintiffs claim they "will be irreparably prejudiced if the County's Second opposition is not stricken." ECF No. 201 at 10. Yes, Plaintiffs will have to draft two responsive briefs, just as the County had to draft two responsive briefs when the Plaintiffs chose to embed their Renewed Expert Motion within their Second PI Motion and incorporate 40-plus pages of prior briefing (not including tables) into their Renewed Expert Motion. Plaintiffs' claim that "the County will have *de facto* been granted double briefing," *id.*, also rings hollow when, again, it was the Plaintiffs that decided to file two motions. Moreover, had Plaintiffs appropriately filed their Renewed Expert Motion as a standalone motion, the County would clearly have been entitled to separate opposition briefing. Plaintiffs should not be allowed to avoid the County's full and complete briefing on the issue by improperly including the Renewed Expert Motion within their Second PI Motion, a tactic that the Plaintiffs did not disclose and the Court did not authorize when establishing the briefing schedule or page-limits for the Second PI Motion. Finally, as discussed above, Plaintiffs' illogical argument that somehow the County is in violation of the Ethics in Government Act does not hold any water. Plaintiffs are the only party asking this Court to consider the opinions of Mr. Spina. The County objects to the inclusion of Mr. Spina in this process and was forced to address Plaintiffs' arguments by Plaintiffs' own inclusion of the information concerning Mr. Spina contained in the Renewed Expert Motion.

COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION
70264590

If any party is irreparably prejudiced here, it is the County. Plaintiffs' original brief in support of its initial Expert Motion ran to 27 pages inclusive of tables. ECF No. 159. The Court denied Plaintiffs' Expert Motion without prejudice *before the County had an opportunity to file an opposition*. ECF No, 163. Plaintiffs also filed two additional separate supplemental statements with further argument on the same issues, one 3 pages in length and the second 17 pages. ECF Nos. 176, 177. The County's objection to these documents was limited to 3 pages focused on the procedural impropriety of Plaintiffs' filings, based on the Court's direction to the parties that it wanted to wait to consider whether to appoint a special master or expert panel until after it had considered the briefing on Plaintiffs' Second PI Motion. ECF No. 178. In total, Plaintiffs have filed more than 60 pages in support of their request for a special master and expert panel. Plaintiffs are asking this Court to deny the County an opportunity to respond to any of this briefing, which would be unjust. Fed. R. Civ. P. 53(b)(1) ("Before appointing a master, the court must give the parties notice and an opportunity to be heard."). The Court should deny Plaintiffs' request on both equitable and procedural grounds.

### 3. The County is also prejudiced by Plaintiffs' improper argument within their *Ex Parte* Application.

The County is also prejudiced because Plaintiffs are improperly using their *Ex Parte* Application to yet again argue the substance of their misguided claim that the Court should appoint Plaintiffs' consulting expert as an unbiased Court expert. This flaunts the Court's rules and is inappropriate within an *ex parte* application. The County requests that the Court refer to the County's Expert Panel Opposition, ECF No. 182, for a complete explanation of why Plaintiffs' request for a special master and expert panel is inappropriate, but the County will also address here new substantive arguments Plaintiffs improperly included in their *Ex Parte* Application.

First, no matter how Plaintiffs try and twist their words, there is no way in which Mr. Spina can be an objective, unbiased expert for this Court. By Plaintiffs' convoluted logic, Mr. Spina's ongoing support of and advocacy for Plaintiffs would be somehow washed away by the Court appointing Mr. Spina as a court-appointed expert. Not only is this illogical, but it would completely eviscerate the ethical and conflicts-of-issue concerns that the Ethics in Government Act seeks to avoid. Plaintiffs incredulously claim that Mr. Spina should not be barred by the Ethics in Government Act's prohibitions because "(1) this citizen suit case is not a particular matter that Mr. Spina worked on while at NMFS, and (2) neither NMFS nor any other federal agency has a direct and substantial interest in this case." ECF No. 201 at 16.

Plaintiffs wrongly argue that for the prohibition of 18 U.S.C. § 207(a) to apply, Mr. Spina must somehow have worked on *this litigation* while employed at NMFS. The statute is not so limited. 18 U.S.C. § 207(i)(3) defines "particular matter" broadly to include "any investigation, application, request for a ruling or determination, rulemaking, contract, controversy, claim, charge, accusation, arrest, or judicial or other proceeding." The Code of Federal Regulations further defines the "particular matter" element. 5 C.F.R. § 2641.201(h)(1)-(5). The "[b]asic concept" is that the bar will apply to a former government employee that has worked on a "'particular matter involving a specific party or parties.'" *Id.* § 2641.201(h)(1). "Such a matter typically involves a specific proceeding affecting the legal rights of the parties or an isolatable transaction or related set of transactions between identified parties, such as a specific contract, grant, license, product approval application, enforcement action, administrative adjudication, or court case." *Id.*

In this case, Mr. Spina worked on the County's Habitat Conservation Plan ("HCP") application, and Dr. Cluer worked on the County's Waterway Management plan ("WMP") consultation and biological opinion. The County is the

COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION

70264590

specific party in both the HCP application and WMP consultation and is also the defendant in this litigation. Whether the HCP and WMP matters constitute the "same particular matter" as this litigation is governed by 5 C.F.R. § 2641.201(h)(5). That regulation states:

> The prohibition applies only to communications or appearances in connection with the same particular matter involving specific parties in which the former employee participated as a Government employee. ***The same particular matter may continue in another form or in part. In determining whether two particular matters involve specific parties are the same, all relevant factors should be considered, including the extent to which the matters involve the same basic facts, the same or related parties, related issues, the same confidential information, the amount of time elapsed.***

*Id.* (emphasis added). Contrary to Plaintiffs' position, a matter may be the "same particular matter" if there is sufficient overlap of facts, if the issues are related, if it involves the same or related parties, or if it involves the same confidential information.

Plaintiffs allege in their amended complaint that the County has violated section 9 of the ESA by (1) operating Lopez Dam without the approved HCP, (2) failing to comply with NMFS's biological opinion for the WMP, and (3) failing to address alleged fish impediments in Arroyo Grande Creek, which are the subject of other biological opinions that Mr. Spina was NMFS's primary contact for (Biddle and Seismic Retrofit). *See* ECF No. 65. This litigation constitutes the same matters as what Mr. Spina and Dr. Cluer worked on at NMFS because their agency matters are at the core of Plaintiffs' claims. Even though the matters have "continue[d] in another form" (changing from agency review of an application and issuing a biological opinion to citizen suit litigation over compliance), under the Ethics in Government Act they are considered the same matter. As DOJ noted in its February 2026 letter to the Court, DOJ reviews *Touhy* requests to provide expert testimony "with heightened scrutiny due to the significant risk of such testimony relying on confidential or deliberative government information." ECF No. 174-1 at

COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION

70264590

5. DOJ stated that such requests "are generally only granted in 'exceptional circumstances' and "[g]iven these concerns . . . the Services are unlikely to authorize testimony from current Service employees or former employees who worked personally and substantially on the Lopez Dam matter." *Id.* (citing 15 C.F.R. § 15.14(g)(1)–(2)(i)). DOJ further advised that the appointment of a former employee as special master or expert would implicate the Ethics in Government Act and that under Ethics in Government Act regulations, "a court should only order a former employee to which Ethics in Government Act applies to provide exert testimony in 'extraordinary circumstances' like 'where no other equivalent expert testimony can be obtained and an employee's prior involvement in the matter would not cause her testimony to have an undue influence on proceedings." *Id.* (citing 5 C.F.R. § 2641.301(f)). DOJ concluded "the Services are confident that, should the Court determine it would like to appoint an expert to assist it . . . experts that do not raise such serious ethical and institutional concerns could advise the Court equally well." *Id.*

Plaintiffs also wrongly argue that because USFWS and NMFS have not joined the litigation, those agencies have indicated they do not have a direct and substantial interest in this matter. Nothing could be further from the truth. First, the agencies themselves determine whether they have a direct and substantial interest, not Plaintiffs. *See* 5 C.F.R. § 2641.201(j) (addressing the element of the United States' interest in a matter). Second, NMFS, USFWS, and DOJ have written letters demonstrating their significant interest in addressing this matter through the Section 10 HCP process. ECF Nos. 72-1, 78-1, 174-1. The agencies have repeatedly indicated that the HCP process is the efficient and effective path forward. *Id.* Third, as explained in a recently filed declaration, NMFS and USFWS are actively engaged in discussions with the County regarding processing and approval of the County's HCP. ECF No. 192, ¶ 33.

DOJ further advised in its February 2026 letter that if NMFS and USFWS approve the pending HCP and issue the resultant incidental take permit, it will moot this litigation. ECF No. 174-1 at 2; *see also* 16 U.S.C. § 1536(o)(2) (explaining that any take of listed species that complies with the terms and conditions of an incidental take statement is authorized); *Ramsey v. Kantor*, 96 F.3d 434, 441 (9th Cir. 1996) ("any taking—whether by a federal agency, private applicant, or other party—that complies with the conditions set forth in the incidental take statement is permitted."); *Defs. of Wildlife v. Zinke*, 856 F.3d 1248, 1253 (9th Cir. 2017) (compliance with terms of incidental take statement exempts activity from section 9's take prohibition); *Wild Equity Inst. v. City & Cnty. of San Francisco*, No. C 11-00958, 2012 WL 6082665, at *3 (N.D. Cal. Dec. 6, 2012) ("'case law confirms that issuance of a Biological Opinion, with an ITS, moots ESA Section 9 claims'" (quoting *Oregon Wild v. Connor*, No. 6:09-CV-00185, 2012 WL 3756327, at *2 (D. Or. Aug. 27, 2012))). Contrary to Plaintiffs' claims, NMFS and USFWS have a direct and substantial interest in this matter because they are the agencies authorized to approve and administer HCPs and biological opinions, and they want to proceed with the County's HCP process. They have a direct and substantial interest in the outcome of this case, because it could impact and interfere with the HCP process underway.

## V. CONCLUSION

The Court should deny Plaintiffs' frivolous request for *ex parte* relief. Plaintiffs cannot escape that their conduct in filing two distinct motions in one document and incorporating 40-plus pages of prior briefing created the purported "crisis" they now seek to avoid. Nor can they avoid the fact that it is the County, not Plaintiffs, who has been prejudiced by the Plaintiffs' actions. Any concerns about the overlength Second PI Opposition is dealt with by the Stipulation. The County affirmatively offered to Plaintiffs that it would agree to refile its opposition brief to ensure all tables were inclusive of the 45-page limit and Plaintiffs agreed.

COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION

70264590

Plaintiffs ignore that they have the opportunity to respond to the County's Expert Panel Opposition under the Court's existing rules without the need for any *ex parte* relief.

The Court should also not strike any of the County's briefing. The County's disclosure of specific portions of the redacted Spina Letter was a lawful way to demonstrate that Plaintiffs are purposely misleading this Court as to the real relationship between Mr. Spina and Plaintiffs. And the County did not violate the Ethics in Government Act by disclosing the Spina Letter because the County has not represented Mr. Spina's opinions or views to the Court. Indeed, the County believes Mr. Spina is barred by the Ethics in Government Act from offering his opinions in this case.

The Court should deny Plaintiffs' *Ex Parte* Application.

Date:    April 13, 2026

NOSSAMAN LLP
PAUL S. WEILAND
BENJAMIN Z. RUBIN
ELIZABETH KLEBANER
KATHERINE L. FELTON
BRIAN FERRASCI-O'MALLEY

By: */s/ Paul S. Weiland*
        Paul S. Weiland

*Attorneys for Defendant*
*COUNTY OF SAN LUIS OBISPO*

COUNTY'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION

70264590